# U.S. District Court
# Eastern District of Missouri (St. Louis)
# CIVIL DOCKET FOR CASE #: <u>4:18−cv−01364−SPM</u>

Ball−Bey v. Chandler

Assigned to: Magistrate Judge Shirley Padmore Mensah

Cause: 42:1983 Prisoner Civil Rights

Date Filed: 08/17/2018

Date Terminated: 02/03/2025

Jury Demand: Both

Nature of Suit: 550 Prisoner: Civil Rights

Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**Dennis Ball−Bey**      represented by    **James R. Wyrsch**
KHAZAELI WYRSCH LLC
911 Washington Avenue
Suite 211
St. Louis, MO 63101
314−288−0777
Email: <u>james.wyrsch@kwlawstl.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Javad M. Khazaeli**
KHAZAELI WYRSCH LLC
911 Washington Avenue
Suite 211
St. Louis, MO 63101
314−288−0777
Fax: 314−400−7701
Email: <u>javad.khazaeli@kwlawstl.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Jermaine Wooten**
THE LEGAL SOLUTIONS GROUP
10250 Halls Ferry
St. Louis, MO 63136
314−736−5770
Fax: 314−736−5772
Email: <u>wootenjlaw1@aol.com</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**John McCann Waldron**

KHAZAELI WYRSCH LLC
911 Washington Avenue
Suite 211
St. Louis, MO 63101
314–288–0777
Email: jack.waldron@kwlawstl.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Alicia Campbell**
CAMPBELL LAW LLC
222 S. Meramec Avenue
Suite 202
St. Louis, MO 63105
8885885043
Fax: 314–588–9188
Email: alicia@campbelllawllc.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Daniel Dailey**
KINGDOM LITIGATORS INC –
Chicago
500 N. Michigan Avenue
Suite 536
Chicago, IL 60611
312–278–4000
Email: ddailey@kglit.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Phv*

**Tobara Richardson**
KINGDOM LITIGATORS INC –
Chicago
500 N. Michigan Avenue
Suite 536
Chicago, IL 60611
312–912–2200
Fax: 312–277–3370
Email: TRichardson@kglit.com
*TERMINATED: 06/06/2022*
*PRO HAC VICE*
*Designation: Retained*
*Bar Status: Phv*

V.

**Defendant**

**Kyle Chandler**
*Police Officer, in his individual capacity*

represented by **Abby J. Duncan**
ST. LOUIS CITY COUNSELOR'S
OFFICE
1200 Market Street
Room 314
St. Louis, MO 63103
314–622–3361
Fax: 314–622–4956
Email: duncana@stlouis–mo.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: State / Local Government*
*Bar Status: Gov*

**Robert T. Plunkert**
PITZER SNODGRASS PC
100 S. Fourth Street
Suite 400
St. Louis, MO 63102–1821
314–335–1306
Fax: 314–335–1306
Email: plunkert@pspclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Active*

**Andrew David Wheaton**
ST. LOUIS CITY COUNSELOR'S
OFFICE
1200 Market Street
Room 314
St. Louis, MO 63103
314–622–4594
Email: wheatona@stlouis–mo.gov
*TERMINATED: 12/11/2024*
*ATTORNEY TO BE NOTICED*
*Designation: State / Local Government*
*Bar Status: Active*

**Brandon D. Laird**
CHILDRESS AHLHEIM CARY LLC
1699 S. Hanley Road
Suite 210
St. Louis, MO 63144
314–621–9800
Email: brandon@caclawfirm.com
*TERMINATED: 08/02/2024*
*Designation: Retained*
*Bar Status: Active*

**Erin K. McGowan**

ST. LOUIS CITY COUNSELOR'S
OFFICE
1200 Market Street
Room 314
St. Louis, MO 63103
314–719–6315
Fax: 314–622–4956
Email: mcgowane@stlouis–mo.gov
*TERMINATED: 04/21/2022*
*Designation: State / Local Government*
*Bar Status: Gov*

**Lawrence L. Pratt**
ST LOUIS CITY COUNSELORS
OFFICE
1200 Market Street
Room 314
St. Louis, MO 63103
314–622–3361
Email: lpratt@stlouiscountymo.gov
*TERMINATED: 06/25/2024*
*Designation: Retained*
*Bar Status: Active*

**Rachael Hagan**
ST. LOUIS CITY COUNSELOR'S
OFFICE
1200 Market Street
Room 314
St. Louis, MO 63103
314–622–4210
Email: haganr@stlouis–mo.gov
*ATTORNEY TO BE NOTICED*
*Designation: State / Local Government*
*Bar Status: Gov*

**Rebecca Sandberg–Vossmeyer**
NATHAN AND KAMIONSKI LLP – St.
Louis
4220 Duncan Avenue
Suite 201
St. Louis, MO 63110
314–580–1302
Email: rvossmeyer@nklawllp.com
*TERMINATED: 01/30/2026*
*Designation: State / Local Government*
*Bar Status: Active*

**Defendant**

**Ronald Vaughn**                                        represented by  **Brandon D. Laird**
*Police Officer, in his individual capacity*                          (See above for address)
*TERMINATED: 08/04/2023*                                              *TERMINATED: 08/02/2024*

*Designation: Retained*
*Bar Status: Active*

**Erin K. McGowan**
(See above for address)
*TERMINATED: 04/21/2022*
*Designation: State / Local Government*
*Bar Status: Gov*

**Lawrence L. Pratt**
(See above for address)
*TERMINATED: 06/25/2024*
*Designation: Retained*
*Bar Status: Active*

**Rebecca Sandberg–Vossmeyer**
(See above for address)
*TERMINATED: 01/30/2026*
*Designation: State / Local Government*
*Bar Status: Active*

**Defendant**

**Sam Dotson**                                      represented by   **Brandon D. Laird**
*Former Police Chief*                                               (See above for address)
*TERMINATED: 11/16/2020*                                           *TERMINATED: 08/02/2024*
                                                                   *Designation: Retained*
                                                                   *Bar Status: Active*

**Erin K. McGowan**
(See above for address)
*TERMINATED: 04/21/2022*
*Designation: State / Local Government*
*Bar Status: Gov*

**Lawrence L. Pratt**
(See above for address)
*TERMINATED: 06/25/2024*
*Designation: Retained*
*Bar Status: Active*

**Defendant**

**St. Louis, City of**                              represented by   **Andrew David Wheaton**
*TERMINATED: 09/07/2023*                                            (See above for address)
                                                                   *TERMINATED: 12/11/2024*
                                                                   *ATTORNEY TO BE NOTICED*
                                                                   *Designation: State / Local Government*
                                                                   *Bar Status: Active*

**Brandon D. Laird**
(See above for address)
*TERMINATED: 08/02/2024*

*Designation: Retained*
*Bar Status: Active*

**Erin K. McGowan**
(See above for address)
*TERMINATED: 04/21/2022*
*Designation: State / Local Government*
*Bar Status: Gov*

**Lawrence L. Pratt**
(See above for address)
*TERMINATED: 06/25/2024*
*Designation: Retained*
*Bar Status: Active*

Email All Attorneys
(will not send to terminated parties)

Email All Attorneys and Additional Recipients
(will not send to terminated parties)

| Date Filed | # | Docket Text |
|---|---|---|
| 08/17/2018 | 1 | COMPLAINT against All Defendants with receipt number 0865−6703838, in the amount of $400 Jury Demand, filed by Dennis Ball−Bey. (Attachments: # 1 Civil Cover Sheet, Civil Cover Sheet, # 2 Original Filing Form, Original FIling Form, # 3 Summons Notice of a Lawsuit and Request to Waive Service of a Summons , # 4 Waiver of Service of Summons)(Wooten, Jermaine) Modified on 8/20/2018 (MFG). (Entered: 08/17/2018) |
| 08/20/2018 | | Case Opening Notification: Waivers issued 4. All parties must file the Notice Regarding Magistrate Judge Jurisdiction Form consenting to or opting out of the Magistrate Judge jurisdiction. Click here for the instructions. Judge Assigned: Honorable Shirley P. Mensah. (MFG) (Entered: 08/20/2018) |
| 08/20/2018 | 2 | Pursuant to Local Rule 2.08, the assigned/referred magistrate judge is designated and authorized by the court to exercise full authority in this assigned/referred action or matter under 28 U.S.C. Sec. 636 and 18 U.S.C Sec. 3401, including any case budgeting matters. (CSAW) (Entered: 08/20/2018) |
| 10/16/2018 | 3 | ENTRY of Appearance by Erin K. McGowan for Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (McGowan, Erin) (Entered: 10/16/2018) |
| 10/16/2018 | 4 | MOTION to Dismiss Party by Defendant Sam Dotson. (McGowan, Erin) (Entered: 10/16/2018) |
| 10/16/2018 | 5 | MEMORANDUM in Support of Motion re 4 MOTION to Dismiss Party filed by Defendant Sam Dotson. (McGowan, Erin) (Entered: 10/16/2018) |
| 10/16/2018 | 6 | MOTION to Dismiss Party by Defendant St. Louis, City of. (McGowan, Erin) (Entered: 10/16/2018) |
| 10/16/2018 | 7 | MEMORANDUM in Support of Motion re 6 MOTION to Dismiss Party filed by Defendant St. Louis, City of. (McGowan, Erin) (Entered: 10/16/2018) |
| 10/16/2018 | 8 | ANSWER to 1 Complaint, by Kyle Chandler.(McGowan, Erin) (Entered: 10/16/2018) |

| | | |
|---|---|---|
| 10/16/2018 | 9 | ANSWER to 1 Complaint, by Ronald Vaughn.(McGowan, Erin) (Entered: 10/16/2018) |
| 10/24/2018 | 10 | First MOTION for Extension of Time to File Response/Reply by Plaintiff Dennis Ball−Bey. (Wooten, Jermaine) (Entered: 10/24/2018) |
| 10/25/2018 | 11 | Docket Text ORDER: Re: 10 First MOTION for Extension of Time up to and including November 7, 2018, to File Response by Plaintiff Dennis Ball−Bey ; ORDERED GRANTED( Response due by 11/7/2018.) Signed by Magistrate Judge Shirley Padmore Mensah on 10/25/18. (KXS) (Entered: 10/25/2018) |
| 10/30/2018 | 12 | FULL CONSENT has been received by Plaintiff Dennis Ball−Bey, Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (KEK) (Entered: 10/30/2018) |
| 11/01/2018 | 13 | ORDER SETTING RULE 16 CONFERENCE: This case is assigned to Track: 2. Joint Scheduling Plan due by 11/27/2018. Rule 16 Conference set for 12/4/2018 09:30 AM in Chambers before Magistrate Judge Shirley Padmore Mensah. [SEE ORDER FOR MORE DETAILS] Signed by Magistrate Judge Shirley Padmore Mensah on 11/1/18. (KEK) (Entered: 11/01/2018) |
| 11/07/2018 | 14 | RESPONSE to Motion re 6 MOTION to Dismiss Party , 4 MOTION to Dismiss Party filed by Plaintiff Dennis Ball−Bey. (Wooten, Jermaine) (Entered: 11/07/2018) |
| 11/14/2018 | 15 | REPLY to Response to Motion re 6 MOTION to Dismiss Party filed by Defendant St. Louis, City of. (McGowan, Erin) (Entered: 11/14/2018) |
| 11/27/2018 | 16 | JOINT SCHEDULING PLAN by Plaintiff Dennis Ball−Bey. *and Defendants*. (Wooten, Jermaine) (Entered: 11/27/2018) |
| 12/04/2018 | 17 | MINUTE ENTRY for proceedings held before Magistrate Judge Shirley Padmore Mensah: Rule 16 Conference held on 12/4/2018. Conference held in person. CMO to issue. (proceedings started: 9:35 a.m.) (proceedings ended: 10:10 a.m.) (ARL) (Entered: 12/04/2018) |
| 12/04/2018 | 18 | CASE MANAGEMENT ORDER This case is assigned to Track: 2 Motion to Join Parties due by 4/4/2019. Discovery Completion due by 10/4/2019. Non−Dispositive Motions due by 10/14/2019. ADR Future Reference 10/3/2019. Dispositive Motions due by 12/4/2019. Jury Trial set for 6/1/2020 09:00 AM in Courtroom 13S before Magistrate Judge Shirley Padmore Mensah. Status Conference set for 9/12/2019 10:00 AM before Magistrate Judge Shirley Padmore Mensah. Signed by Magistrate Judge Shirley Padmore Mensah on 12/4/18. (KEK) (Entered: 12/04/2018) |
| 12/04/2018 | 19 | ORDER REFERRING CASE to Alternative Dispute Resolution. This case is referred to: Mediation Designation of Lead Counsel: Jermaine Wooten ADR Completion Deadline due by 12/3/2019. ADR Compliance Report Deadline due by 12/23/2019. Designation of Neutral/Conference Report due by 10/24/2019.. Signed by Magistrate Judge Shirley Padmore Mensah on 12/4/18. (KEK) (Entered: 12/04/2018) |
| 01/03/2019 | 20 | MOTION for Leave to Appear Pro Hac Vice Daniel A. Dailey. The Certificate of Good Standing was attached.(Filing fee $100 receipt number 0865−6955752) by Plaintiff Dennis Ball−Bey. (Attachments: # 1 Certificate of Good Standing)(Dailey, Daniel) (Entered: 01/03/2019) |
| 01/03/2019 | 21 | AMENDED COMPLAINT against defendant Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn jury demand, , filed by Dennis Ball−Bey.(Wooten, Jermaine) (Entered: 01/03/2019) |

| 01/04/2019 | 22 | ORDER IT IS HEREBY ORDERED that the Motion to Dismiss Counts IV and V filed by Defendant D. Samuel Dotson (Doc. 4 ) is DENIED as moot. IT IS FURTHER ORDERED that the Motion to Dismiss Counts III and V filed by Defendant City of St. Louis (Doc. 6 ) is DENIED as moot. Signed by Magistrate Judge Shirley Padmore Mensah on 1/4/19. (KXS) (Entered: 01/04/2019) |
|---|---|---|
| 01/04/2019 | 23 | Docket Text ORDER: Re: 20 MOTION for Leave to Appear Pro Hac Vice Daniel A. Dailey filed by Dennis Ball–Bey ; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 1/4/19. (KXS) (Entered: 01/04/2019) |
| 01/11/2019 | 24 | ENTRY of Appearance by Brandon D. Laird for Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (Laird, Brandon) (Entered: 01/11/2019) |
| 01/17/2019 | 25 | MOTION to Dismiss Party by Defendants Sam Dotson, St. Louis, City of. (Laird, Brandon) (Entered: 01/17/2019) |
| 01/17/2019 | 26 | MEMORANDUM in Support of Motion re 25 MOTION to Dismiss Party filed by Defendants Sam Dotson, St. Louis, City of. (Laird, Brandon) (Entered: 01/17/2019) |
| 01/17/2019 | 27 | MOTION to Dismiss :Count II by Defendants Kyle Chandler, Ronald Vaughn. (Laird, Brandon) (Entered: 01/17/2019) |
| 01/17/2019 | 28 | MEMORANDUM in Support of Motion re 27 MOTION to Dismiss :Count II filed by Defendants Kyle Chandler, Ronald Vaughn. (Laird, Brandon) (Entered: 01/17/2019) |
| 01/17/2019 | 29 | ANSWER to 21 Amended Complaint by Kyle Chandler, Ronald Vaughn.(Laird, Brandon) (Entered: 01/17/2019) |
| 01/24/2019 | 30 | First MOTION for Extension of Time to File Response/Reply *to Defendant's motion to dismiss* by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) (Entered: 01/24/2019) |
| 01/25/2019 | 31 | MOTION to Withdraw as Attorney ;attorney/firm Erin K McGowan by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (McGowan, Erin) (Entered: 01/25/2019) |
| 01/25/2019 | 32 | Docket Text ORDER: Re: 30 First MOTION for Extension of Time to File Response/Reply *to Defendant's motion to dismiss* by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) filed by Dennis Ball–Bey ; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 1/25/19. (KEK) (Entered: 01/25/2019) |
| 01/25/2019 | 33 | Docket Text ORDER: Re: 31 MOTION to Withdraw as Attorney ;attorney/firm Erin K McGowan by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (McGowan, Erin) filed by St. Louis, City of, Kyle Chandler, Sam Dotson, Ronald Vaughn ; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 1/25/19. (KEK) (Entered: 01/25/2019) |
| 02/07/2019 | 34 | RESPONSE to Motion re 25 MOTION to Dismiss Party , 27 MOTION to Dismiss :Count II filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit release form)(Wooten, Jermaine) (Entered: 02/07/2019) |
| 02/14/2019 | 35 | REPLY to Response to Motion re 27 MOTION to Dismiss :Count II filed by Defendants Kyle Chandler, Ronald Vaughn. (Laird, Brandon) (Entered: 02/14/2019) |
| 02/14/2019 | 36 | REPLY to Response to Motion re 25 MOTION to Dismiss Party filed by Defendants Sam Dotson, St. Louis, City of. (Laird, Brandon) (Entered: 02/14/2019) |
| 03/26/2019 | 37 | |

| | | |
|---|---|---|
| | | NOTICE of Filing of Motion to consolidated by Plaintiff Dennis Ball–Bey with case number 18–cv–00518 and 19–cv–00183 (Attachments: # 1 Exhibit Filed Motion to Consolidate, # 2 Exhibit A– Memorandum In Support, # 3 Exhibit B– City Rec Policy, # 4 Exhibit C– Higgins Deposition, # 5 Exhibit D–Manual Filing, # 6 Exhibit E– Corr. between City, # 7 Exhibit 1–Mahdi Complaint, # 8 Exhibit 2–Ball–Bey Complaint, # 9 Exhibit 3– White Complaint, # 10 Exhibit 4 Dailey Declaration)(Dailey, Daniel) (Entered: 03/26/2019) |
| 05/21/2019 | | NOTICE: IF YOU HAVE ALREADY UPGRADED YOUR PACER ACCOUNT YOU CAN DISREGARD THIS NOTICE. IF YOU DO NOT UPGRADE YOU WILL NOT BE ABLE TO FILE IN THE SYSTEM AFTER MAY 31, 2019. PLEASE UPGRADE IMMEDIATELY. If you are using a shared account to file cases, you will need to create an individual account; instructions can be found at:https://www.moed.uscourts.gov/sites/moed/files/Register–for–New–PACER–account.pdf. If you already have an individual account, it will need to be upgraded; instructions can be found https://www.moed.uscourts.gov/sites/moed/files/Upgrade–Current–PACER–Account.pdf. If you need further assistance contact the MOED CM/ECF Help Desk at 314–244–7650 or moedml_cmecf_help@moed.uscourts.gov. (CSAW) (Entered: 05/21/2019) |
| 08/22/2019 | 38 | First MOTION for Hearing *STATUS CONFERENCE* by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) (Entered: 08/22/2019) |
| 08/23/2019 | 39 | ORDER: IT IS HEREBY ORDERED that counsel for the parties shall appear by telephone for a status conference on Tuesday, August 27, 2019, at 11:00 a.m., using the following conference call information [SEE ORDER FOR COMPLETE INFORMATION]. ( Telephone Conference set for 8/27/2019 11:00 AM in Telephone before Magistrate Judge Shirley Padmore Mensah.) Signed by Magistrate Judge Shirley Padmore Mensah on 08/23/2019. (KCB) (Entered: 08/23/2019) |
| 08/27/2019 | 40 | ENTRY of Appearance by Erin K. McGowan for Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (McGowan, Erin) (Entered: 08/27/2019) |
| 08/27/2019 | 41 | ELECTRONIC MINUTE ENTRY for proceedings held before Magistrate Judge Shirley Padmore Mensah: Telephone Conference held on 8/27/2019. Counsel appeared by telephone to discuss the appropriate scope of discovery pending a ruling on the motions to dismiss and motions to consolidate. An order will follow. (proceedings started: 11:00) (proceedings ended: 11:30) (NEP) (Entered: 08/27/2019) |
| 08/27/2019 | 42 | ORDER... IT IS HEREBY ORDERED that the parties will meet, confer, and submit a joint proposed discovery plan regarding the scope of discovery pending a ruling on the motion to consolidate no later than Thursday, September 5, 2019. Any areas of disagreement should be identified in the joint proposed discovery plan. The Court will hold a second telephone status conference to discuss the proposed discovery plan if requested by the parties or if the Court finds such a conference necessary after reviewing the plan. Signed by Magistrate Judge Shirley Padmore Mensah on 8/27/2019. (NEP) (Entered: 08/27/2019) |
| 09/05/2019 | 43 | JOINT SCHEDULING PLAN by Plaintiff Dennis Ball–Bey. . (Attachments: # 1 Exhibit A Proposed ESI Stipulation, # 2 Exhibit Pl. Unserved Draft RFP)(Dailey, Daniel) (Entered: 09/05/2019) |
| 09/06/2019 | 44 | ORDER...IT IS HEREBY ORDERED that counsel for the parties shall appear by telephone for a status conference on Thursday, September 12, 2019, at 10:00 a.m., to discuss the Proposed Discovery Plan and related issues. The conference will held on the |

| | | |
|---|---|---|
| | | record in the courtroom of the undersigned. (Telephone Conference set for 9/12/2019 10:00 AM in Courtroom 13S before Magistrate Judge Shirley Padmore Mensah.). Signed by Magistrate Judge Shirley Padmore Mensah on 9/6/2019. (NEP) (Entered: 09/06/2019) |
| 09/12/2019 | 45 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Telephone Conference held on 9/12/2019. Discovery to remain open in regards to the excessive force claim to continue, order to issue. (proceedings started: 10:03 a.m.) (proceedings ended: 10:27 a.m.)(FTR Gold Operator initials: K. Kratzer)(Appearance for Plaintiff: Daniel Dailey & Jermaine Wooten)(Appearance for Defendant: Brandon Laird & Erin McGowan) (KEK) (Entered: 09/12/2019) |
| 09/13/2019 | 46 | ORDER – IT IS HEREBY ORDERED that Defendants request to stay all discovery and/or to limit discovery to the events of August 19, 2015, is DENIED. IT IS FURTHER ORDERED that to avoid unnecessarily delaying proceedings in this case, by no later than December 1, 2019, at a minimum, the parties must complete all discovery related to Plaintiffs excessive force claims against Defendants Chandler and Vaughn in both their individual and official capacity. IT IS FINALLY ORDERED that the Court will set a scheduling conference should the motion to consolidate pending in White v. City of St. Louis, et al., 4:18−CV−518 be denied. Signed by Magistrate Judge Shirley Padmore Mensah on 9/13/19. (KJS) (Entered: 09/13/2019) |
| 10/28/2019 | 47 | Electronic Notice of Noncompliance: Review of case shows the Designation of Neutral/ADR conference report has not been filed and such filing was due on 10/24/19. A written motion requesting an extension of the designation of neutral/ADR conference report filing deadline must be filed with the court within 5 days. Notice only, no.pdf attached.(KEK) (Entered: 10/28/2019) |
| 11/05/2019 | 48 | First MOTION for Extension of: TIME TO FILE THE DESIGNATION OF NEUTRAL/ADR CONFERENCE REPORT by Plaintiff Dennis Ball−Bey. (Wooten, Jermaine) (Entered: 11/05/2019) |
| 11/06/2019 | 49 | Docket Text ORDER: Re: 48 First MOTION for Extension of: TIME TO FILE THE DESIGNATION OF NEUTRAL/ADR CONFERENCE REPORT by Plaintiff Dennis Ball−Bey. (Wooten, Jermaine) filed by Dennis Ball−Bey; ORDERED GRANTED. Designation of Neutral/Conference Report due by 3/1/2020. Signed by Magistrate Judge Shirley Padmore Mensah on 11/6/19. (KEK) (Entered: 11/06/2019) |
| 11/14/2019 | 50 | MEMORANDUM AND ORDER : IT IS HEREBY ORDERED that the Court GRANTS Plaintiff Jamal White's Motion to Consolidate 67 and Motion to Consolidate 104 .IT IS FURTHER ORDERED that this case is consolidated with Scruggs v. City of St. Louis, et al., No. 4:19−cv−00948 RWS, Mahdi, et al. v. Bush, et al., No. 4:19−cv−00183 HEA, and Ball−Bey v. Chandler, et al., No. 4:18−cv−01364 SPM.. Signed by District Judge Stephen R. Clark on 11/14/19. (KKS) (Entered: 11/14/2019) |
| 11/14/2019 | 51 | MEMORANDUM AND ORDER: IT IS HEREBY ORDERED that Defendant City of St. Louis and D. Samuel Dotson's Motion to Dismiss Counts I, II, IV and IV 25 is GRANTED. The Court dismisses all claims against the City, and the claims against Dotson in his official capacity. St. Louis, City of terminated.. Signed by District Judge Stephen R. Clark on 11/14/19. (KKS) (Entered: 11/14/2019) |
| 11/14/2019 | 52 | ORDER: IT IS HEREBY ORDERED that the Court directs the Clerk of the Court to unconsolidate White v. City of St. Louis, et al., No. 4:18−cv−00518 SRC, Scruggs v. City of St. Louis, et al., No. 4:19−cv−00948 RWS, Mahdi, et al. v. Bush, et al., No. 4:19−cv−00183 HEA, and Ball−Bey v. Chandler, et al., No. 4:18−cv−01364 SPM.. |

| | | |
|---|---|---|
| | | Signed by District Judge Stephen R. Clark on 11/14/19. (KKS) (Entered: 11/14/2019) |
| 11/16/2019 | 53 | First MOTION for Hearing *Telephone Status Conference* by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) (Entered: 11/16/2019) |
| 11/18/2019 | 54 | ORDER: IT IS HEREBY ORDERED that Plaintiff's Consent Motion for a Telephone Status Conference 53 is GRANTED. IT IS FURTHER ORDERED that counsel for the parties shall appear by telephone for a status conference on Tuesday, November 19, 2019, at 10:00 a.m., using the following conference call information:USA Toll–Free Number: (888) 363–4735; Access Code: 3329658. Signed by Magistrate Judge Shirley Padmore Mensah on 11/18/19. (KEK) (Entered: 11/18/2019) |
| 11/19/2019 | 55 | ORDER: IT IS HEREBY ORDERED that Plaintiff must file a motion for leave to file an amended complaint, along with a proposed amended complaint, no later than January 21, 2020. IT IS FURTHER ORDERED that Defendant's response to Plaintiff's motion for leave to file an amended complaint must be filed no later than fourteen (14) days after the motion for leave to amend. Signed by Magistrate Judge Shirley Padmore Mensah on 11/19/19. (KEK) (Entered: 11/19/2019) |
| 11/19/2019 | 56 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Status Conference held on 11/19/2019. Discussion held regarding the status of the case and scheduling matters. (proceedings started: 10:05 a.m.) (proceedings ended: 11:05 a.m.) (KEK) (Entered: 11/20/2019) |
| 01/21/2020 | 57 | First MOTION for Extension of Time to Amend *Complaint* by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) (Entered: 01/21/2020) |
| 01/22/2020 | 58 | ORDER – IT IS HEREBY ORDERED that Plaintiffs Consent Motion for Extension of Time to Amend (Doc. 57 ) is GRANTED. Plaintiff may file a motion for leave to file an amended complaint, along with a proposed amended complaint, no later than Tuesday, February 4, 2020. No further extensions of time will be granted absent a showing of extraordinary circumstances.IT IS FURTHER ORDERED that Defendants response to Plaintiffs motion for leave to file an amended complaint shall be filed no later than fourteen (14) days after the motion for leave to amend.( Amended/Supplemental Pleadings due by 2/4/2020.). Signed by Magistrate Judge Shirley Padmore Mensah on 01/22/2020. (AAS) (Entered: 01/22/2020) |
| 02/04/2020 | 59 | First MOTION for Leave to Amend by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit 1, # 2 Exhibit A, # 3 Exhibit B)(Dailey, Daniel) (Entered: 02/04/2020) |
| 02/06/2020 | 60 | Docket Text ORDER: Re: 59 First MOTION for Leave to Amend by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit 1, # 2 Exhibit A, # 3 Exhibit B)(Dailey, Daniel) filed by Dennis Ball–Bey ; ORDERED Defendants response to Plaintiffs Motion for Leave to Amend (Doc. 59 ) shall be filed no later than Tuesday, February 18, 2020. (Response to Court due by 2/18/2020.). Signed by Magistrate Judge Shirley Padmore Mensah on 2/6/20. (KJS) (Entered: 02/06/2020) |
| 02/18/2020 | 61 | MOTION for Extension of Time to File Response/Reply as to 59 First MOTION for Leave to Amend by Defendants Kyle Chandler, Ronald Vaughn. (Laird, Brandon) (Entered: 02/18/2020) |
| 02/20/2020 | 62 | Docket Text ORDER: Re: 61 MOTION for Extension of Time, up to and including February 28, 2020. to File Response as to 59 First MOTION for Leave to Amend by Defendants Kyle Chandler, Ronald Vaughn. (Laird, Brandon) filed by Kyle Chandler, Ronald Vaughn ; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore |

| | | Mensah on February 20, 2020. (MCB) (Entered: 02/20/2020) |
|---|---|---|
| 02/28/2020 | 63 | MEMORANDUM in Opposition re 59 First MOTION for Leave to Amend filed by Defendants Kyle Chandler, Ronald Vaughn. (Laird, Brandon) (Entered: 02/28/2020) |
| 03/02/2020 | 64 | Electronic Notice of Noncompliance to Review of case shows the Designation of Neutral/ADR conference report has not been filed. A written motion requesting an extension of the designation of neutral/ADR conference report filing deadline must be filed with the court within 5 days. Notice only, no.pdf attached. Designation of Neutral/Conference Report due by 3/9/2020.(AAT) (Entered: 03/02/2020) |
| 03/06/2020 | 65 | REPLY to Response to Motion re 59 First MOTION for Leave to Amend filed by Plaintiff Dennis Ball−Bey. (Attachments: # 1 Exhibit A)(Dailey, Daniel) (Entered: 03/06/2020) |
| 03/09/2020 | 66 | Second MOTION for Extension of: TIME TO FILE THE DESIGNATION OF NEUTRAL/ADR CONFERENCE REPORT by Plaintiff Dennis Ball−Bey. (Wooten, Jermaine) (Entered: 03/09/2020) |
| 04/09/2020 | 67 | First MOTION for Extension of Time to File ;Extension to file the following: ADR CONFERENCE REPORT ;Proposed extension date JULY 1, 2020 by Plaintiff Dennis Ball−Bey. (Wooten, Jermaine) (Entered: 04/09/2020) |
| 04/10/2020 | | Judge Mensah enters a Standing Order in all of her cases as follows: See Order for details https://www.moed.uscourts.gov/judge/shirley−padmore−mensah. (CSAW) (Entered: 04/10/2020) |
| 04/24/2020 | 68 | Docket Text ORDER: IT IS HEREBY ORDERED that Plaintiffs Consent Motion for Extension of Time to File the Designation of Neutral/ADR Conference Report (Doc. 67) is GRANTED. IT IS FURTHER ORDERED that Plaintiffs previous Consent Motion for Extension of Time to File the Designation of Neutral/ADR Conference Report (Doc. 66) is DENIED AS MOOT. ( Designation of Neutral/Conference Report due by 7/1/2020.) Signed by Magistrate Judge Shirley Padmore Mensah on April 24, 2020. (MCB) (Entered: 04/24/2020) |
| 05/08/2020 | 69 | MEMORANDUM AND ORDER – IT IS HEREBY ORDERED that the Motion to Dismiss Count II filed by Defendants Kyle Chandler and Ronald Vaughn (Doc. 27 ) is GRANTED IN PART and DENIED IN PART. With respect to the assault and battery claims, the motion is GRANTED. With respect to the wrongful death claim, the motion is DENIED.. Signed by Magistrate Judge Shirley Padmore Mensah on 05/08/2020. (AAT) (Entered: 05/08/2020) |
| 05/08/2020 | 70 | MEMORANDUM AND ORDER – IT IS HEREBY ORDERED that Plaintiffs Motion for Leave to Amend Pursuant to Fed. R. Civ. P. 15(a)(2) (Doc. 59 ) is GRANTED.IT IS FURTHER ORDERED that the parties must meet and confer (by telephone or video conference) and submit a proposed Amended Case Management Plan no later than May 22, 2020. The undersigned will hold a video or telephone scheduling conference on Tuesday, June 2, 2020, at 10:00 a.m., in the chambers of the undersigned. Conference participants will receive an email with dial−in instructions in advance of the hearing. Signed by Magistrate Judge Shirley Padmore Mensah on 05/08/2020. (AAT) (Entered: 05/08/2020) |
| 05/08/2020 | 71 | SECOND AMENDED COMPLAINT against defendants City of St. Louis, Kyle Chandler, Ronald Vaughn, Sam Dotson. Amendment to 21 Amended Complaint, 1 Complaint,, filed by Dennis Ball−Bey. Related document: 21 Amended Complaint filed by Dennis Ball−Bey, 1 Complaint, filed by Dennis Ball−Bey.(AAT) Modified on |

| | | |
|---|---|---|
| | | 8/9/2023 (CBL). (Entered: 05/08/2020) |
| 05/22/2020 | 72 | JOINT SCHEDULING PLAN by Plaintiff Dennis Ball−Bey. . (Dailey, Daniel) (Entered: 05/22/2020) |
| 05/22/2020 | 73 | ENTRY of Appearance by Erin K. McGowan for Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (McGowan, Erin) (Entered: 05/22/2020) |
| 05/22/2020 | 74 | MOTION to Dismiss :Plaintiff's Assault and Battery Claims by Defendants Kyle Chandler, Ronald Vaughn. (McGowan, Erin) (Entered: 05/22/2020) |
| 05/22/2020 | 75 | MEMORANDUM in Support of Motion re 74 MOTION to Dismiss :Plaintiff's Assault and Battery Claims filed by Defendants Kyle Chandler, Ronald Vaughn. (McGowan, Erin) (Entered: 05/22/2020) |
| 05/22/2020 | 76 | MOTION to Dismiss :Counts III, IV and V by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (McGowan, Erin) (Entered: 05/22/2020) |
| 05/22/2020 | 77 | MEMORANDUM in Support of Motion re 76 MOTION to Dismiss :Counts III, IV and V filed by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (McGowan, Erin) (Entered: 05/22/2020) |
| 05/22/2020 | 78 | ANSWER to 71 Amended Complaint, by Kyle Chandler.(Laird, Brandon) (Entered: 05/22/2020) |
| 05/22/2020 | 79 | ANSWER to 71 Amended Complaint, by Ronald Vaughn.(Laird, Brandon) (Entered: 05/22/2020) |
| 06/02/2020 | 80 | ELECTRONIC MINUTE ENTRY for proceedings held before Magistrate Judge Shirley Padmore Mensah: Scheduling Conference held on 6/2/2020 by video and remotely. Plaintiff represented by Attorneys Daily and Wooten. Defense represented by Attorney McGowan. Amended CMO and Amended ADR Referral Orders to be issued. (proceedings started: 10:00) (proceedings ended: 10:34) (MCB) (Entered: 06/02/2020) |
| 06/04/2020 | 81 | AMENDED CASE MANAGEMENT ORDER (See CMO for complete details.) Motion to Join Parties due by 8/30/2020. Discovery Completion due by 2/22/2021. The Court will hold a Case Status Conference on February 5, 2021 at 10:00 AM. This case shall be referred to alternative dispute resolution on July 1, 2020 and that reference shall terminate on September 1, 2020. Dispositive Motions due by 3/22/2021. Status Conference set for 2/5/2021 10:00 AM in Chambers before Magistrate Judge Shirley Padmore Mensah. ORDER RELATING TO TRIAL: This action must be ready for trial by no later than October 12, 2021. The Court will issue a separate order setting the final trial date and establishing pretrial compliance deadlines following the Case Status Hearing. Signed by Magistrate Judge Shirley Padmore Mensah on June 4, 2020. (MCB) (Entered: 06/04/2020) |
| 06/04/2020 | 82 | ORDER REFERRING CASE to Alternative Dispute Resolution. This case is referred to: Mediation. Designation of Lead Counsel: Jermaine Wooten ADR Completion Deadline due by 9/1/2020. ADR Compliance Report Deadline due by 9/15/2020. Designation of Neutral/Conference Report due by 7/22/2020. Signed by Magistrate Judge Shirley Padmore Mensah on June 4, 2020. (MCB) (Entered: 06/04/2020) |
| 06/22/2020 | 83 | MOTION for Leave to File in Excess of Page Limitation by Plaintiff Dennis Ball−Bey. (Attachments: # 1 Exhibit Memorandum In Opposition)(Dailey, Daniel) (Entered: 06/22/2020) |
| 06/23/2020 | 84 | |

| | | Docket Text ORDER: Re: 83 MOTION for Leave to File in Excess of Page Limitation by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Memorandum In Opposition)(Dailey, Daniel) filed by Dennis Ball–Bey ; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on June 23, 2020. (MCB) (Entered: 06/23/2020) |
|---|---|---|
| 06/23/2020 | 85 | RESPONSE in Opposition re 74 MOTION to Dismiss :Plaintiff's Assault and Battery Claims filed by Plaintiff Dennis Ball–Bey. (MCB) (Entered: 06/23/2020) |
| 07/06/2020 | 86 | REPLY to Response to Motion re 76 MOTION to Dismiss :Counts III, IV and V filed by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (Laird, Brandon) (Entered: 07/06/2020) |
| 07/07/2020 | 87 | MOTION for Leave to File A Sur–reply in Opposition by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit A Sur–Reply Memorandum)(Dailey, Daniel) (Entered: 07/07/2020) |
| 07/13/2020 | 88 | Docket Text ORDER: Re: 87 MOTION for Leave to File A Sur–reply in Opposition by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit A Sur–Reply Memorandum)(Dailey, Daniel) filed by Dennis Ball–Bey ; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on July 13, 2020. (MCB) (Entered: 07/13/2020) |
| 07/13/2020 | 89 | SURREPLY to Motion re 76 MOTION to Dismiss :Counts III, IV and V filed by Plaintiff Dennis Ball–Bey. (MCB) (Entered: 07/13/2020) |
| 07/15/2020 | 90 | Joint MOTION for Protective Order by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Exhibit Ex. Proposed Protective Order)(McGowan, Erin) (Entered: 07/15/2020) |
| 07/21/2020 | 91 | PROTECTIVE ORDER re: Confidential Information. Signed by Magistrate Judge Shirley Padmore Mensah on 7/21/20. (EAB) (Entered: 07/21/2020) |
| 07/27/2020 | 92 | Electronic Notice of Noncompliance to Plaintiff Dennis Ball–Bey, Defendants Kyle Chandler, Sam Dotson, Ronald Vaughn. Review of case shows the Designation of Neutral/ADR conference report has not been filed. A written motion requesting an extension of the designation of neutral/ADR conference report filing deadline must be filed with the court within 5 days. Notice only, no.pdf attached. Designation of Neutral/Conference Report due by 8/3/2020.(AAT) (Entered: 07/27/2020) |
| 07/27/2020 | 93 | Designation of Neutral by parties and ADR Conference Report by Plaintiff Dennis Ball–Bey Neutral: WILLIAMS, STEPHEN Date of Conference: 07/28/2020 time: 10 AM Location: VIA ZOOM(Wooten, Jermaine) (Entered: 07/27/2020) |
| 07/28/2020 | | ***REMARK Hon. Steven Williams does not appear to be on the courts list of certified neutrals; emailed counsel to file a motion. (AAT) (Entered: 07/28/2020) |
| 07/28/2020 | 94 | First MOTION for Leave to to designate a neutral not on the list of certified neutrals maintained by the court by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) (Entered: 07/28/2020) |
| 07/28/2020 | 95 | Docket Text ORDER: Re: 94 First MOTION for Leave to to designate a neutral not on the list of certified neutrals maintained by the court by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) filed by Dennis Ball–Bey ; ORDERED GRANTED.. Signed by Magistrate Judge Shirley Padmore Mensah on 07/28/2020. (AAT) (Entered: 07/28/2020) |
| 07/28/2020 | 96 | |

| | | |
|---|---|---|
| | | NOTICE of Appointment of Neutral. Neutral name: Williams, Stephen Neutral selected by parties (cc: neutral) (AAT) (Entered: 07/28/2020) |
| 07/28/2020 | 97 | ADR COMPLIANCE REPORT Neutral: Williams, Stephen. Date of Conference: 7/28/20. The parties participated in good faith. The parties did not achieve a settlement.(Williams, Stephen) (Entered: 07/28/2020) |
| 09/24/2020 | 98 | First MOTION for Extension of: Time to Disclose Expert Witnesses by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) (Entered: 09/24/2020) |
| 09/25/2020 | 99 | AMENDED CASE MANAGEMENT ORDER. IT IS HEREBY ORDERED that Plaintiffs Consent Motion for Extension of Time. (Doc. 98 ) is GRANTED (See Full Order) This case is assigned to Track: 2 Standard. (Discovery Completion due by 2/22/2021, Dispositive Motions due by 3/22/2021, Status Conference set for 2/5/2021 at 10:00 AM in Courtroom 13S – St. Louis before Magistrate Judge Shirley Padmore Mensah. This action must be ready for trial by no later than October 12, 2021). Signed by Magistrate Judge Shirley Padmore Mensah on 9/25/20. (EAB) (Entered: 09/25/2020) |
| 10/23/2020 | 100 | STATUS REPORT *Joint Motion for Status Conference* by Dennis Ball–Bey. (Dailey, Daniel) (Entered: 10/23/2020) |
| 10/26/2020 | 101 | Docket Text ORDER: IT IS HEREBY ORDERED that this case is set for a scheduling conference, to occur by Zoom, on Tuesday, November 10, 2020, at 1:30 p.m. Counsel will be emailed instructions for attending in advance of the conference. Status Conference set for 11/10/2020 01:30 PM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah. Signed by Magistrate Judge Shirley Padmore Mensah on October 26, 2020. (MCB) (Entered: 10/26/2020) |
| 11/09/2020 | 102 | ORDER – IT IS HEREBY ORDERED that the conference currently set to occur on Tuesday, November 10, 2020, at 1:30 p.m., is CANCELLED.IT IS FURTHER ORDERED that this case is set for a conference, to occur by Zoom, on Thursday, November 19, 2020, at 2:30 p.m. Counsel will be emailed instructions for attending in advance of the conference. Status Conference set for 11/19/2020 02:30 PM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah.. Signed by Magistrate Judge Shirley Padmore Mensah on 11/09/2020. (AAT) (Entered: 11/09/2020) |
| 11/16/2020 | 103 | MEMORANDUM AND ORDER IT IS HEREBY ORDERED that the Motion to Dismiss Count II filed by Defendants Kyle Chandler and Ronald Vaughn (Doc. 74) is GRANTED. The assault and battery claims in Count II are DISMISSED, with prejudice. Signed by Magistrate Judge Shirley Padmore Mensah on November 16, 2020. (MCB) (Entered: 11/16/2020) |
| 11/16/2020 | 104 | MEMORANDUM AND ORDER IT IS HEREBY ORDERED that the Motion to Dismiss Counts III, IV, and V of Plaintiff's Second Amended Petition for Failure to State a Claim (Doc. 76) will be GRANTED IN PART and DENIED IN PART. With respect to Defendants request for injunctive relief, the motion is GRANTED. With respect to the request to dismiss the claims against Dotson, Chandler, and Vaughn in their official capacities, because they are redundant with the claims against the City, the motion is GRANTED. In all other respects, the motion is DENIED. IT IS FURTHER ORDERED that Plaintiffs claim for injunctive relief is DISMISSED. IT IS FURTHER ORDERED that the claims against Defendant Dotson, Chandler, and Vaughn in their official capacities are DISMISSED. Signed by Magistrate Judge Shirley Padmore Mensah on November 16, 2020. (MCB) (Entered: 11/16/2020) |
| 11/19/2020 | 105 | |

| | | |
|---|---|---|
| | | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Status Conference held on 11/19/2020. Counsel and the court discussed the parties' need for more time to conduct discovery. The possibility of conducting some depositions remotely due to the COVID−19 pandemic was discussed. The parties will file a proposed joint scheduling plan by December 4, 2020. Order to follow. (proceedings started: 2:32) (proceedings ended: 3:03) (MCB) (Entered: 11/19/2020) |
| 11/19/2020 | 106 | Docket Text ORDER: IT IS HEREBY ORDERED that, as discussed at the status conference held on November 19, 2020, the parties shall meet and confer and shall file, no later than December 4, 2020, a new joint proposed scheduling plan that includes both (1) new proposed dates for all deadlines currently addressed in paragraphs 5 through 15 of the Second Amended Case Management Order, and (2) a new trial−ready date. Joint Scheduling Plan due by 12/4/2020. Signed by Magistrate Judge Shirley Padmore Mensah on November 19, 2020. (MCB) (Entered: 11/19/2020) |
| 11/30/2020 | 107 | ANSWER to 71 Amended Complaint, by St. Louis, City of.(McGowan, Erin) (Entered: 11/30/2020) |
| 12/03/2020 | 108 | JOINT SCHEDULING PLAN by Plaintiff Dennis Ball−Bey. . (Dailey, Daniel) (Entered: 12/03/2020) |
| 12/15/2020 | 109 | MOTION for Leave to Appear Pro Hac Vice Tobara Richardson. The Certificate of Good Standing was attached.(Filing fee $100 receipt number AMOEDC−8346993) by Plaintiff Dennis Ball−Bey. (Attachments: # 1 Certificate of Good Standing)(Richardson, Tobara) (Entered: 12/15/2020) |
| 12/16/2020 | 110 | THIRD AMENDED CASE MANAGEMENT ORDER (See Full Order for Complete Details) This case is assigned to Track: 2: Standard. Discovery Completion due by 8/10/2021. Dispositive Motions due by 9/10/2021. Status Conference set for 7/23/2021 at 10:00 AM in Courtroom 13S − St. Louis before Magistrate Judge Shirley Padmore Mensah. This action must be ready for trial by no later than February 1, 2022. The parties estimate that the case will take two to four weeks. Signed by Magistrate Judge Shirley Padmore Mensah on 12/16/20. (EAB) (Entered: 12/16/2020) |
| 12/17/2020 | 111 | Docket Text ORDER: Re 109 MOTION for Leave to Appear Pro Hac Vice Tobara Richardson by Plaintiff Dennis Ball−Bey; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 12/17/20. (EAB) (Entered: 12/17/2020) |
| 01/20/2021 | 112 | STATUS REPORT *Joint re Discovery Disputes* by Dennis Ball−Bey. (Richardson, Tobara) (Entered: 01/20/2021) |
| 01/21/2021 | 113 | Docket Text ORDER: IT IS HEREBY ORDERED that this matter is set for a discovery conference on Wednesday, January 27, 2021, at 10:00 a.m., to address the issues raised in the parties First Joint Status Report Regarding Discovery Disputes (Doc. 112) The conference will begin off the record, but the Court will be prepared to hold an on−the−record hearing if necessary. The conference will be held by Zoom, and counsel will be emailed instructions for attending in advance of the conference. Discovery Hearing set for 1/27/2021 10:00 AM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah. Signed by Magistrate Judge Shirley Padmore Mensah on January 21, 2021. (MCB) Modified on 1/21/2021 (MCB). (Entered: 01/21/2021) |
| 01/27/2021 | 114 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Discovery Conference held on 1/27/2021. The court and counsel discussed the parties' discovery dispute regarding allegedly privileged |

| | | documents and police incident reports. Based on the discussion, it appears the privilege issue regarding RFPs 23 and 25 raise a legal issue that will need to be briefed by the parties. Regarding RFP #21, the Court indicated that the City's proportionality/burden argument was premature because counsel had not conducted an initial search of the subject emails for hits of Plaintiff's proposed search terms; counsel for the City requested two weeks to conduct the search and the request was granted. Regarding the police incident reports, the Court concluded the reports appear to be relevant and discoverable; based on the likely number of responsive reports that have not yet been produced, the request does not appear to be overly burdensome. Given limited resources in the City, the Court encouraged counsel to meet and confer regarding alternative ways to produce the incident reports. Next Discovery Conference set for 2/11/2021 at 10:00 AM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah. (proceedings started: 10:02 am) (proceedings ended: 10:58 am) (Recorded on Zoom by: E. Brown)(Appearance for Plaintiff: Daniel Dailey, Jermaine Wooten, Tobara Richardson)(Appearance for Defendant: Erin McGowan) (EAB) (Entered: 01/27/2021) |
|---|---|---|
| 02/09/2021 | 115 | MOTION to Amend/Correct *Third Amended Case Management Order* by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Attachment Joint Proposed Amended Scheduling Plan)(McGowan, Erin) (Entered: 02/09/2021) |
| 02/11/2021 | 116 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Status Conference held on 2/11/2021. Court and counsel discussed discovery issues. The Court will hold another status/scheduling conference on February 25, 2021 at 10:00 via zoom. The conference will be held by Zoom, and counsel will be emailed instructions for attending in advance of the conference. Order to follow. ( Status Conference set for 2/25/2021 10:00 AM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah.) (proceedings started: 10:01) (proceedings ended: 10:40) (Recorded on Zoom by: M. Berg)(Appearance for Plaintiff: Daniel Dailey, Tobara Richardson and Jermaine Wooten)(Appearance for Defendant: Erin McGrowan) (MCB) (Entered: 02/11/2021) |
| 02/11/2021 | 117 | ORDER IT IS HEREBY ORDERED that Defendant the City of St. Louis must produce all responsive police incident reports on a rolling basis beginning no later than March 4, 2021 and must complete production of all responsive police incident reports by no later than March 26, 2021. Defendant must produce a significant portion (> 50%) of the incident reports on or before the March 4th deadline for completing production of a first batch of the incident reports. IT IS FURTHER ORDERED that Defendant the City of St. Louis must produce a "hit" report from its initial search of custodian emails for email communications that are potentially responsive (but arguably privileged) to Plaintiff's RFP #21 by no later than February 18, 2021. The parties must meet and confer to try to reach an agreement on which hits from the Citys initial search are documents that should be reviewed by the City as potentially responsive and, if necessary, placed on a privilege log by no later than February 24, 2021. IT IS FINALLY ORDERED that the undersigned will hold a follow up Discovery Status Conference on February 25, 2021, at 10:00 a.m. The conference will be held by Zoom, and counsel will be emailed instructions of attending in advance of the conference. Signed by Magistrate Judge Shirley Padmore Mensah on February 11, 2021. (MCB) (Entered: 02/11/2021) |
| 02/25/2021 | 118 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Status Conference held on 2/25/2021. The Court and counsel discussed various discovery issues and case management deadlines. Order to follow. (proceedings started: 10:08) (proceedings ended: 10:58) (MCB) (Entered: 02/25/2021) |

| | | |
|---|---|---|
| 02/26/2021 | 119 | FOURTH AMENDED CASE MANAGEMENT ORDER (See order for complete details.) The parties must complete all discovery in this case no later than December 15, 2021. The Court will hold a Case Status Conference on Wednesday, December 1, 2021, at 10:00 a.m. Discovery Completion due by 12/15/2021. Non–Dispositive Motions due by 12/27/2021. Dispositive Motions due by 1/15/2022. This action must be ready for trial by no later than July 6, 2022. The parties estimate that the case will take two to four weeks. The Court will issue a separate order setting a final trial date and establishing pretrial compliance deadlines following the Case Status Hearing. ( Status Conference set for 12/1/2021 10:00 AM in Telephone Conference in Chambers before Magistrate Judge Shirley Padmore Mensah.) Signed by Magistrate Judge Shirley Padmore Mensah on February 26, 2021. (MCB) (Entered: 02/26/2021) |
| 02/26/2021 | 120 | ORDER IT IS HEREBY ORDERED that Defendant the City of St. Louis must produce all responsive police incident reports on a rolling basis beginning no later than March 4, 2021 and must complete production of all responsive police incident reports by no later than March 26, 2021. Defendant must produce a significant portion (> 50%) of the incident reports on or before the March 4th deadline for completing production of a first batch of the incident reports. IT IS FURTHER ORDERED that, using the search terms agreed upon by the parties, Defendant the City of St. Louis must produce either a privilege log or documents responsive to RFP #21 by no later than April 9, 2021. IT IS FINALLY ORDERED that if Plaintiff continues to believe that Defendant's responses are incomplete, insufficient, or inconsistent with the law regarding privileged communications, Plaintiff must file a motion to compel responses to RFP #s 21, 23 and 25, no later than 14 days after Defendant produces either a privilege log or documents responsive to RFP #21.Signed by Magistrate Judge Shirley Padmore Mensah on February 26, 2021. (MCB) (Entered: 02/26/2021) |
| 03/23/2021 | 121 | First MOTION to Compel *Inspection of Firearms* by Plaintiff Dennis Ball–Bey. (Dailey, Daniel) (Entered: 03/23/2021) |
| 03/23/2021 | 122 | MEMORANDUM in Support of Motion re 121 First MOTION to Compel *Inspection of Firearms* filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Dailey, Daniel) (Entered: 03/23/2021) |
| 04/05/2021 | 123 | MEMORANDUM in Opposition re 121 First MOTION to Compel *Inspection of Firearms* filed by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Exhibit Ex A Affidavit of Mary Beth Karr)(McGowan, Erin) (Entered: 04/05/2021) |
| 04/14/2021 | 124 | REPLY to Response to Motion re 121 First MOTION to Compel *Inspection of Firearms* filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Affidavit)(Dailey, Daniel) (Entered: 04/14/2021) |
| 04/22/2021 | 125 | Consent MOTION for Extension of Time to File ;Extension to file the following: Motion to Compel ;Proposed extension date April 30, 2021 by Plaintiff Dennis Ball–Bey. (Dailey, Daniel) (Entered: 04/22/2021) |
| 04/23/2021 | 126 | Docket Text ORDER: Re: 125 Consent MOTION for Extension of Time to File Motion to Compel ;Proposed extension date April 30, 2021 by Plaintiff Dennis Ball–Bey. ORDERED: GRANTED. ( Response to Court due by 4/30/2021.) Signed by Magistrate Judge Shirley Padmore Mensah on 4/23/2021. (CBL) (Entered: 04/23/2021) |
| 04/30/2021 | 127 | First MOTION to Compel *Defendants' Email Communications* by Plaintiff Dennis Ball–Bey. (Dailey, Daniel) (Entered: 04/30/2021) |
| 04/30/2021 | 128 | |

| | | |
|---|---|---|
| | | MEMORANDUM in Support of Motion re 127 First MOTION to Compel *Defendants' Email Communications* filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Dailey, Daniel) (Entered: 04/30/2021) |
| 05/14/2021 | 129 | MOTION for Extension of Time to File Response/Reply as to 127 First MOTION to Compel *Defendants' Email Communications* by Defendant St. Louis, City of. (McGowan, Erin) (Entered: 05/14/2021) |
| 05/17/2021 | 130 | Docket Text ORDER: Re: 129 MOTION for Extension of Time to File Response/Reply as to 127 First MOTION to Compel *Defendants' Email Communications* by Defendant St. Louis, City of. (McGowan, Erin) filed by St. Louis, City of ; ORDERED GRANTED. ( Response to Court due by 5/19/2021.) Signed by Magistrate Judge Shirley Padmore Mensah on May 17, 2021. (MCB) (Entered: 05/17/2021) |
| 05/19/2021 | 131 | MOTION for Leave to File in Excess of Page Limitation by Defendant St. Louis, City of. (Attachments: # 1 Attachment Response in Opp to Plaintiff's Motion to Compel)(McGowan, Erin) (Entered: 05/19/2021) |
| 05/21/2021 | 132 | Docket Text ORDER: Re: 131 MOTION for Leave to File in Excess of Page Limitation by Defendant St. Louis, City of. (Attachments: # 1 Attachment Response in Opp to Plaintiff's Motion to Compel)(McGowan, Erin) filed by St. Louis, City of ; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on May 21, 2021. (MCB) (Entered: 05/21/2021) |
| 05/21/2021 | 134 | RESPONSE in Opposition re 127 First MOTION to Compel *Defendants' Email Communications* filed by Defendant St. Louis, City of. (CBL) (Entered: 06/02/2021) |
| 06/01/2021 | 133 | Consent MOTION for Extension of Time to File Response/Reply as to 128 Memorandum in Support of Motion, by Plaintiff Dennis Ball–Bey. (Dailey, Daniel) (Entered: 06/01/2021) |
| 06/03/2021 | 135 | Docket Text ORDER: Re: 133 Consent MOTION for Extension of Time to File Response/Reply as to 128 Memorandum in Support of Motion, by Plaintiff Dennis Ball–Bey. ORDERED: GRANTED. ( Response due by 6/7/2021.) Signed by Magistrate Judge Shirley Padmore Mensah on 6/3/2021. (CBL) (Entered: 06/03/2021) |
| 06/07/2021 | 136 | REPLY to Response to Motion re 127 First MOTION to Compel *Defendants' Email Communications* filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit A–Former Municipal Judge Richard Torack Deposition)(Dailey, Daniel) (Entered: 06/07/2021) |
| 06/24/2021 | 137 | Docket Text ORDER: IT IS HEREBY ORDERED that the Court will hold a hearing, by Zoom, on Plaintiff's Motions to Compel (Docs. 121 & 127), on Tuesday, July 13, at 1:30 p.m. Counsel will receive Zoom instructions in advance of the hearing. Motion Hearing set for 7/13/2021 01:30 PM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah. Signed by Magistrate Judge Shirley Padmore Mensah on June 24, 2021. (MCB) (Entered: 06/24/2021) |
| 07/13/2021 | 138 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Motion Hearing held on 7/13/2021 re 127 First MOTION to Compel *Defendants' Email Communications* filed by Dennis Ball–Bey, 121 First MOTION to Compel *Inspection of Firearms* filed by Dennis Ball–Bey. Hearing held via zoom teleconference. Arguments heard. Motion 121 to be granted. Motion 127 is held in abeyance pending outcome of in camera review of documents at issue. Defense counsel to submit all responsive documents and amended privilege log to the Court for in |

| | | |
|---|---|---|
| | | camera review within 14 days. Order to issue. (proceedings started: 1:34 p.m.) (proceedings ended: 2:41 p.m.) (Recorded on Zoom by: C. Long)(Appearance for Plaintiff: Daniel Dailey)(Appearance for Defendant: Brandon Laird) (CBL) (Entered: 07/13/2021) |
| 07/13/2021 | 139 | Digital Audio File regarding Motion Hearing 138 held on July 13, 2021 before Honorable Shirley Padmore Mensah. AUDIO FILE SIZE (65.2 MB)1 (Audio Records are for Court Use Only.) (CBL) (Entered: 07/14/2021) |
| 07/16/2021 | 140 | ORDER IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Inspection of Firearms (Doc. 121) is GRANTED. Defendant City of St. Louis shall produce the firearms described in the motion for inspection and testing at the laboratory of Plaintiffs expert, Todd Garrison. A City employee or agent will transport the firearms to Mr. Garrisons laboratory and may stay in the area to the extent necessary to ensure that only Mr. Garrison is present in the laboratory with the firearms. IT IS FURTHER ORDERED that Defendants shall, no later than Tuesday, July 27, 2021, submit to the Court the following: (1) an amended privilege log that is sufficiently specific to allow the Court to decide whether the attorney/client and/or work product privileges apply to each document with respect to the applicable federal law; (2) an affidavit (or affidavits) of counsel to support any claims of work product privilege; and (3) for in camera review, all documents at issue in the motion to compel that Defendants claim are protected by the attorney/client and/or work product privileges. IT IS FINALLY ORDERED that Plaintiffs First Motion to Compel Email Communications (Doc. 127) is held in abeyance pending the Court's in camera review of the documents at issue. Signed by Magistrate Judge Shirley Padmore Mensah on July 16, 2021. (MCB) (Entered: 07/16/2021) |
| 07/27/2021 | 141 | MOTION for Extension of: time to response to Court's Order and for a telephonic conference by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Laird, Brandon) (Entered: 07/27/2021) |
| 07/28/2021 | 142 | Docket Text ORDER: Re: 141 MOTION for Extension of: time to response to Court's Order and for a telephonic conference by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Laird, Brandon) filed by St. Louis, City of, Kyle Chandler, Ronald Vaughn ; IT IS HEREBY ORDERED that Defendants Motion for Extension of Time and Request for Telephonic Conference (Doc. 141) is GRANTED. IT IS FURTHER ORDERED that counsel shall appear for a videoconference on Thursday, July 29, 2021, at 1:30 p.m., to occur by Zoom, to address Defendants counsels questions regarding this Courts prior order. Counsel will receive Zoom instructions in advance of the conference. ( Telephone Conference set for 7/29/2021 01:30 PM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah.) Signed by Magistrate Judge Shirley Padmore Mensah on July 28, 2021. (MCB) (Entered: 07/28/2021) |
| 07/29/2021 | 143 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah:Video Conference held on 7/29/2021. The parties participate via Zoom. The parties discuss the status of the case. The plaintiff objects to the defendant's motion for extension of time [doc. 141 ]. The objection is overruled. The Court directs the parties to file their motion to amend the case management order no later than August 5, 2021. (proceedings started: 1:32 PM) (proceedings ended: 1:41 PM) (Recorded on Zoom by: B. Porter)(Appearance for Plaintiff: Daniel Dailey)(Appearance for Defendant: Brandon Laird) (BRP) (Entered: 07/29/2021) |
| 07/30/2021 | 144 | Docket Text ORDER: Re: 141 MOTION for Extension of: time to response to Court's Order and for a telephonic conference by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Laird, Brandon) filed by St. Louis, City of, Kyle Chandler, Ronald |

| | | |
|---|---|---|
| | | Vaughn ; ORDERED GRANTED FOR THE REASONS STATED ON THE RECORD AT THE TIME OF THE CONFERENCE HELD ON 7/29/21. Signed by Magistrate Judge Shirley Padmore Mensah on July 30, 2021. (MCB) (Entered: 07/30/2021) |
| 08/05/2021 | 145 | Joint MOTION to Amend/Correct the Case Management Order by Plaintiff Dennis Ball–Bey. (Dailey, Daniel) Modified on 8/6/2021 (CBL). (Entered: 08/05/2021) |
| 08/10/2021 | 146 | FIFTH AMENDED CASE MANAGEMENT ORDER (See Full Order) This case is assigned to Track: 2 (Standard) Discovery Completion due by 2/15/2022. Non–Dispositive Motions due by 3/1/2022., Dispositive Motions due by 3/15/2022. Status Conference set for 2/1/2022 10:00 AM in Courtroom 13S – St. Louis before Magistrate Judge Shirley Padmore Mensah. Signed by Magistrate Judge Shirley Padmore Mensah on 8/10/21. (EAB) (Entered: 08/10/2021) |
| 08/23/2021 | 147 | MOTION for Protective Order *DEFENDANTS OPPOSED MOTION TO SEAL DEPOSITION TRANSCRIPT PURSUANT TO RULE 26(c)(F) AND FOR A PROTECTIVE ORDER LIMITING DISCLOSURE OF INFORMATION PURSUANT TO RULE 26(C)(D)* by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (McGowan, Erin) (Modified on 8/24/2021 to clarify entry.) (CBL). (Entered: 08/23/2021) |
| 08/23/2021 | 148 | MOTION for Protective Order *DEFENDANTS' MOTION FOR PROTECTIVE ORDER PURSUANT TO RULE 26(c) AND RULE 30(d)(3)(A) TO LIMIT THE SCOPE OF DEPOSITION* by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (McGowan, Erin) (Modified on 8/24/2021 to clarify entry.) (CBL). (Entered: 08/23/2021) |
| 08/25/2021 | 149 | Docket Text ORDER: IT IS HEREBY ORDERED that Plaintiff's response to Defendants' Opposed Motion to Seal Deposition Transcript Pursuant to Rule 26(c)(F) and for a Protective Order Limiting Disclosure of Information Pursuant to Rule 26(C)(D) (Doc. 147) and Plaintiffs response to Defendants' Motion for Protective Order Pursuant to Rule 26(c) and Rule 30(d)(3)(A) to Limit the Scope of Deposition (Doc. 148) shall be filed no later than Tuesday, September 7, 2021. Response to Court due by 9/7/2021. Signed by Magistrate Judge Shirley Padmore Mensah on August 25, 2021. (MCB) (Entered: 08/25/2021) |
| 08/26/2021 | 150 | MEMORANDUM AND ORDER IT IS HEREBY ORDERED Plaintiff's Motion to Compel (Doc. 127) is GRANTED IN PART and DENIED IN PART, as set forth above. IT IS FURTHER ORDERED that Defendants must produce the non–privileged documents to Plaintiff no later than Thursday, September 2, 2021. Signed by Magistrate Judge Shirley Padmore Mensah on August 26, 2021. (MCB) (Entered: 08/26/2021) |
| 08/27/2021 | 151 | MOTION for Protective Order by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (McGowan, Erin) (Entered: 08/27/2021) |
| 08/30/2021 | 152 | Docket Text ORDER: IT IS HEREBY ORDERED that Plaintiff's response to Defendants' Motion for Protective Order Pursuant to Rule 26(c)(1)(B) that the Depositions of the Individually Named Defendants Shall Occur at the Offices of Defense Counsel (Doc. 151) shall be filed no later than Friday, September 10, 2021. Signed by Magistrate Judge Shirley Padmore Mensah on 8/30/21. (EAB) (Entered: 08/30/2021) |
| 09/02/2021 | 153 | ORDER IT IS HEREBY ORDERED that Plaintiff's Motion to Compel is GRANTED with respect to the email sent from Craig Higgins to Cathy Ruggeri–Rea and others on June 23, 2015, at 9:22 a.m. (no Bates number), and DENIED with respect to the email sent from Julian Bush to Michael Garvin and others sent on June 12, 2018, at 5:04 p.m. (Bates number PRIV 506). Signed by Magistrate Judge Shirley Padmore Mensah on September 2, 2021. (MCB) (Entered: 09/02/2021) |

| | | |
|---|---|---|
| 09/07/2021 | 154 | Consent MOTION for Extension of Time to File Response/Reply as to 147 MOTION for Protective Order , 148 MOTION for Protective Order *on or before September 10, 2021* by Plaintiff Dennis Ball–Bey. (Dailey, Daniel) (Entered: 09/07/2021) |
| 09/08/2021 | 155 | Docket Text ORDER: Re 154 Consent MOTION for Extension of Time to File Response/Reply as to 147 MOTION for Protective Order, 148 MOTION for Protective Order on or before September 10, 2021 filed by Plaintiff Dennis Ball–Bey; ORDERED GRANTED. (Response to Court due by 9/10/2021). Signed by Magistrate Judge Shirley Padmore Mensah on 9/8/21. (EAB) (Entered: 09/08/2021) |
| 09/10/2021 | 156 | MEMORANDUM in Opposition re 151 MOTION for Protective Order filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Dailey, Daniel) (Entered: 09/10/2021) |
| 09/10/2021 | 157 | Consent MOTION to Continue Defendants' Motion to Seal Transcript and for Protective Order under ECF #147, 148 and an off the record zoom telephone conference by Plaintiff Dennis Ball–Bey. (Dailey, Daniel) Modified on 9/13/2021 (MCB). (Entered: 09/10/2021) |
| 09/14/2021 | 158 | Docket Text ORDER: IT IS HEREBY ORDERED that the Court will hold a conference, via Zoom, on Tuesday, September 14, 2021, at 3:00 p.m., to discuss the matters addressed in Defendants Consent Motion for Continuance and an Off–the–Record Zoom/Telephone Conference (Doc. 157). Counsel will receive instructions for attending in advance of the conference. Status Conference set for 9/14/2021 at 3:00 PM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah. Signed by Magistrate Judge Shirley Padmore Mensah on 9/14/21. (EAB) (Entered: 09/14/2021) |
| 09/14/2021 | 159 | ELECTRONIC MINUTE ENTRY for proceedings held before Magistrate Judge Shirley Padmore Mensah: Status Conference held on 9/14/2021. Discussion held off the record regarding pending motions for protective orders. Orders to issue. (proceedings started: 3:09) (proceedings ended: 3:33) (MCB) (Entered: 09/14/2021) |
| 09/15/2021 | 160 | ORDER. IT IS HEREBY ORDERED that the Consent Motion for Continuance and an Off– the–Record Zoom/Telephone Conference filed by Plaintiff. (Doc. 157 ) is GRANTED. IT IS FURTHER ORDERED that, no later than Monday, November 15, 2021, Plaintiff shall file either a response in opposition to the motion or a memorandum indicating that the motion is unopposed for each of the following motions: (1) Defendants Opposed Motion to Seal Deposition Transcript Pursuant to Rule 26(c)(F) and for a Protective Order Limiting Disclosure of Information Pursuant to Rule 26(c)(D) (Doc. 147), and (2) Defendants Motion for Protective Order Pursuant to Rule 26(c)(1) and 30(d)(3)(A) to Limit the Scope of Deposition (Doc. 148). (Response to Court due by 11/15/2021). Signed by Magistrate Judge Shirley Padmore Mensah on 9/15/21. (EAB) (Entered: 09/15/2021) |
| 09/15/2021 | 161 | ORDER. IT IS HEREBY ORDERED that Defendants' Motion for Protective Order Pursuant to Rule 26(c)(1)(B) that the Depositions of the Individually Named Defendants Shall Occur at the Offices of Defense Counsel (Doc. 151 ) is GRANTED IN PART and DENIED IN PART. Unless the parties come to some other agreement, the depositions of the individually named defendants shall occur in the courtroom of the undersigned at the Thomas F. Eagleton United States Courthouse, 13–South. The courtroom will be available at 8:00 a.m. on Friday, September 17, 2021. Signed by Magistrate Judge Shirley Padmore Mensah on 9/15/21. (EAB) (Entered: 09/15/2021) |
| 10/15/2021 | 162 | Joint MOTION to Amend/Correct *Scheduling Order* by Plaintiff Dennis Ball–Bey. (Dailey, Daniel) (Entered: 10/15/2021) |

| 10/26/2021 | 163 | Docket Text ORDER: IT IS HEREBY ORDERED that the Court shall hold a conference on the parties Joint Motion to Amend Fifth Amended Case Management Order and Reset Trial (Doc. 162) on Tuesday, November 2, 2021, at 9:30 a.m., to occur by Zoom. Counsel will receive an email with instructions for attending in advance of the conference. Signed by Magistrate Judge Shirley Padmore Mensah on 10/26/21. (EAB) (Entered: 10/26/2021) |
|---|---|---|
| 11/02/2021 | 164 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Status Conference held on 11/2/2021. Conference held on joint motion to amend the Case Management Order and re–set the trial. Amended Case Management Order to issue. (proceedings started: 9:36) (proceedings ended: 9:58) (MCB) (Entered: 11/02/2021) |
| 11/02/2021 | 165 | SIXTH AMENDED CASE MANAGEMENT ORDER (See CMO for complete details.) ( Discovery Completion due by 4/18/2022. Non–Dispositive Motions due by 4/29/2022., Dispositive Motions due by 6/1/2022. Status Conference set for 4/4/2022 10:00 AM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah.) ORDER RELATING TO TRIAL1. This action must be ready for trial by no later than January 9, 2023. Trial is estimated by the parties to last through February 3, 2023. 2. The Court will issue a separate order setting a final trial date and establishing pretrial compliance deadlines following the Case Status Hearing. Failure to comply with any part of this order may result in the imposition of sanctions.. Signed by Magistrate Judge Shirley Padmore Mensah on November 2, 2021. (MCB) (Entered: 11/02/2021) |
| 11/22/2021 | 166 | Docket Text ORDER: IT IS HEREBY ORDERED that no later than Monday, November 29, 2021, Plaintiff shall file a motion for leave to file a response out of time, along with a response, to each of the following motions: (1) Defendants' Opposed Motion to Seal Deposition Transcript Pursuant to Rule 26(c)(F) and for a Protective Order Limiting Disclosure of Information Pursuant to Rule 26(c)(D) (Doc. 147), and (2) Defendants Motion for Protective Order Pursuant to Rule 26(c)(1) and 30(d)(3)(A) to Limit the Scope of Deposition (Doc. 148). If Plaintiff fails to comply with this order, the motions will be treated as unopposed.. Signed by Magistrate Judge Nannette A. Baker on November 22, 2021. (MCB) (Entered: 11/22/2021) |
| 11/29/2021 | 167 | MOTION for Leave to Out of Time Response by Plaintiff Dennis Ball–Bey. (Dailey, Daniel) (Entered: 11/29/2021) |
| 11/30/2021 | 168 | Docket Text ORDER: Re: 167 MOTION for Leave to Out of Time Response by Plaintiff Dennis Ball–Bey; ORDERED GRANTED Signed by Magistrate Judge Shirley Padmore Mensah on 11/30/2021. (JEB) (Entered: 11/30/2021) |
| 01/19/2022 | 169 | MOTION for Extension of: Time to Take Depositions of Plaintiff's Experts by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (McGowan, Erin) (Entered: 01/19/2022) |
| 01/21/2022 | 170 | ORDER (See Full Order) IT IS HEREBY ORDERED that Defendants' Motion to Seal Deposition Transcript Pursuant to Rule 26(c)(F) and for a Protective Order Limiting Disclosure of Information Pursuant to Rule 26(c)(D) (Doc. 147 ) is GRANTED IN PART and DENIED IN PART. With regard to the request that the transcript of J. Does deposition be designated Attorneys Eyes Only and subject to the previously entered protective order in this case, the motion is GRANTED. With respect to the request that the Court seal the deposition transcript, the motion is DENIED, without prejudice. IT IS FURTHER ORDERED that Defendants' Motion for Protective Order Pursuant to Rule 26(c) and Rule 30(d)(3)(A) to Limit the Scope of Deposition. (Doc. 148 ) is GRANTED IN PART and DENIED IN PART. Regarding the request that Plaintiff be barred from |

| | | |
|---|---|---|
| | | seeking any information in discovery regarding the identities of the family members of non–party witness J. Doe, the request is GRANTED. Regarding the request that Plaintiff be barred from seeking any information in discovery regarding the identities of the family members of the individual defendants, the motion is DENIED, without prejudice. Signed by Magistrate Judge Shirley Padmore Mensah on 1/21/22. (EAB) (Entered: 01/21/2022) |
| 01/21/2022 | 171 | Docket Text ORDER: Re: 169 MOTION for Extension of Time to Take Depositions of Plaintiff's Experts by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn; ORDERED GRANTED Signed by Magistrate Judge Shirley Padmore Mensah on 1/21/2022. (JEB) (Entered: 01/21/2022) |
| 02/22/2022 | 172 | Second MOTION for Extension of: Time to Take Depositions of Plaintiff's Experts by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (McGowan, Erin) (Entered: 02/22/2022) |
| 02/25/2022 | 173 | Docket Text ORDER: Re: 172 Second MOTION for Extension of: Time to Take Depositions of Plaintiff's Experts filed by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 2/25/2022. (HMA) (Entered: 02/25/2022) |
| 03/03/2022 | 174 | MOTION for Leave to Limit the Deposition Fee of Plaintiff's Designated Expert Dr. Gregory Nazar by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (McGowan, Erin) (Entered: 03/03/2022) |
| 03/03/2022 | 175 | MEMORANDUM in Support of Motion re 174 MOTION for Leave to Limit the Deposition Fee of Plaintiff's Designated Expert Dr. Gregory Nazar filed by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Exhibit Exhibit A_Invoice)(McGowan, Erin) (Entered: 03/03/2022) |
| 03/07/2022 | 176 | ENTRY of Appearance by Lawrence L. Pratt for Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) (Entered: 03/07/2022) |
| 03/08/2022 | 177 | Docket Text ORDER: IT IS HEREBY ORDERED that Plaintiffs response to Defendants Motion for Leave to Limit the Deposition Fee of Plaintiffs Designated Expert Dr. Gregory Nazar (Doc. 174) shall be due no later than Monday, March 14, 2022. Signed by Magistrate Judge Shirley Padmore Mensah on 3/8/22. (EAB) (Entered: 03/08/2022) |
| 03/14/2022 | 178 | RESPONSE to Motion re 174 MOTION for Leave to Limit the Deposition Fee of Plaintiff's Designated Expert Dr. Gregory Nazar filed by Plaintiff Dennis Ball–Bey. (Dailey, Daniel) (Entered: 03/14/2022) |
| 03/15/2022 | 179 | Docket Text ORDER: IT IS HEREBY ORDERED that the Court will hold a status conference in this case, by Zoom, on Thursday, March 17, 2022, at 10:00 a.m. Counsel will receive instructions for attending in advance of the hearing. (Status Conference set for 3/17/2022 10:00 AM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah) Signed by Magistrate Judge Shirley Padmore Mensah on 3/15/2022. (JEB) (Entered: 03/15/2022) |
| 03/17/2022 | 180 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Status Conference held on 3/17/2022. Counsel present. Both sides update the Court on the status of the case. Counsel make a Joint Oral Motion to Continue the Deadline By Which Defendant Must Make Expert Witnesses Available to March 24, 2022. Joint Oral Motion is GRANTED by the Court. (proceedings started: 10:09 am) (proceedings ended: 10:48 am) (Recorded on Zoom by: H. Aubuchon)(Appearance for Plaintiff: Daniel Dailey/Jermaine Wooten)(Appearance for |

| | | |
|---|---|---|
| | | Defendant: Lawrence Pratt/Erin McGowan) (HMA) (Entered: 03/17/2022) |
| 03/17/2022 | 181 | JOINT ORAL MOTION To Continue the Deadline by Which Defendant Must Make Expert Witnesses Available filed by Plaintiff Dennis Ball–Bey, Defendants Kyle Chandler, Sam Dotson, Ronald Vaughn. (HMA) (Entered: 03/17/2022) |
| 03/17/2022 | 182 | Docket Text ORDER: for reasons stated on the record during the status hearing held on 3/17/2022 re: [181] Joint Oral Motion to Continue Deadline by Which Defendant Must Make Expert Witnesses Available; ORDERED GRANTED. (Response to Court deadline 3/24/2022). Signed by Magistrate Judge Shirley Padmore Mensah on 3/17/22. (HMA) (Entered: 03/17/2022) |
| 03/24/2022 | 183 | MOTION to Amend/Correct by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I)(Pratt, Lawrence) (Entered: 03/24/2022) |
| 03/24/2022 | 184 | MEMORANDUM in Support of Motion re 183 MOTION to Amend/Correct filed by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) (Entered: 03/24/2022) |
| 04/04/2022 | 185 | Consent MOTION for Extension of Time to File Response/Reply as to 183 MOTION to Amend/Correct by Plaintiff Dennis Ball–Bey. (Dailey, Daniel) (Entered: 04/04/2022) |
| 04/05/2022 | 186 | Docket Text ORDER: Re 185 Consent MOTION for Extension of Time to File Response/Reply as to 183 MOTION to Amend/Correct filed by Plaintiff Dennis Ball–Bey; ORDERED GRANTED. ( Response due by 4/6/2022.) Signed by Magistrate Judge Shirley Padmore Mensah on 4/5/2022. (HMA) (Entered: 04/05/2022) |
| 04/06/2022 | 187 | RESPONSE to Motion re 183 MOTION to Amend/Correct filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit 1 Login Activity, # 2 Exhibit 2 CAO Report, # 3 Exhibit 3 Knox Expert Report, # 4 Exhibit 4 Graham Deposition)(Dailey, Daniel) (Entered: 04/06/2022) |
| 04/10/2022 | 188 | Defendants' Reply to Plaintiff's Response to Defendants' MOTION to Amend/Correct by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit D, # 4 Exhibit Exhibit E, # 5 Exhibit Exhibit F, # 6 Exhibit Exhibit G, # 7 Exhibit Exhibit H, # 8 Exhibit Exhibit I)(Pratt, Lawrence) Modified on 4/11/2022 (JEB). (Entered: 04/10/2022) |
| 04/15/2022 | 189 | MOTION to Amend/Correct *Proposed Seventh Amended Case Management Order* by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) (Entered: 04/15/2022) |
| 04/20/2022 | 190 | MOTION to Withdraw as Attorney ;attorney/firm Erin K. McGowan by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (McGowan, Erin) (Entered: 04/20/2022) |
| 04/21/2022 | 191 | Docket Text ORDER: Re 190 MOTION to Withdraw as Attorney/firm Erin K. McGowan by filed Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn; ORDERED GRANTED. Attorney Erin K. McGowan terminated. Signed by Magistrate Judge Shirley Padmore Mensah on 4/21/22. (EAB) (Entered: 04/21/2022) |
| 05/02/2022 | 192 | Docket Text ORDER: IT IS HEREBY ORDERED that, at the request of the parties, this case is set for a telephone status conference on Thursday, May 5, 2022, at 1:00 p.m. |

| | | |
|---|---|---|
| | | Counsel should call in to the conference using the following information: USA Toll–Free Number: (888) 363–4735; Access Code: 3329658. (Status Conference set for 5/5/2022 01:00 PM in Telephone Conference in Chambers before Magistrate Judge Shirley Padmore Mensah) Signed by Magistrate Judge Shirley Padmore Mensah on 5/2/2022. (JEB) (Entered: 05/02/2022) |
| 05/02/2022 | 193 | Amended Docket Text ORDER: IT IS HEREBY ORDERED that, at the request of the parties, this case is set for a telephone status conference on Thursday, May 5, 2022, at 1:30 p.m. Counsel should call in to the conference using the following information: USA Toll–Free Number: (888) 363–4735; Access Code: 3329658. (Status Conference set for 5/5/2022 01:30 PM in Telephone Conference in Chambers before Magistrate Judge Shirley Padmore Mensah) Signed by Magistrate Judge Shirley Padmore Mensah on 5/2/2022. (JEB) (Entered: 05/02/2022) |
| 05/05/2022 | 194 | ELECTRONIC MINUTE ENTRY for proceedings held before Magistrate Judge Shirley Padmore Mensah: Status Conference held on 5/5/2022. Counsel and the Court discussed pending motions and upcoming case deadlines. The parties jointly requested permission to file a proposed amended scheduling plan, which the Court granted. The parties will file a joint proposed scheduling plan within two weeks. Defendants stated that they would submit to the Court a proposed order regarding their pending Motion to Limit the Deposition Fee of Plaintiff's Designated Expert Dr. Gregory Nazar by Monday, May 9, 2022. The Court will rule on that motion after submission of the proposed order. Order to follow. (proceedings started: 1:31 pm) (proceedings ended: 2:10 pm) (HMA) (Entered: 05/05/2022) |
| 05/05/2022 | 195 | Docket Text ORDER: Based on the discussion between the Court and the parties at the telephone conference held on May 5, 2022, IT IS HEREBY ORDERED that Defendants' Motion to Amend Case Management Order or in the Alternative Strike Plaintiffs Expert Witnesses (Doc. 183 ) is DENIED without prejudice. IT IS FURTHER ORDERED that the parties shall file a joint proposed scheduling plan no later than Thursday, May 19, 2022. The proposed scheduling plan must reflect that the deadline for Plaintiff to disclose experts has expired, but it may extend the deadline for such experts to be made available for deposition. (Joint Scheduling Plan due by 5/19/2022). Signed by Magistrate Judge Shirley Padmore Mensah on 5/5/22. (EAB) (Entered: 05/05/2022) |
| 05/06/2022 | 196 | ORDER (See Full Order) IT IS HEREBY ORDERED that Defendants' Motion to Limit the Deposition Fee of Plaintiff's Designated Expert, Dr. Gregory Nazar, (Doc. 174 ) is GRANTED, in part. Defendants' obligation to pay Dr. Nazar for his deposition testimony pursuant to Fed. R. Civ. P. 26(b)(4)(E) is limited to a rate of no more than $1,507 per hour. The motion is DENIED in all other respects. Signed by Magistrate Judge Shirley Padmore Mensah on 5/6/2022. (HMA) (Entered: 05/06/2022) |
| 05/19/2022 | 197 | SUPPLEMENTAL *Defendants' Proposed Seventh Amended Scheduling Order* by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) (Entered: 05/19/2022) |
| 05/20/2022 | 198 | Docket Text ORDER: On May 5, 2022, the Court ordered the parties to file a "joint proposed scheduling plan" no later than May 19, 2022. The proposed plan filed on May 19, 2022, indicates that it is Defendants' proposed plan only. Accordingly, IT IS HEREBY ORDERED that no later than May 23, 2022, Plaintiff shall file a memorandum stating whether Plaintiff consents to Defendants' proposed plan. If Plaintiff does not file such a memorandum, the Court will treat Defendants' proposed plan as an unopposed motion to amend the Case Management Order and will rule accordingly. Joint Scheduling Plan due by 5/23/2022. Signed by Magistrate Judge Shirley Padmore Mensah on May 20, 2022. |

| | | |
|---|---|---|
| | | (MCB) (Entered: 05/20/2022) |
| 05/23/2022 | 199 | MEMORANDUM re 197 Supplemental *Consent to Extending Scheduling Order* by Plaintiff Dennis Ball–Bey. (Dailey, Daniel) (Entered: 05/23/2022) |
| 05/24/2022 | 200 | SEVENTH AMENDED CASE MANAGEMENT ORDER (See Full Order) This case is assigned to Track: 2 Standard.Status Conference set for 1/4/2023 10:00 AM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah. Discovery Completion due by 1/11/2023. Non–Dispositive Motions due by 1/21/2023. Dispositive Motions due by 3/10/2023. Signed by Magistrate Judge Shirley Padmore Mensah on 5/24/2022. (JEB) (Entered: 05/24/2022) |
| 06/01/2022 | 201 | MOTION to Withdraw as Attorney ;attorney/firm Kingdom Litigators, Daniel A. Dailey, and Tobara Richardson by Plaintiff Dennis Ball–Bey. (Dailey, Daniel) (Entered: 06/01/2022) |
| 06/02/2022 | 202 | Docket Text ORDER: IT IS HEREBY ORDERED that this case is set for a conference, to occur by Zoom, on Monday, June 6, 2022, at 10:30 a.m., to discuss the Motion to Withdraw as Lead and Notice Counsels(s) filed by Kingdom Litigators, A Public Interest Law Firm, Daniel A. Dailey, and Tobara Richardson (Doc. 201). Counsel will receive an email with instructions for attending in advance of the conference. (Motion Hearing set for 6/6/2022 10:30 AM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah.) Signed by Magistrate Judge Shirley Padmore Mensah on 6/2/2022. (HMA) (Entered: 06/02/2022) |
| 06/06/2022 | 203 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Status Conference held on 6/6/2022. Parties update the court on case status. Doc. # 201 MOTION to Withdraw attorney/firm Kingdom Litigators, Daniel A. Dailey, and Tobara Richardson by Plaintiff Dennis Ball–Bey is GRANTED. (proceedings started: 10:37 am) (proceedings ended: 10:48 am) (Recorded on Zoom by: J. Bailey)(Appearance for Plaintiff: Daniel Dailey and Jermaine Wooten)(Appearance for Defendant: Brandon Laird and Lawrence Pratt) (JEB) (Entered: 06/06/2022) |
| 06/06/2022 | 204 | Docket Text ORDER: Re: 201 MOTION to Withdraw attorney/firm Kingdom Litigators, Daniel A. Dailey, and Tobara Richardson by Plaintiff Dennis Ball–Bey; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 6/6/2022. (JEB) (Entered: 06/06/2022) |
| 06/06/2022 | 205 | MOTION to Compel by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Exhibit Exhibit A Email, # 2 Exhibit Exhibit B Email, # 3 Exhibit Exhibit C Email, # 4 Exhibit Exhibit D Email, # 5 Exhibit Exhibit E Email, # 6 Exhibit Exhibit F Certificate of Good Faith Attempt)(Pratt, Lawrence) (Entered: 06/06/2022) |
| 06/06/2022 | 206 | Docket Text ORDER: IT IS HEREBY ORDERED that Plaintiff shall, no later than Wednesday, June 8, 2022, file a response to Defendants' Motion to Compel Discovery Responses Pursuant to Rule 37 (Doc. 205). IT IS FURTHER ORDERED that the Court will hold a hearing on the motion on Thursday, June 9, 2022, at 1:30 p.m. The hearing will occur by Zoom, and counsel will receive an email with instructions for attending in advance of the conference. (Response to Court due by 6/8/2022) (Motion Hearing set for 6/9/2022 01:30 PM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah) Signed by Magistrate Judge Shirley Padmore Mensah on 6/6/2022. (HMA) (Entered: 06/06/2022) |

| | | |
|---|---|---|
| 06/08/2022 | 207 | MEMORANDUM *Cost Taxing* by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Pratt, Lawrence) (Entered: 06/08/2022) |
| 06/08/2022 | 208 | RESPONSE to Motion re 205 MOTION to Compel filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Wooten, Jermaine) (Entered: 06/08/2022) |
| 06/09/2022 | 209 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Motion Hearing held on 6/9/2022 by Zoom re 205 MOTION to Compel filed by St. Louis, City of, Kyle Chandler, Sam Dotson, Ronald Vaughn. Parties present. Counsel discusses Motion and status of case. For the reasons stated on the record, defendants Motion to Compel doc # 25 is DENIED AS MOOT. Counsel for defendants makes oral motion to extend the expert witness deposition deadline. The Court GRANTS the Motion. Order to issue. (proceedings started: 1:33 pm) (proceedings ended: 1:57 pm) (Recorded on Zoom by: H. Aubuchon)(Appearance for Plaintiff: Jermain Wooten)(Appearance for Defendant: Lawrence Pratt/Brandon Laird) (HMA) (Entered: 06/09/2022) |
| 06/09/2022 | 210 | ORAL MOTION To Extend Plaintiff's Expert Witness Deposition Deadline by 14 days by Defendants Kyle Chandler, Sam Dotson, Ronald Vaughn. (HMA) (Entered: 06/09/2022) |
| 06/09/2022 | 211 | Docket Text ORDER: For the reasons stated on the record doc# 210 ORAL MOTION To Extend Plaintiff's Expert Witness Deposition Deadline by 14 days filed by Defendants Kyle Chandler, Sam Dotson, Ronald Vaughn is GRANTED. The deadline is extended to June 24, 2022. Signed by Magistrate Judge Shirley Padmore Mensah on 6/9/2022. (HMA) (Entered: 06/09/2022) |
| 01/04/2023 | 212 | ELECTRONIC MINUTE ENTRY for proceedings held before Magistrate Judge Shirley Padmore Mensah: Status Conference held on 1/4/2023. The court and counsel discussed possible trial dates. The court will set a September 11, 2023 trial date. However, because of a possible conflict for defense counsel on that date, the Court will hold a status conference on August 7 to confirm that the September 11 trial date is feasible. Order to follow. (proceedings started: 10:05 am) (proceedings ended: 10:40 am) (EAB) Transcript request of Zoom proceeding ending at 28:15 assigned to Court Reporter: A. Daley on 8/11/2023 (BAS). (Entered: 01/04/2023) |
| 01/05/2023 | 213 | ORDER SETTING TRIAL (See Full Order for Complete Details). Status Conference set for 8/7/2023 at 10:00 AM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah. Motion in Limine due by 8/28/2023. Pretrial Conference set for 8/30/2023 at 9:30 AM in Courtroom 13S – St. Louis before Magistrate Judge Shirley Padmore Mensah. Pretrial Compliance due by 8/21/2023. Jury Trial set for 9/11/2023 at 9:00 AM in Courtroom 13S – St. Louis before Magistrate Judge Shirley Padmore Mensah. Signed by Magistrate Judge Shirley Padmore Mensah on 1/5/23. (EAB) (Entered: 01/05/2023) |
| 01/09/2023 | 214 | MOTION to Quash Notice of Deposition and for Protective Order by Defendant St. Louis, City of. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Pratt, Lawrence) Modified on 1/10/2023 (EAB). (Entered: 01/09/2023) |
| 01/09/2023 | 215 | MOTION to Quash and for Protective Order by Defendant St. Louis, City of. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Pratt, Lawrence) Modified on 1/10/2023 (EAB). (Entered: 01/09/2023) |

| | | |
|---|---|---|
| 01/10/2023 | 216 | Docket Text ORDER: IT IS HEREBY ORDERED that Plaintiff shall file responses to Hon. Craig Higgins' Motion to Quash Notice of Deposition and for Protective Order (Doc. 214 ) and the Motion to Quash and for Protective Order filed by the City of St. Louis (Doc. 215 ) no later than Friday, January 13, 2023. IT IS FURTHER ORDERED that the Court shall hold a hearing on both motions, by Zoom, on Monday, January 23, 2023, at 1:30 p.m. Counsel will receive instructions for attending in advance of the hearing. (Motion Hearing set for 1/23/2023 01:30 PM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah. Response to Court due by 1/13/2023) Signed by Magistrate Judge Shirley Padmore Mensah on 1/10/2023. (JEB) (Entered: 01/10/2023) |
| 01/13/2023 | 217 | RESPONSE to Motion re 215 MOTION to Quash filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2)(Wooten, Jermaine) (Entered: 01/13/2023) |
| 01/13/2023 | 218 | RESPONSE to Motion re 214 MOTION to Quash filed by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) (Entered: 01/13/2023) |
| 01/23/2023 | 219 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Motion Hearing held on 1/23/2023 re 215 MOTION to Quash and for Protective Order and 214 MOTION to Quash Notice of Deposition and for Protective Order filed by City of St. Louis. Parties present. Arguments heard. Matters taken under submission. Order to follow. (proceedings started: 1:33 pm) (proceedings ended: 2:11 pm) (Recorded on Zoom by: J. Bailey)(Appearance for Plaintiff: Jermaine Wooten)(Appearance for Defendant: Lawrence Pratt) (JEB) (Entered: 01/23/2023) |
| 01/24/2023 | 220 | ORDER (See Full Order) IT IS HEREBY ORDERED that Hon. Craig. Higgins' Motion to Quash Notice of Deposition and for Protective Order (Doc. 214 ) is GRANTED. By agreement of the parties, the deposition of the Hon. Craig Higgins in Jamal White v. Adam Feaman, Case No. 4:18–CV–00518, may be used in the instant case as if it had been taken in the instant case. Plaintiff shall not be permitted to depose Judge Higgins in the instant case. IT IS FURTHER ORDERED that Defendant's Motion to Quash Second Amended Notice of Rule 30(b)(6) Deposition (Doc. 215 ) is GRANTED with respect to Topic B (Any and internal investigations of the St. Louis City Metropolitan Police's Force Investigation Unit by the St. Louis City Police Department including the investigation of Roger Englehart....). Defendant shall not be required to produce a Rule 30(b)(6) witness to testify on this topic. IT IS FURTHER ORDERED that Plaintiff is granted leave to take the depositions of the individuals from the St. Louis City Police Department who conducted the internal investigations of the St. Louis City Metropolitan Police's Force Investigation Unit. Plaintiff is also granted leave to serve any narrowly tailored document requests resulting from the deposition testimony. Signed by Magistrate Judge Shirley Padmore Mensah on 1/24/2023. (HMA) (Entered: 01/24/2023) |
| 02/10/2023 | 221 | ENTRY of Appearance by Rebecca Sandberg–Vossmeyer for Defendants Kyle Chandler, Ronald Vaughn. (Sandberg–Vossmeyer, Rebecca) (Entered: 02/10/2023) |
| 02/10/2023 | 222 | First MOTION for Daubert Hearing *for William M. Harmening* by Defendants Kyle Chandler, Ronald Vaughn. (Attachments: # 1 Memorandum in Support, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C, # 5 Exhibit Exhibit D, # 6 Exhibit Exhibit E)(Sandberg–Vossmeyer, Rebecca) (Entered: 02/10/2023) |
| 02/14/2023 | 223 | MOTION for Leave to File Defenants' Motion to Exclude Testimony of Michael Knox by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Pratt, Lawrence) (Entered: |

| | | |
|---|---|---|
| | | 02/14/2023) |
| 02/14/2023 | 224 | MOTION to Exclude Testimony of Michael Knox by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) (Entered: 02/14/2023) |
| 02/14/2023 | 225 | MEMORANDUM in Support of Motion re 224 MOTION to Exclude Testimony of Michael Knox filed by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E)(Pratt, Lawrence) (Entered: 02/14/2023) |
| 02/16/2023 | 226 | Docket Text ORDER: IT IS HEREBY ORDERED that if Plaintiff wishes to file a response to Defendants' Motion for Leave to File Their Motion to Exclude the Testimony of Michael A. Knox (Doc. 223 ), that response shall be filed no later than Tuesday, February 21, 2023. (Response to Court due by 2/21/2023) Signed by Magistrate Judge Shirley Padmore Mensah on 2/16/2023. (JEB) (Entered: 02/16/2023) |
| 02/21/2023 | 227 | RESPONSE in Opposition re 223 MOTION for Leave to File Defenants' Motion to Exclude Testimony of Michael Knox filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(Wooten, Jermaine) (Entered: 02/21/2023) |
| 02/24/2023 | 228 | RESPONSE in Opposition re 222 First MOTION for Daubert Hearing *for William M. Harmening* filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2)(Wooten, Jermaine) (Entered: 02/24/2023) |
| 03/02/2023 | 229 | ORDER (See Full Order) IT IS HEREBY ORDERED Defendants' Motion for Leave to File Their Motion to Exclude the Testimony of Michael A Knox (Doc. 223 ) is GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 3/2/2023. (HMA) (Entered: 03/02/2023) |
| 03/10/2023 | 230 | MOTION for Summary Judgment by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) (Entered: 03/10/2023) |
| 03/10/2023 | 231 | STATEMENT of Material Facts re 230 MOTION for Summary Judgment filed by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) ***The exhibits that are referenced in this pleading are filed in doc. #260*** . Modified on 5/18/2023 (EAB). (Entered: 03/10/2023) |
| 03/10/2023 | 232 | MEMORANDUM in Support of Motion re 230 MOTION for Summary Judgment filed by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) (Entered: 03/10/2023) |
| 03/10/2023 | 233 | MOTION to File Document Under Seal by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) Modified on 3/13/2023 (EAB). (Entered: 03/10/2023) |
| 03/10/2023 | 234 | SEALED MEMORANDUM in Support of 230 MOTION for Summary Judgment , 233 MOTION to Seal Case filed by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. Redacted Copy due by 3/13/2023. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F)(Pratt, Lawrence) (Entered: 03/10/2023) |
| 03/15/2023 | 235 | REDACTION to 232 Memorandum in Support of Motion, 233 MOTION to Seal Case , 234 Sealed Memorandum in Support of Motion for Leave to File Under Seal, *Exhibit A* by Ronald Vaughn, Kyle Chandler, St. Louis, City of filed by Defendants Ronald Vaughn, Kyle Chandler, St. Louis, City of. (Pratt, Lawrence) (Entered: 03/15/2023) |

| | | |
|---|---|---|
| 03/15/2023 | 236 | REDACTION to 232 Memorandum in Support of Motion, 233 MOTION to Seal Case , 234 Sealed Memorandum in Support of Motion for Leave to File Under Seal, *Exhibit B* by Ronald Vaughn, Kyle Chandler, St. Louis, City of filed by Defendants Ronald Vaughn, Kyle Chandler, St. Louis, City of. (Pratt, Lawrence) (Entered: 03/15/2023) |
| 03/15/2023 | 237 | SEALED MEMORANDUM re: Inability to File Redacted Document in Support of 230 MOTION for Summary Judgment , 233 MOTION to Seal Case filed by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) (Entered: 03/15/2023) |
| 03/16/2023 | 238 | RESPONSE in Opposition re 224 MOTION to Exclude Testimony of Michael Knox filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7)(Wooten, Jermaine) (Entered: 03/16/2023) |
| 03/27/2023 | 239 | First MOTION to Compel *the completion of Defendant Ronald Vaughn's deposition* by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) (Additional attachment(s) added on 3/27/2023: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (JEB). (Entered: 03/27/2023) |
| 03/27/2023 | 240 | First MOTION to Compel *payment of expert fee for deposition* by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(Wooten, Jermaine) (Entered: 03/27/2023) |
| 03/28/2023 | 241 | Docket Text ORDER: IT IS HEREBY ORDERED that the Court will hold a hearing on Plaintiffs Motion to Compel the Completion of Deposition for Defendant Ronald Vaughn (Doc. 239 ) and Plaintiffs Motion to Compel the Defendants to Pay the Deposition Expert Fees of William Harmening (Doc. 240 ) on Thursday, March 30, 2023, at 9:30 a.m., in Courtroom 13–South. (Motion Hearing set for 3/30/2023 09:30 AM in Courtroom 13S – St. Louis before Magistrate Judge Shirley Padmore Mensah) Signed by Magistrate Judge Shirley Padmore Mensah on 3/28/2023. (JEB) (Entered: 03/28/2023) |
| 03/29/2023 | 242 | MEMORANDUM *Regarding Deposition of Ronald Vaughan* by Defendants Kyle Chandler, Ronald Vaughn. (Attachments: # 1 Exhibit Exhibit A)(Pratt, Lawrence) (Entered: 03/29/2023) |
| 03/30/2023 | 243 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Motion Hearing held on 3/30/2023 re 239 First MOTION to Compel *the completion of Defendant Ronald Vaughn's deposition* filed by Dennis Ball–Bey, 240 First MOTION to Compel *payment of expert fee for deposition* filed by Dennis Ball–Bey. Parties present. Counsel for both sides heard on pending Motions. The Court GRANTS Motion 239 First Motion to Compel and Motion 240 is DENIED as moot. Order to issue. (proceedings started: 9:41 am) (proceedings ended: 9:49 am) (FTR Gold Operator Initials: H. Aubuchon)(Appearance for Plaintiff: Jermaine Wooten)(Appearance for Defendant: Lawrence Pratt) (HMA) (Entered: 03/30/2023) |
| 03/30/2023 | 244 | ORDER. IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel the Completion of Deposition for Defendant Ronald Vaughn (Doc. 239) is GRANTED. Defendants must produce Ronald Vaughn for deposition on or before Friday, April 28, 2023. IT IS FURTHER ORDERED that Plaintiff's response in opposition to Defendants' motion for summary judgment must be filed no later than Friday, May 12, 2023. IT IS FURTHER ORDERED that Plaintiff's Motion to Compel the Defendants to Pay the Deposition Expert Fees of William Harmening (Doc. 240) IS DENIED as moot. IT IS FURTHER ORDERED that pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure, Defendants are required to pay Plaintiff's reasonable expenses incurred in making both motions to compel, including attorney's fees. Plaintiff shall file documentation in support of such expenses no later than Thursday, April 6, 2023. Defendants shall file any |

| | | |
|---|---|---|
| | | objections to the expenses sought no later than Thursday, April 13, 2023. The parties are advised that the Court does not intend to grant any further extensions of any deadlines in the Seventh Amended Case Management order or the Order Setting Trial. (Supplemental Pleadings due by 4/6/2023, Response to Court due by 5/12/2023.) Signed by Magistrate Judge Shirley Padmore Mensah on 3/30/2023. (HMA) (Entered: 03/30/2023) |
| 04/03/2023 | 245 | MOTION for Leave to File Reply by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Pratt, Lawrence) (Main Document 245 replaced on 4/3/2023) (HMA). (Entered: 04/03/2023) |
| 04/03/2023 | 246 | *Document Striken Per Order #251 entered on 4/12/23* REPLY to Response to Motion re 245 MOTION for Leave to File Reply filed by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Pratt, Lawrence) Modified on 4/12/2023 (JEB). (Entered: 04/03/2023) |
| 04/06/2023 | 247 | AFFIDAVIT *IN SUPPORT OF ATTORNEY'S FEES* by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) (Entered: 04/06/2023) |
| 04/10/2023 | 248 | MOTION to Set Aside Order/Judgment 244 by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D)(Pratt, Lawrence) (Entered: 04/10/2023) |
| 04/10/2023 | 249 | MEMORANDUM in Support of Motion re 248 MOTION to Set Aside Order/Judgment filed by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) (Entered: 04/10/2023) |
| 04/10/2023 | 250 | ORDER (See Full Order) IT IS HEREBY ORDERED that no later than Thursday, April 13, 2023, Defendants shall file, with respect to Exhibits C, E, and F to Defendants' Memorandum in Support of Defendants' Motion to File Documents Under Seal (Doc. 234), either (1) in the public record, a copy of the subject document(s) with only the specific information sought to be sealed redacted from the document, or (2) under seal, a Memorandum explaining the specific reasons for the failure or inability to file a redacted document or material. (Response to Court due by 4/13/2023.) Signed by Magistrate Judge Shirley Padmore Mensah on 4/10/2023. (HMA) (Entered: 04/10/2023) |
| 04/12/2023 | 251 | ORDER (See Full Order) IT IS HEREBY ORDERED that Defendants' Motion for Leave to File Their Reply to Plaintiff's Response in Opposition to Defendants' Motion to Exclude the Testimony of Michael A. Knox. (Doc. 245 ) is DENIED. IT IS FURTHER ORDERED that Defendants' Reply to Plaintiffs' Response in Opposition to Defendants' Motion to Exclude the Testimony of Michael Knox (Doc. 246 ) shall be STRICKEN from the record. Signed by Magistrate Judge Shirley Padmore Mensah on 4/12/2023. (JEB) (Entered: 04/12/2023) |
| 04/13/2023 | 252 | (EXHIBITS STRICKEN FROM RECORD PER ORDER #259 DATED 5/2/23) SEALED MEMORANDUM in Support of 233 MOTION to Seal Case filed by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. Redacted Copy due by 4/17/2023. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit D)(Pratt, Lawrence) Modified on 5/2/2023 (HMA). (Entered: 04/13/2023) |
| 04/13/2023 | 253 | SEALED MEMORANDUM in Support of 233 MOTION to Seal Case filed by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. Redacted Copy due by 4/17/2023. (Pratt, Lawrence) (Entered: 04/13/2023) |
| 04/13/2023 | 254 | (DOCUMENT WITHDRAWN Per Order #261 entered on 5/10/23) Notice of Exhibit *(Exh. E)* by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Pratt, |

| | | |
|---|---|---|
| | | Lawrence) Modified on 4/14/2023 (EAB). Modified on 5/10/2023 (EAB). (Entered: 04/13/2023) |
| 04/13/2023 | 255 | (DOCUMENT WITHDRAWN Per Order #261 entered on 5/10/23) Notice of Exhibit *(Exh. F)* by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) Modified on 4/14/2023 (EAB). Modified on 5/10/2023 (EAB). (Entered: 04/13/2023) |
| 04/14/2023 | 256 | ORDER (See Full Order) IT IS HEREBY ORDERED that Defendants' Motion to Reconsider the Court's Order of March 30, 2023 (Doc. 248 ) is DENIED. IT IS FURTHER ORDERED that Plaintiff is awarded $800.00 in attorney's fees. Signed by Magistrate Judge Shirley Padmore Mensah on 4/14/23. (EAB) (Entered: 04/14/2023) |
| 04/24/2023 | 257 | ORDER (See Full Order) IT IS HEREBY ORDERED that no later than Friday, April 28, 2023, Defendants shall file redacted versions of Exhibits A and B, in compliance with Rule 13.05(A)(4)(c). IT IS FURTHER ORDERED that no later than Friday, April 28, 2023, Defendants shall file, with respect to the full versions of the transcripts of the depositions of Chandler, Vaughn, and Higgins (Doc. 252–1, 252–2, and 252–3), either a motion to withdraw those documents from the record or a memorandum explaining why those documents should not be stricken from the record. (Response to Court due by 4/28/2023) Signed by Magistrate Judge Shirley Padmore Mensah on 4/24/2023. (JEB) (Entered: 04/24/2023) |
| 04/28/2023 | 258 | MOTION for Leave to Withdraw and Submit by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Pratt, Lawrence) (Entered: 04/28/2023) |
| 05/02/2023 | 259 | ORDER. IT IS HEREBY ORDERED that Defendants' Motion to Withdraw the Full Versions of the Transcripts of Chandler, Vaughan, and Higgins and Response to the Court's Order of April 24, 2023 (Doc. 258 ) is GRANTED. IT IS FURTHER ORDERED that the full version of the transcripts of Chandler, Vaughan, and Higgins filed on April 13, 2023, shall be STRICKEN from the record. Signed by Magistrate Judge Shirley Padmore Mensah on 5/2/2023. (HMA) (Entered: 05/02/2023) |
| 05/03/2023 | 260 | MEMORANDUM *Notice of Substitution of Exhibits* by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F)(Pratt, Lawrence) (Entered: 05/03/2023) |
| 05/10/2023 | 261 | ORDER. IT IS HEREBY ORDERED that Defendants' request to withdraw the Motion to File Documents Under Seal (Doc. 233 ) is GRANTED. IT IS FURTHER ORDERED that Defendant' request to withdraw the two documents they identified as having been filed in error (Doc. 254 and Doc. 255 ) is GRANTED.IT IS FURTHER ORDERED that the six exhibits attached to Defendants' Notice of Exhibit Substitution Relative to Defendants' Motion for Summary Judgment and Withdrawal of Motion to Seal (Doc. 260–1, Doc. 260–2, Doc. 260–3, Doc. 260–4, Doc. 260–5, and Doc. 260–6) shall be substituted for the six exhibits submitted under seal in support of Defendants' Motion for Summary Judgment (Doc. 234–1, Doc. 234–2, Doc. 234–3, Doc. 234–4, Doc. 234–5, Doc. 234–6). Signed by Magistrate Judge Shirley Padmore Mensah on 5/10/23. (EAB) (Entered: 05/10/2023) |
| 05/11/2023 | 262 | First MOTION for Extension of: TIME TO RESPOND TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) (Entered: 05/11/2023) |
| 05/11/2023 | 263 | |

| | | |
|---|---|---|
| | | Consent MOTION for Extension of: TIME TO RESPOND TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) (Entered: 05/11/2023) |
| 05/11/2023 | 264 | ORDER IT IS HEREBY ORDERED that Plaintiff's Motion for Extension of Time to File His Response in Opposition to Defendants' Motion for Summary Judgment. (Doc. 262 ) GRANTED. Plaintiff's response to Defendants' Motion for Summary Judgment shall be filed no later than Monday, May 15, 2023. Signed by Magistrate Judge Shirley Padmore Mensah on 5/11/2023. (KXS) (Entered: 05/11/2023) |
| 05/12/2023 | 265 | Docket Text ORDER: IT IS HEREBY ORDERED that Plaintiff's Consent Motion for Extension of Time to File His Response in Opposition to Defendants' Motion for Summary Judgment (Doc. 263) is DENIED as moot in light of the Court's granting of Plaintiff's prior motion requesting the same relief. Signed by Magistrate Judge Shirley Padmore Mensah on 5/12/2023. (HMA) (Entered: 05/12/2023) |
| 05/15/2023 | 266 | Second MOTION for Extension *of time* of: PLAINTIFFS SECOND MOTION FOR EXTENSION OF TIME TO FILE HIS RESPONSE IN OPPOSIITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) Modified on 5/16/2023 (HMA). (Entered: 05/15/2023) |
| 05/16/2023 | 267 | Docket Text ORDER: Re: 266 Second MOTION for Extension of time TO FILE HIS RESPONSE IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT by Plaintiff Dennis Ball–Bey; FOR THE REASONS STATED IN THE MOTION, THE MOTION IS GRANTED. (Response to Court due by 5/16/2023) Signed by Magistrate Judge Shirley Padmore Mensah on 5/16/2023. (JEB) (Entered: 05/16/2023) |
| 05/17/2023 | 268 | *STRICKEN per Order dated 5/19/23* First MOTION for Leave to File in Excess of Page Limitation by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) Modified on 5/18/2023 (JEB). Modified on 5/19/2023 (JEB). (Entered: 05/17/2023) |
| 05/17/2023 | 269 | *STRICKEN per Order dated 5/19/23* MEMORANDUM in Opposition re 230 MOTION for Summary Judgment filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 7, # 7 Exhibit Exhibit 8, # 8 Exhibit Exhibit 9, # 9 Exhibit Exhibit 10, # 10 Exhibit Exhibit 11, # 11 Exhibit Exhibit 14)(Wooten, Jermaine) Modified on 5/19/2023 (JEB). (Entered: 05/17/2023) |
| 05/17/2023 | 270 | *STRICKEN per Order dated 5/19/23* STATEMENT of Material Facts re 230 MOTION for Summary Judgment filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Exhibit 2, # 2 Exhibit Exhibit 3, # 3 Exhibit Exhibit 4, # 4 Exhibit Exhibit 8, # 5 Exhibit Exhibit 12)(Wooten, Jermaine) Modified on 5/19/2023 (JEB). (Entered: 05/17/2023) |
| 05/17/2023 | 271 | *STRICKEN per Order dated 5/19/23* RESPONSE to Statement of Material Facts re 231 Statement of Material Facts filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 7, # 7 Exhibit exhibit 3a, # 8 Exhibit exhibit 3b, # 9 Exhibit Exhibit 3c)(Wooten, Jermaine) Modified on 5/19/2023 (JEB). (Entered: 05/17/2023) |
| 05/18/2023 | 272 | *STRICKEN per Order dated 5/19/23* RESPONSE to Motion re 230 MOTION for Summary Judgment filed by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) Modified on 5/19/2023 (JEB). (Entered: 05/18/2023) |
| 05/19/2023 | 273 | ORDER (See Full Order) IT IS HEREBY ORDERED that the following documents shall be stricken from the record: (1) Plaintiff's Motion for Leave of Court to Exceed Page |

| | | |
|---|---|---|
| | | Limitations (Doc. 268 ); (2) Plaintiff's Memorandum in Opposition to Defendants Kyle Chandler, Ronald Vaughan, and the City of St. Louis' Motion for Summary Judgment (Doc. 269 ); (3) Plaintiff's Statement of Additional Undisputed Material Facts (Doc. 270 ); (4) Plaintiff's Response to Defendants' Statement of Undisputed Material Facts (Doc. 271 ); and (5) Plaintiff's Response in Opposition to Defendants' Ronald Vaughan, Kyle Chandler and the City of St. Louis' Motion for Summary Judgment (Doc. 272 ). IT IS FURTHER ORDERED that no later than Tuesday, May 23, 2023, Plaintiff shall file a motion for leave to file its response to Defendants' Motion for Summary Judgment out of time, supported by facts and legal argument. Plaintiff should not attach a Memorandum in Opposition or any related documents to this motion and should not file its Memorandum in Opposition or any related documents unless and until the motion for leave is granted. The Court will rule promptly on the motion for leave. If it grants the motion for leave, it will give Plaintiff a short deadline in which to file its revised Memorandum in Opposition and related documents. (Response to Court due by 5/23/2023) Signed by Magistrate Judge Shirley Padmore Mensah on 5/19/2023. (JEB) (Entered: 05/19/2023) |
| 05/23/2023 | 274 | First MOTION for Leave to FILE OUT OF TIME HIS RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) (Entered: 05/23/2023) |
| 05/24/2023 | 275 | ORDER. IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Out of Time His Response to Defendants' Motion for Summary Judgment (Doc. 274 ) is GRANTED. IT IS FURTHER ORDERED that Plaintiff's response in opposition to Defendants' Motion for Summary Judgment shall be filed no later than Tuesday, May 30, 2023. (Response to Court due by 5/30/2023.) Signed by Magistrate Judge Shirley Padmore Mensah on 5/24/2023. (HMA) (Entered: 05/24/2023) |
| 05/29/2023 | 276 | First MOTION to Compel *Production of Discovery* by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4, # 5 Exhibit Exhibit 5, # 6 Exhibit Exhibit 6, # 7 Exhibit Exhibit 7)(Wooten, Jermaine) (Entered: 05/29/2023) |
| 05/29/2023 | 277 | First MOTION for Leave to File in Excess of Page Limitation by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) (Entered: 05/29/2023) |
| 05/30/2023 | 278 | Docket Text ORDER: Re 277 First MOTION for Leave to File in Excess of Page Limitation by Plaintiff Dennis Ball–Bey; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 5/30/23. (EAB) (Entered: 05/30/2023) |
| 05/30/2023 | 279 | MOTION for Leave to File Under Seal *Summary Judgment Opposition* by Plaintiff Dennis Ball–Bey. (Wooten, Jermaine) (Entered: 05/30/2023) |
| 05/30/2023 | 280 | MEMORANDUM in Support of 230 MOTION for Summary Judgment , 279 MOTION for Leave to File Under Seal Summary Judgment Opposition filed by Plaintiff Dennis Ball–Bey. Redacted Copy due by 6/2/2023. (Attachments: # 1 Exhibit Plaintiff's Opposition to Defendants' Motion for Summary Judgment, # 2 Exhibit Plaintiff's Response to Defendants' Facts and Plaintiff's Supplemental Facts, # 3 Exhibit Ex 1 – FIU Report (Sealed; Redacted Version at #340), # 4 Exhibit Ex 2 – Chandler Depo, # 5 Exhibit Ex 3 – Vaughan First, # 6 Exhibit Ex 4 – FIU Diagram,  # 7 Exhibit Ex 5 – Ball–Bey Photos (Sealed), # 8 Exhibit Ex 6 – Shot Spotter, # 9 Exhibit Ex 7 – Harmening Report, # 10 Exhibit Ex 8 – Gun photos, # 11 Exhibit Ex 9 – Medical Report, # 12 Exhibit Ex 10 – Graham depo, # 13 Exhibit Ex 11 – NY Times Article, # 14 Exhibit Ex 12 – ETU Report., # 15 Exhibit Ex 13 – Secret Witness Supplement, # 16 Exhibit Ex 14 – Gangway Photos, # 17 Exhibit Ex 15 – CAO Report, # 18 Exhibit Ex 16 – Secret Witness Depo, (Sealed; |

| | | |
|---|---|---|
| | | <span style="color:red">Redacted Version at 341</span>, # <u>19</u> Exhibit Ex 17 – Vaughan PC Statement, # <u>20</u> Exhibit Ex 18 – Secret Witness Exhibit 11, # <u>21</u> Exhibit Ex 19 – Bartlett Depo, # <u>22</u> Exhibit Ex 21 – Vaughan Diagram, # <u>23</u> Exhibit Ex 22 – STL PD Article re: Chandler, # <u>24</u> Exhibit Ex 23 – Knox Expert Report, # <u>25</u> Exhibit Ex 24 – Engelhardt Ball–Bey Depo, # <u>26</u> Exhibit Ex 26 – Verdict form in CAS, # <u>27</u> Exhibit Ex 27 – P–D Article, # <u>28</u> Exhibit Ex 28 – Use of Force Policy, # <u>29</u> Exhibit Ex 29 – Green 30b6, # <u>30</u> Exhibit Ex 30 – PD Article about shooting about Bomber O'Briens, # <u>31</u> Exhibit Ex 31 – CAO Exhibit, # <u>32</u> Exhibit Ex 32 – Kyle Chandler Diagram, # <u>33</u> Exhibit Ex 33 – Flanery Article, # <u>34</u> Exhibit Ex 34 – Stockley Article, # <u>35</u> Exhibit Ex 35 – Rec and Normal policy, # <u>36</u> Exhibit Ex 36 – Shot Spotter Audio, # <u>37</u> Exhibit Ex 37 – O'Rourke Complaint, # <u>38</u> Exhibit Ex 38 – Release Form, # <u>39</u> Exhibit Ex 39 – RFT Article re: Burle, # <u>40</u> Exhibit Ex 40 – Gray Order on Motion to Compel, # <u>41</u> Exhibit Ex 41 – Gray Unendorsement, # <u>42</u> Exhibit Ex 20 – Ex. 20 Vaughan Second Depo, # <u>43</u> Exhibit Ex 25 – Engelhardt Green Depo)(Wooten, Jermaine) Modified on 8/25/2023 (EAB). (Entered: 05/30/2023) |
| 05/31/2023 | 281 | Docket Text ORDER: IT IS HEREBY ORDERED that Defendants response to Plaintiffs Motion to Compel Discovery (Doc. <u>276</u> ) shall be due no later than Friday, June 2, 2023. (Response to Court due by 6/2/2023) Signed by Magistrate Judge Shirley Padmore Mensah on 5/31/2023. (JEB) (Entered: 05/31/2023) |
| 05/31/2023 | <u>282</u> | ENTRY of Appearance by Javad M. Khazaeli for Plaintiff Dennis Ball–Bey. (Khazaeli, Javad) (Entered: 05/31/2023) |
| 05/31/2023 | <u>283</u> | ENTRY of Appearance by John McCann Waldron for Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 05/31/2023) |
| 05/31/2023 | <u>284</u> | ENTRY of Appearance by James R. Wyrsch for Plaintiff Dennis Ball–Bey. (Wyrsch, James) (Entered: 05/31/2023) |
| 06/02/2023 | 285 | RESPONSE to Motion re 276 First MOTION to Compel *Production of Discovery* filed by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (Attachments: # <u>1</u> Exhibit Exhibit A, # <u>2</u> Exhibit Exhibit B, # <u>3</u> Exhibit Exhibit C, # <u>4</u> Exhibit Exhibit D, # <u>5</u> Exhibit Exhibit E)(Pratt, Lawrence) (Entered: 06/02/2023) |
| 06/02/2023 | 286 | First MOTION for Extension of Time to File ;Extension to file the following: Proposed Redactions ;Proposed extension date 6/9/23 by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 06/02/2023) |
| 06/05/2023 | <u>287</u> | REPLY to Response to Motion re 276 First MOTION to Compel *Production of Discovery* filed by Plaintiff Dennis Ball–Bey. (Waldron, John) (Additional attachment(s) added on 6/5/2023: # <u>1</u> Exhibit 1) (EAB). (Entered: 06/05/2023) |
| 06/05/2023 | <u>288</u> | MOTION for Stay of Briefing re 230 MOTION for Summary Judgment by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 06/05/2023) |
| 06/05/2023 | 289 | Docket Text ORDER: Re <u>286</u> First MOTION for Extension of Time to File the following: Proposed Redactions; Proposed extension date 6/9/23 filed by Plaintiff Dennis Ball–Bey; ORDERED GRANTED. (Response to Court due by 6/9/2023.) Signed by Magistrate Judge Shirley Padmore Mensah on 6/5/2023. (HMA) (Entered: 06/05/2023) |
| 06/05/2023 | 290 | Docket Text ORDER: IT IS HEREBY ORDERED that the Court will hold a hearing on Plaintiff's Motion to Compel Discovery (Doc. <u>276</u> ) on Tuesday, June 13, 2023, at 9:30 a.m., in Courtroom 13–South. It is clear that the parties have not fully engaged in the level of good–faith attempt to resolve this matter that is expected by the Court and contemplated by the Local Rules and this Court's Case Management Order. Accordingly, |

| | | |
|---|---|---|
| | | IT IS FURTHER ORDERED that the parties shall meet and confer and shall file, no later than 4:00 p.m. on Friday, June 9, 2023, a joint memorandum setting out any remaining areas of dispute. As to any outstanding disputed discovery, the memorandum must state the legal and factual basis for the discovery sought, including stating the legal issue in the case to which the discovery is tethered, and the legal and factual basis for resisting the discovery. The Court will not consider the outstanding discovery issues if the parties do not comply with this requirement. Any failure to comply with the requirements of this Order may result in the imposition of severe sanctions on both parties. (Motion Hearing set for 6/13/2023 09:30 AM in Courtroom 13S – St. Louis before Magistrate Judge Shirley Padmore Mensah) Signed by Magistrate Judge Shirley Padmore Mensah on 6/5/2023. (JEB) (Entered: 06/05/2023) |
| 06/05/2023 | 291 | Docket Text ORDER: IT IS HEREBY ORDERED that the Court will address Plaintiff's Motion to Stay Briefing on Defendants' Motion for Summary Judgment (Doc. 288 ), which the Court construes as a motion for leave to amend the Seventh Amended Case Management Order and the Order Setting Trial, at the hearing already set on Tuesday, June 13, 2023, at 9:30 a.m., in Courtroom 13–South. To the extent that Defendants intend to file a response to this motion, the response must be filed no later than Friday, June 9, in order to be considered by the Court. Signed by Magistrate Judge Shirley Padmore Mensah on 6/5/2023. (JEB) (Entered: 06/05/2023) |
| 06/06/2023 | 292 | MOTION for Sanctions by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Pratt, Lawrence) (Entered: 06/06/2023) |
| 06/06/2023 | 293 | MEMORANDUM in Support of Motion re 292 MOTION for Sanctions filed by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) (Entered: 06/06/2023) |
| 06/06/2023 | 294 | Docket Text ORDER: IT IS HEREBY ORDERED that Plaintiff's response to Defendants' Motion for Sanctions (Doc. 292 ) shall be filed no later than Friday, June 16, 2023. IT IS FURTHER ORDERED that Defendants' reply, if any, shall be filed no later than Wednesday, June 21, 2023. IT IS FURTHER ORDERED that the Court shall hold a hearing on the Motion for Sanctions on Friday, June 23, 2023, at 11:00 a.m., in Courtroom 13–South. (Motion Hearing set for 6/23/2023 11:00 AM in Courtroom 13S – St. Louis before Magistrate Judge Shirley Padmore Mensah) Signed by Magistrate Judge Shirley Padmore Mensah on 6/6/2023. (JEB) (Entered: 06/06/2023) |
| 06/09/2023 | 295 | Consent MOTION for Leave to File Under Seal *Memorandum Regarding Motion to Compel* by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 06/09/2023) |
| 06/09/2023 | 296 | SEALED MEMORANDUM in Support of 276 First MOTION to Compel *Production of Discovery, 295 Consent MOTION for Leave to File Under Seal Memorandum Regarding Motion to Compel filed by Plaintiff Dennis Ball–Bey. Redacted Copy due by 6/14/2023. (Attachments: # 1 Exhibit Update to Court, # 2 Exhibit FIU audit)(Waldron, John) UNSEALED MAIN DOCUMENT AND EXHIBIT 1 on 11/7/2024 (CLH). (Entered: 06/09/2023)* |
| 06/09/2023 | 297 | Second MOTION for Extension of: Time to file redactions by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 06/09/2023) |
| 06/09/2023 | 298 | MOTION for Leave to File Response Out Of Time to 288 MOTION to Stay of Briefing for MOTION on Summary Judgment by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) Modified on 6/12/2023 (EAB). (Entered: 06/09/2023) |

| | | |
|---|---|---|
| 06/09/2023 | 299 | MEMORANDUM in Opposition re 288 MOTION to Stay re 230 MOTION for Summary Judgment filed by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) Modified on 6/12/2023 (EAB). (Entered: 06/09/2023) |
| 06/12/2023 | 300 | MOTION for Extension of Time to File Response/Reply *to Plf's response to Dfts' motion for Summary Judgment* by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) (Entered: 06/12/2023) |
| 06/12/2023 | | EXHIBITS Received in thumb drive format re 280 by Plaintiff Dennis Ball–Bey. (Exhibits are located in The Clerk's Office file room) (HMA) (Entered: 06/12/2023) |
| 06/13/2023 | 301 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Motion Hearing held on 6/13/2023 re 276 First MOTION to Compel Production of Discovery filed by Dennis Ball–Bey and 288 MOTION for Stay of Briefing re 230 MOTION for Summary Judgment by Plaintiff Dennis Ball–Bey filed by Dennis Ball–Bey. Counsel present. Oral argument heard from both sides. Motions taken under submission. Order to follow. (proceedings started: 9:42 am) (proceedings ended: 11:34 am) (FTR Gold Operator Initials: E. Brown)(Appearance for Plaintiff: John Waldron, James Wyrsch, Jermaine Wooten)(Appearance for Defendant: Lawrence Pratt) (EAB) (Entered: 06/13/2023) |
| 06/14/2023 | 302 | RESPONSE to Motion re 279 MOTION for Leave to File Under Seal *Summary Judgment Opposition* filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Ex. 1–– Proposed Redactions)(Waldron, John) (Entered: 06/14/2023) |
| 06/14/2023 | 303 | SEALED DOCUMENT re 302 Response to Motion by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Proposed Redactions to 280–3, # 2 Exhibit Proposed Redactions to 280–18)(Waldron, John) (Entered: 06/14/2023) |
| 06/16/2023 | 304 | Docket Text ORDER: Re 298 MOTION for Leave to File Response Out Of Time to 288 MOTION to Stay of Briefing for MOTION on Summary Judgment filed by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 6/16/2023. (HMA) (Entered: 06/16/2023) |
| 06/16/2023 | 305 | ORDER. IT IS HEREBY ORDERED that Plaintiff's Second Motion for Extension of Time to File Redacted Documents (Doc. 297) is GRANTED. IT IS FURTHER ORDERED that no later than Friday, June 23, 2023, Defendants shall file a response to Plaintiff's Memorandum in Support of Motion for Sealing (Doc. 302), stating whether Defendants agree or disagree with Plaintiff's proposals and offering any necessary argument or authority in support of their positions. (Response to Court due by 6/23/2023.) Signed by Magistrate Judge Shirley Padmore Mensah on 6/16/2023. (HMA) (Entered: 06/16/2023) |
| 06/16/2023 | 306 | MEMORANDUM AND ORDER (See Full Order) IT IS HEREBY ORDERED that Plaintiff's Motion for Stay of Briefing on Defendants' Motion for Summary Judgment (Doc. 288), which the Court construes as a motion for leave to amend the Seventh Amended Case Management and the Order Setting Trial, and a Motion to Compel Discovery (Doc. 288 ), is DENIED. IT IS FURTHER ORDERED that Plaintiff's Motion to Compel Discovery (Doc. 276 ) is DENIED. IT IS FURTHER ORDERED that Plaintiff may conduct the limited discovery already specifically authorized in the Court's January 24 Order, including conducting depositions of J.D. McCloskey and Lt. John Green, so long as the discovery falls squarely within the scope of the January 24 Order and is served and completed no later than Monday, July 24, 2023. IT IS FURTHER ORDERED that any motion to compel related to the limited discovery authorized by the Court's January 24 Order must be filed promptly and no later than Monday, August 7, 2023. IT IS FURTHER |

| | | |
|---|---|---|
| | | ORDERED that Defendants' oral motion, made at the hearing, for an extension of time until ten days from the date of this Memorandum and Order in which to file their Reply in support of summary judgment, is GRANTED. Defendants' Reply in support of their motion for summary judgment shall be filed within ten (10) days of the date of this order. IT IS FURTHER ORDERED that Defendants' earlier motion for a shorter extension of time to file their Reply (Doc. 300 ) is DENIED as moot. Signed by Magistrate Judge Shirley Padmore Mensah on 6/16/2023. (HMA) (Entered: 06/16/2023) |
| 06/16/2023 | 307 | MEMORANDUM in Opposition re 292 MOTION for Sanctions filed by Plaintiff Dennis Ball−Bey. (Attachments: # 1 Exhibit Ex. 1−− SLTAR Letter, # 2 Exhibit Ex 2−− Declaration of Wooten, # 3 Exhibit Ex. 3−− Letter from Morris to Engelhardt)(Waldron, John) (Entered: 06/16/2023) |
| 06/21/2023 | 308 | REPLY to Response to Motion re 292 MOTION for Sanctions filed by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Exhibit Exhibit A−Website of Tom Morris, # 2 Exhibit Exhibit B−Affidavit of Bridget R. Yates)(Pratt, Lawrence) (Entered: 06/21/2023) |
| 06/22/2023 | 309 | MOTION for Leave to File Sur−Reply by Plaintiff Dennis Ball−Bey. (Attachments: # 1 Exhibit Proposed Sur−Reply, # 2 Exhibit Ex. 1 to Proposed Sur−Reply)(Waldron, John) (Entered: 06/22/2023) |
| 06/22/2023 | 310 | MOTION to Unseal Document 296 Sealed Memorandum in Support of Motion for Leave to File Under Seal, filed by Dennis Ball−Bey by Plaintiff Dennis Ball−Bey. (Attachments: # 1 Exhibit Engelhardt Depo)(Waldron, John) (Entered: 06/22/2023) |
| 06/23/2023 | 311 | Docket Text ORDER: Re: 309 MOTION for Leave to File Sur−Reply by Plaintiff Dennis Ball−Bey; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 6/23/2023. (JEB) (Entered: 06/23/2023) |
| 06/23/2023 | 312 | SUR−REPLY to Motion re 292 MOTION for Sanctions by Plaintiff Dennis Ball−Bey. (Attachments: # 1 Exhibit 1)(JEB) (Entered: 06/23/2023) |
| 06/23/2023 | 313 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Motion Hearing held on 6/23/2023 re 292 MOTION for Sanctions filed by St. Louis, City of, Kyle Chandler, Sam Dotson, Ronald Vaughn. Parties present. Arguments heard. Matter taken under submission. Attorney for defendant makes oral motion for extension of time to file Reply to Motion for Summary Judgment. Plaintiff's counsel does not object. The oral motion is GRANTED. (proceedings started: 11:05 am) (proceedings ended: 11:41 am) (FTR Gold Operator Initials: J. Bailey)(Appearance for Plaintiff: John Woldren; James Wyrsch and Jermaine Wooten)(Appearance for Defendant: Lawrence Pratt) (JEB) (Entered: 06/23/2023) |
| 06/23/2023 | 314 | ORAL MOTION for Extension of time to File Reply to 230 Motion for Summary Judgment by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn. (JEB) (Entered: 06/23/2023) |
| 06/23/2023 | 315 | Docket Text ORDER: Re: 314 ORAL MOTION for Extension of time to File Reply to 230 Motion for Summary Judgment by Defendants Kyle Chandler, St. Louis, City of, Ronald Vaughn; ORDERED GRANTED. (Response to Court due by 6/30/2023) Signed by Magistrate Judge Shirley Padmore Mensah on 6/23/2023. (JEB) (Entered: 06/23/2023) |
| 06/23/2023 | 316 | MOTION to Supplement 280 Sealed Memorandum in Support of Motion for Leave to File Under Seal,,,,,,,,, by Plaintiff Dennis Ball−Bey. (Attachments: # 1 Exhibit Ex. 1 to Motion to Supplement)(Waldron, John) (Entered: 06/23/2023) |

| | | |
|---|---|---|
| 06/23/2023 | 317 | MOTION FOR LEAVE TO FILE UNDER SEAL re 316 MOTION to Supplement 280 Sealed Memorandum in Support of Motion for Leave to File Under Seal,,,,,,,, by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Proposed Additional Material Facts, # 2 Exhibit Audit)(Waldron, John) Modified on 6/28/2023 (JEB). MAIN DOCUMENT AND EXHIBIT 1 UNSEALED on 11/7/2024 (CLH). (Entered: 06/23/2023) |
| 06/27/2023 | 318 | ORDER: IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Supplement the Record (Doc. 316 ) is GRANTED. IT IS FURTHER ORDERED that Defendants' Reply in support of summary judgment shall be due no later than Friday, July 7, 2023. (Response to Court due by 7/7/2023) Signed by Magistrate Judge Shirley Padmore Mensah on 6/27/2023. (JEB) (Entered: 06/27/2023) |
| 06/27/2023 | 319 | MEMORANDUM AND ORDER (See Full Order) IT IS HEREBY ORDERED that Defendants' Motion for Sanctions (Doc. 292) is DENIED. Signed by Magistrate Judge Shirley Padmore Mensah on 6/27/2023. (JEB) (Entered: 06/27/2023) |
| 07/07/2023 | 320 | REPLY to Response to Motion re 230 MOTION for Summary Judgment *Dft reply to Plf memo in opposition to Dft MSJ* filed by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) (Entered: 07/07/2023) |
| 07/11/2023 | 321 | MOTION for Leave to File Supplemental Authority by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit 1 – Partridge Opinion, # 2 Exhibit 2 – Notice of Supplemental Authority)(Waldron, John) (Entered: 07/11/2023) |
| 07/12/2023 | | ***REMARK: Document # 317 has been edited from a Sealed Document to Motion for Leave to File Under Seal to allow defendants to file a response. (EAB) (Entered: 07/12/2023) |
| 07/12/2023 | 322 | Docket Text ORDER: Re 321 MOTION for Leave to File Supplemental Authority filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit 1 – Partridge Opinion, # 2 Exhibit 2 – Notice of Supplemental Authority); ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 7/12/23. (EAB) (Entered: 07/12/2023) |
| 07/12/2023 | 323 | NOTICE of Supplemental Authority re Memorandum in Opposition of Defendant's Motion for Summary Judgment by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Attachment)(EAB) (Entered: 07/12/2023) |
| 08/04/2023 | 324 | STIPULATION *for Dismissal of Ronald Vaughan Only* by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 08/04/2023) |
| 08/04/2023 | 325 | ORDER re 324 Stipulation for Dismissal of Ronald Vaughan Only filed by Plaintiff Dennis Ball–Bey; SO ORDERED. Defendant Ronald Vaughn terminated. Signed by Magistrate Judge Shirley Padmore Mensah on 8/4/23. (EAB) (Entered: 08/04/2023) |
| 08/07/2023 | 326 | ELECTRONIC MINUTE ENTRY for proceedings held before Magistrate Judge Shirley Padmore Mensah: Status Conference held on 8/7/2023. The Court and counsel discussed the status of the case. Plaintiff's counsel indicated that he plans to file a motion to compel today. Defendants' counsel indicated he plans to file a motion to continue the trial date today. Plaintiff's counsel will file a response to the motion to continue by Wednesday, August 9, 2023. (Response to Court due by 8/9/2023) (proceedings started: 10:10 am) (proceedings ended: 10:35 am) (JEB) (Entered: 08/07/2023) |
| 08/07/2023 | 327 | MOTION to Continue Trial Setting by Defendants Kyle Chandler, St. Louis, City of. (Attachments: # 1 Exhibit Exhibit A–LLP Affidavit)(Pratt, Lawrence) (Entered: 08/07/2023) |

| | | |
|---|---|---|
| 08/07/2023 | 328 | MEMORANDUM in Support of Motion re 327 MOTION to Continue Trial Setting filed by Defendants Kyle Chandler, St. Louis, City of. (Pratt, Lawrence) (Entered: 08/07/2023) |
| 08/07/2023 | 329 | MOTION to Compel *FIU Discovery* by Plaintiff Dennis Ball–Bey. (Waldron, John) (Main Document 329 replaced on 8/9/2023) (EAB). (Entered: 08/07/2023) |
| 08/07/2023 | 330 | MOTION for Leave to File Under Seal *Memo ISO Motion to Compel with Exhibits* by Plaintiff Dennis Ball–Bey. (Waldron, John) (Main Document 330 replaced on 8/9/2023) (EAB). (Entered: 08/07/2023) |
| 08/07/2023 | 331 | MEMORANDUM in Support of Motion (SEALED) re 330 MOTION for Leave to File Under Seal *Memo ISO Motion to Compel with Exhibits* filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit McCloskey Depo, # 2 Exhibit Sack Depo, # 3 Exhibit Porter Depo, # 4 Exhibit 5th RFP, # 5 Exhibit Follow–up email, # 6 Exhibit Respones to RFP 1, # 7 Exhibit Farrar v. Nutt)(Waldron, John) UNSEALED on 11/7/2024 (CLH). (Entered: 08/07/2023) |
| 08/08/2023 | 332 | TRANSCRIPT ORDER REQUEST for 212 (STATUS CONFERENCE) *of January 4, 2023* by Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (Pratt, Lawrence) (Sent to court reporter on 8/11/2023). (EAB). (Entered: 08/08/2023) |
| 08/09/2023 | 333 | Docket Text ORDER: Re: 329 MOTION to Compel FIU Discovery by Plaintiff Dennis Ball–Bey; IT IS HEREBY ORDERED that any opposition be filed no later than 4:30 pm on 8/14/2023. (Response to Court due by 8/14/2023) Signed by Magistrate Judge Shirley Padmore Mensah on 8/9/2023. (JEB) (Entered: 08/09/2023) |
| 08/09/2023 | 334 | RESPONSE to Motion re 327 MOTION to Continue Trial Setting filed by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 08/09/2023) |
| 08/09/2023 | | ***REMARK – Documents # 329 and # 330 were modified and updated on 8/9/23 to include the correct filed documents. (EAB) (Entered: 08/09/2023) |
| 08/10/2023 | 335 | AMENDED ORDER SETTING TRIAL (See Full Order) IT IS HEREBY ORDERED that the Defendants' Motion to Continue Trial Setting (Doc. 327 ) is GRANTED. The trial setting of Monday, September 11, 2023, is VACATED. IT IS HEREBY ORDERED this action is set for a JURY trial on Monday, October 30, 2023, at 9:00 a.m. IT IS FINALLY ORDERED that the Court will hold a final pretrial conference on Wednesday, October 18, 2023 at 9:30 a.m. The conference will begin in chambers. Trial counsel must attend and should be prepared to argue any unresolved Motions in Limine at that time. (Pretrial Compliance due by 10/2/2023. Motion in Limine due by 10/9/2023. Pretrial Conference set for 10/18/2023 09:30 AM in Courtroom 13S before Magistrate Judge Shirley Padmore Mensah. Jury Trial set for 10/30/2023 09:00 AM in Courtroom 13S – St. Louis before Magistrate Judge Shirley Padmore Mensah) Signed by Magistrate Judge Shirley Padmore Mensah on 8/10/2023. (JEB) Modified on 8/11/2023 (JEB). (Entered: 08/10/2023) |
| 08/10/2023 | 336 | MEMORANDUM AND ORDER (See Full Order) IT IS HEREBY ORDERED that Defendants' Motion to Exclude the Testimony of William M. Harmening (Doc. 222 ) is GRANTED. IT IS FURTHER ORDERED that Defendants' Motion to Exclude the Testimony of Michael A. Knox (Doc. 224 ) is DENIED. Signed by Magistrate Judge Shirley Padmore Mensah on 8/10/2023. (JEB) (Entered: 08/11/2023) |
| 08/14/2023 | 337 | TRANSCRIPT of 212 (STATUS CONFERENCE) held on 1/4/23 before Judge Mensah. Court Reporter/Transcriber Angela Daley, Angela_Daley@moed.uscourts.gov, 314–244–7978. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript |

| | | |
|---|---|---|
| | | Restriction. After that date it may be obtained through PACER. Redaction Request due 9/5/2023. Redacted Transcript Deadline set for 9/14/2023. Release of Transcript Restriction set for 11/13/2023. (EAB) (Entered: 08/14/2023) |
| 08/14/2023 | 338 | RESPONSE to Motion re 329 MOTION to Compel *FIU Discovery* filed by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (Attachments: # 1 Exhibit Dft Exhibit A)(Pratt, Lawrence) (Entered: 08/14/2023) |
| 08/25/2023 | 339 | MEMORANDUM AND ORDER (See Full Order for Complete Details). IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Under Seal Summary Judgment Opposition (Doc. 279 ) is GRANTED, except to the extent that the Court deems the motion withdrawn, as set forth below. With respect to Exhibit 5 (Photos of Ball–Bey) (Doc. 280–7), Plaintiff's Motion for Leave to File Under Seal is GRANTED. Exhibit 5 shall be maintained entirely under seal. With respect to Exhibit 1 (FIU Report) (Doc. 280–3), Plaintiff's Motion for Leave to File Under Seal is GRANTED, and Exhibit 1 shall be maintained under seal. However, the clerk shall unseal the redacted version of Exhibit 1 that found at Doc. 303–1, and the clerk shall indicate in the docket that the redacted version of Exhibit 1 corresponds to the sealed version of Exhibit 1. With respect to Exhibit 16 (Secret Witness Deposition) (Doc. 280–18), Plaintiffs Motion for Leave to File Under Seal is GRANTED, and Exhibit 16 shall be maintained under seal. However, the clerk shall unseal the redacted version of Exhibit 16 that is found Doc. 303–2, and the clerk shall indicate in the docket that the redacted version of Exhibit 16 corresponds to the sealed version of Exhibit 16. With respect to all remaining documents filed on May 30, 2023 in connection with Plaintiff's opposition to summary judgment, the Court deems Plaintiff's Motion for Leave to File Under Seal to be withdrawn in light of Plaintiffs Memorandum proposing that these documents should not be sealed (Doc. 302) and Defendants' lack of response to the Court's order permitting Defendants to respond to Plaintiffs proposal. The Clerk shall therefore unseal Doc. 280 and all of its attachments except for Doc. 280–3 (Exhibit 1, FIU Report), Doc. 280–7 (Exhibit 5, Photos of Ball–Bey), and Doc. 280–18 (Exhibit 16, Secret Witness Deposition). IT IS FURTHER ORDERED that, no later than Wednesday, August 30, 2023, each party shall file the following (See Order). IT IS FURTHER ORDERED that each memorandum should include relevant law and facts in support of the party's position. In light of the presumption of public access to judicial records, if any party fails to comply with this order, the Court will presume that the party's position is that the FIU Audit Materials should be unsealed and filed in the public record. The parties are encouraged to meet and confer and to attempt to reach agreement regarding these matters before filing their memoranda. If the parties are able to reach agreement on any of the 13 documents in the FIU–Audit Related Materials, they should state in their memoranda the areas of agreement. (Response to Court due by 8/30/2023). Signed by Magistrate Judge Shirley Padmore Mensah on 8/25/23. (EAB) (Entered: 08/25/2023) |
| 08/25/2023 | 340 | REDACTED version of document # 303 –1 that corresponds to the sealed version of Exhibit 1 of document # 280 –3. (EAB) (Entered: 08/25/2023) |
| 08/25/2023 | 341 | REDACTED version of document # 303 –2 that corresponds to the sealed version of Exhibit 16 of document # 280 –18. (EAB) (Entered: 08/25/2023) |
| 08/30/2023 | 342 | RESPONSE to Motion re 330 MOTION for Leave to File Under Seal *Memo ISO Motion to Compel with Exhibits* filed by Defendants Kyle Chandler, St. Louis, City of. (Pratt, Lawrence) (Entered: 08/30/2023) |
| 08/30/2023 | 343 | MOTION for Leave to File Under Seal by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 08/30/2023) |

| | | |
|---|---|---|
| 08/30/2023 | 344 | SEALED DOCUMENT re 339 Memorandum & Order,,,,,,,,,,,, by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit McCloskey Depo, # 2 Exhibit Porter Depo, # 3 Exhibit Sack Depo)(Waldron, John) UNSEALED on 11/7/2024 (CLH). (Entered: 08/30/2023) |
| 08/31/2023 | 345 | Electronic Notice of Noncompliance. Review of this case shows that Plaintiff Dennis Ball–Bey filed a Motion for Leave to File Under Seal but failed to file a Sealed Memorandum in Support of Motion for Leave to File a Document Under Seal with sealed document attached, in violation of Local Rule 13.05. Please refer to the Guidance on Filing Sealed Materials for Filers.pdf for further instructions. (HMA) (Entered: 08/31/2023) |
| 08/31/2023 | 346 | SEALED MEMORANDUM in Support of 343 MOTION for Leave to File Under Seal filed by Plaintiff Dennis Ball–Bey. Redacted Copy due by 9/5/2023. (Waldron, John) (Entered: 08/31/2023) |
| 09/07/2023 | 347 | SEALED MEMORANDUM AND ORDER. Signed by Magistrate Judge Shirley Padmore Mensah on 9/7/23. (EAB) UNSEALED on 11/7/2024 (CLH). (Entered: 09/07/2023) |
| 09/07/2023 | 348 | MEMORANDUM AND ORDER (Redacted Version – See Full Order). Signed by Magistrate Judge Shirley Padmore Mensah on 9/7/23. (EAB) (Entered: 09/07/2023) |
| 09/25/2023 | 349 | MOTION for Leave to Request Telephonic Conference by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 09/25/2023) |
| 09/26/2023 | 350 | Docket Text ORDER: IT IS HEREBY ORDERED that Plaintiff's Motion for Telephonic Conference (Doc. 349 ) is GRANTED. Counsel shall appear for a telephone conference on Tuesday, September 26, 2023, at 1:30 p.m., using the following information: USA Toll–Free Number: (888) 363–4735; Access Code: 3329658. Signed by Magistrate Judge Shirley Padmore Mensah on 9/26/23. (EAB) (Entered: 09/26/2023) |
| 09/26/2023 | 351 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Telephone Conference held on 9/26/2023. Parties present. Parties discussed case status and deadlines. Parties must meet and confer and file a Motion to Continue Trial Date and submit a proposed schedule no later Friday 9/29/2023. (proceedings started: 1:39 pm) (proceedings ended: 2:03 pm) (FTR Gold Operator Initials: H. Aubuchon)(Appearance for Plaintiff: James R. Wyrsch, Javad M. Khazaeli, Jermaine Wooten, John McCann Waldron)(Appearance for Defendant: Brandon D. Laird, Lawrence L. Pratt, Rebecca Sandberg–Vossmeyer) (HMA) (Entered: 09/26/2023) |
| 09/26/2023 | 352 | Docket Text ORDER: IT IS HEREBY ORDERED that, as discussed on the telephone conference call held on this date, the parties shall meet and confer and shall file, no later than 12:00 p.m. (noon) on Friday, September 29, 2023, a motion to continue the trial setting and a joint proposed schedule to complete the matters discussed during the telephone conference. (Response to Court due by 9/29/2023.) Signed by Magistrate Judge Shirley Padmore Mensah on 9/26/2023. (HMA) (Entered: 09/26/2023) |
| 09/28/2023 | 353 | MOTION for Relief the Court's Order of Doc #348 by Defendant Kyle Chandler. (Pratt, Lawrence) (Entered: 09/28/2023) |
| 09/28/2023 | 354 | MEMORANDUM in Support of Motion re 353 MOTION for Relief the Court's Order of Doc #348 filed by Defendant Kyle Chandler. (Pratt, Lawrence) (Entered: 09/28/2023) |
| 09/29/2023 | 355 | Joint MOTION to Continue Trial and Proposed Eighth Amended Case Management Order by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Proposed Eighth Amended Case |

| | | |
|---|---|---|
| | | Management Order)(Khazaeli, Javad) (Entered: 09/29/2023) |
| 09/29/2023 | 356 | ORDER VACATING TRIAL SETTING. IT IS HEREBY ORDERED that the parties' Joint Motion to Continue and Proposed Eighth Amended Case Management Order (Doc. 355 ) is GRANTED. The trial setting of Monday, October 30, 2023, is VACATED. IT IS FURTHER ORDERED that the pretrial compliance deadlines set forth in the Amended Order Setting Trial (Doc. 335 ) are VACATED. The Court will address the proposed deadlines in the Proposed Eighth Amended Case Management Order in a future order. Signed by Magistrate Judge Shirley Padmore Mensah on 9/29/2023. (HMA) (Entered: 09/29/2023) |
| 10/02/2023 | 357 | ORDER. IT IS HEREBY ORDERED that Defendants' Motion for Relief from Judgment Pursuant to Rule 60 Fed. R. Civ. Pro. (Doc. 353 ) is GRANTED IN PART and DENIED IN PART. With respect to the Courts ruling denying summary judgment on the claims against Defendant Chandler (Counts I and II), the motion is GRANTED. With respect to the Court's ruling granting summary judgment in favor of Defendant City of St. Louis (Counts III and V), the motion is DENIED. IT IS FURTHER ORDERED that the Memorandum and Order regarding summary judgment, dated September 7, 2023 (sealed version at Doc. 347, redacted version at Doc. 348), is VACATED IN PART. The part of the order denying Defendants Motion for Summary Judgment with respect to the claims against Defendant Chandler (Counts I and II) is VACATED. The part of the order granting Defendants' Motion for Summary Judgment with respect to the claims against the City of St. Louis (Counts III and V) remains in effect. Signed by Magistrate Judge Shirley Padmore Mensah on 10/2/23. (EAB) (Entered: 10/02/2023) |
| 10/04/2023 | 358 | Docket Text ORDER: IT IS HEREBY ORDERED that the Court will hold a scheduling conference, by Zoom, on Thursday, October 12, 2023, at 9:30 a.m., to discuss the parties proposed Eighth Amended Case Management Order. Counsel will receive instructions for attending the Zoom conference by email. (Scheduling Conference set for 10/12/2023 09:30 AM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah.) Signed by Magistrate Judge Shirley Padmore Mensah on 10/4/2023. (CBL) (Entered: 10/04/2023) |
| 10/05/2023 | 359 | Docket Text ORDER: IT IS HEREBY ORDERED that, at the request of the parties, the Zoom conference previously set for Thursday, October 12, 2023, at 9:30 a.m., to discuss the parties proposed Eighth Amended Case Management Order, is CONTINUED to Tuesday, October 17, 2023, at 11:00 a.m. Counsel will receive instructions for attending the Zoom conference by email. (Scheduling Conference set for 10/17/2023 11:00 AM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah.) Signed by Magistrate Judge Shirley Padmore Mensah on 10/5/2023. (JEB) (Entered: 10/05/2023) |
| 10/12/2023 | 360 | MEMORANDUM AND ORDER (See Full Order). For the reasons stated above, Plaintiff's motion to compel is GRANTED IN PART and DENIED IN PART, as set forth above. The motion is GRANTED with respect to (1) all FIU Paper Files or FIU Computer Records that discuss or relate to the shooting of Mansur Ball−Bey or the FIU's investigation of the shooting of Mansur Ball−Bey, requested in Request for Production Number 1; and (2) the ILEADS "Audit" of the Ball−Bey Report, requested in Request for Production Number 2. The motion is DENIED in all other respects. Signed by Magistrate Judge Shirley Padmore Mensah on 10/12/2023. (JEB) (Entered: 10/12/2023) |
| 10/17/2023 | 361 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Scheduling Conference held by Zoom on 10/17/2023. Parties present. Both sides discuss scheduling dates with the Court. Order to follow. (proceedings started: 11:07 am) (proceedings ended: 11:29 am) (Recorded on |

| | | |
|---|---|---|
| | | Zoom by: E. Brown)(Appearance for Plaintiff: John Waldron, James Wyrsch, Jermaine Wooten)(Appearance for Defendant: Lawrence Pratt) (EAB) (Entered: 10/17/2023) |
| 10/18/2023 | 362 | EIGHTH AMENDED CASE MANAGEMENT ORDER AND ORDER SETTING TRIAL (See Full Order). This case is assigned to Track 2 (Standard). Dispositive Motions due by 5/24/2024. Motion in Limine and Jury Instructions due by 9/9/2024. Pretrial Conference set for 9/18/2024 09:30 AM in Courtroom 13S – St. Louis before Magistrate Judge Shirley Padmore Mensah. Pretrial Compliance due by 9/2/2024. Jury Trial set for 9/23/2024 09:00 AM in Courtroom 13S – St. Louis before Magistrate Judge Shirley Padmore Mensah. The trial is expected to last five days. Failure to comply with any part of this order may result in the imposition of sanctions. Signed by Magistrate Judge Shirley Padmore Mensah on 10/18/2023. (HMA) Modified on 10/19/2023 (EAB). (Entered: 10/18/2023) |
| 12/27/2023 | 363 | MOTION to Compel *FIU Paper Files*, MOTION for Sanctions *re:* the Court's Order of 10/12/23 (ECF No. 360) by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 12/27/2023) |
| 12/27/2023 | 364 | MEMORANDUM in Support of Motion re 363 MOTION to Compel *FIU Paper Files* MOTION for Sanctions *re:* the Court's Order of 10/12/23 (ECF No. 360) filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Email, # 2 Exhibit Email, # 3 Exhibit Email, # 4 Exhibit Email, # 5 Exhibit Placeholder, # 6 Exhibit Placeholder)(Waldron, John) (Entered: 12/27/2023) |
| 12/28/2023 | 365 | MOTION for Leave to File Under Seal *Exhs to Docket No. 364* by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 12/28/2023) |
| 12/28/2023 | 366 | SEALED MEMORANDUM in Support of 365 MOTION for Leave to File Under Seal *Exhs to Docket No. 364* filed by Plaintiff Dennis Ball–Bey. Redacted Copy due by 1/2/2024. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Waldron, John) (Entered: 12/28/2023) |
| 01/02/2024 | 367 | ORDER: IT IS HEREBY ORDERED that Defendants shall file a written response to Plaintiff's Motion to Compel and Motion for Sanctions (Doc. 363 ) no later than Monday, January 8, 2024. IT IS FURTHER ORDERED that the Court shall hold a hearing on Plaintiff's Motion to Compel and Motion for Sanctions on Wednesday, January 10, 2024, at 11:00 a.m., in the courtroom of the undersigned. At the hearing, Defendants should be prepared to either demonstrate than they have completely satisfied the Court's October 12, 2023 order compelling production of documents or to show cause why they should not be sanctioned for failing to comply with that order. (Motion Hearing set for 1/10/2024 11:00 AM in Courtroom 13S – St. Louis before Magistrate Judge Shirley Padmore Mensah. Response to Court due by 1/8/2024.). Signed by Magistrate Judge Shirley Padmore Mensah on 1/2/2024. (CLH) (Entered: 01/02/2024) |
| 01/03/2024 | 368 | Electronic Notice of Noncompliance re 366 Sealed Memorandum in Support of Motion for Leave to File Under Seal,. Review of this case shows that Plaintiff Dennis Ball–Bey filed a Sealed Memorandum in Support of Motion for Leave to File a Document Under Seal but has not yet filed the Redacted Document or Sealed Memo Re: Inability to File Redacted Document, in violation of Local Rule 13.05. You have 3 days to comply with the requirements of Local Rule 13.05 or your sealed document may be stricken from the record. Please refer to the Guidance on Filing Sealed Materials for Filers.pdf for further instructions. Redacted Copy due by 1/8/2024. (CLH) (Entered: 01/03/2024) |
| 01/03/2024 | 369 | MOTION for Extension of Time to File Response/Reply as to 364 Memorandum in Support of Motion, *and to Reschedule Show Cause Hearing* by Defendant Kyle Chandler. |

| | | |
|---|---|---|
| | | (Sandberg–Vossmeyer, Rebecca) (Entered: 01/03/2024) |
| 01/03/2024 | 370 | MEMORANDUM in Opposition re 369 MOTION for Extension of Time to File Response/Reply as to 364 Memorandum in Support of Motion, *and to Reschedule Show Cause Hearing* filed by Plaintiff Dennis Ball–Bey. (Wyrsch, James) (Entered: 01/03/2024) |
| 01/04/2024 | 371 | Docket Text ORDER: IT IS HEREBY ORDERED that, for the reasons stated in Plaintiff's opposition, Defendant's Motion for Extension of Time to File Their Response in Opposition to Plaintiff's Motion to Compel and Motion for Sanctions and to Reschedule Show Cause Hearing (Doc. 369 ) is DENIED. Signed by Magistrate Judge Shirley Padmore Mensah on 1/4/2024. (JEB) (Entered: 01/04/2024) |
| 01/08/2024 | 372 | RESPONSE to Motion re 363 MOTION to Compel *FIU Paper Files* MOTION for Sanctions *re:* the Court's Order of 10/12/23 (ECF No. 360) filed by Defendant Kyle Chandler. (Attachments: # 1 Exhibit A)(Laird, Brandon) (Entered: 01/08/2024) |
| 01/08/2024 | 373 | REDACTION to 364 Memorandum in Support of Motion, 366 Sealed Memorandum in Support of Motion for Leave to File Under Seal, by Dennis Ball–Bey filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit unredacted 366–2)(Waldron, John) (Entered: 01/08/2024) |
| 01/09/2024 | 374 | MOTION to Withdraw *Lawrence L. Pratt* by Defendant Kyle Chandler. (Pratt, Lawrence) (Entered: 01/09/2024) |
| 01/10/2024 | 375 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Motion Hearing held on 1/10/2024 re 363 MOTION to Compel *FIU Paper Files* MOTION for Sanctions *re:* the Court's Order of 10/12/23 (ECF No. 360) filed by Dennis Ball–Bey. Parties present. Arguments heard. Written Order to follow. (Court Reporter:Kristine Toennies, Kristine_Toennies@moed.uscourts.gov, 314–244–6701) (proceedings started: 11:07 am) (proceedings ended: 11:53 am) (Deputy Clerk: J. Bailey)(Appearance for Plaintiff: Brandon Laird and Rebecca Vossmeyer)(Appearance for Defendant: John Waldron, James Wyrsch and Jermaine Wooten) (JEB) (Entered: 01/10/2024) |
| 01/11/2024 | 376 | ORDER: IT IS HEREBY ORDERED that Plaintiff's Motion to Compel and Motion for Sanctions (Doc. 363 ) is GRANTED IN PART and DENIED IN PART... (See Full Order). Signed by Magistrate Judge Shirley Padmore Mensah on 1/11/2024. (JEB) (Entered: 01/11/2024) |
| 01/11/2024 | | Terminated 363 Motion for Sanctions– order event used for statistical purposes. (CLH) (Entered: 02/26/2024) |
| 01/18/2024 | 377 | TRANSCRIPT ORDER REQUEST for 375 (MOTION HEARING) by Kyle Chandler. (Sandberg–Vossmeyer, Rebecca) (Request sent to court reporter K. Toennies) Modified on 1/19/2024 (HMA). (Entered: 01/18/2024) |
| 01/19/2024 | 378 | TRANSCRIPT of 375 (MOTION HEARING) held on 1/10/2024 before Judge Mensah. Court Reporter/Transcriber Kristine Toennies, Kristine_Toennies@moed.uscourts.gov, 314–244–6701. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/9/2024. Redacted Transcript Deadline set for 2/20/2024. Release of Transcript Restriction set for 4/18/2024. (HMA) (Entered: 01/19/2024) |
| 01/26/2024 | 379 | |

| | | |
|---|---|---|
| | | MOTION for Attorney Fees by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Affidavit in support of fees)(Waldron, John) (Entered: 01/26/2024) |
| 01/26/2024 | 380 | MEMORANDUM in Support of Motion re 379 MOTION for Attorney Fees filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Ex 1: Gerling Order)(Waldron, John) (Entered: 01/26/2024) |
| 02/02/2024 | 381 | MOTION for Extension of Time to File Response/Reply as to 379 MOTION for Attorney Fees by Defendant Kyle Chandler. (Sandberg–Vossmeyer, Rebecca) (Entered: 02/02/2024) |
| 02/05/2024 | 382 | Docket Text ORDER: Re: 381 MOTION for Extension of Time to File Response/Reply as to 379 MOTION for Attorney Fees by Defendant Kyle Chandler; ORDERED GRANTED. (Response to Court due by 2/9/2024.) Signed by Magistrate Judge Shirley Padmore Mensah on 2/5/2024. (JEB) (Entered: 02/05/2024) |
| 02/09/2024 | 383 | MEMORANDUM in Opposition re 379 MOTION for Attorney Fees filed by Defendant Kyle Chandler. (Laird, Brandon) (Entered: 02/09/2024) |
| 02/13/2024 | 384 | MEMORANDUM AND ORDER. IT IS HEREBY ORDERED that the parties' Consent Motion to Seal Memorandum Regarding Outstanding Discovery (ECF No. 295 ) and Plaintiff's Sealed Supplement, which the Court construes as a motion for leave to file under seal (ECF No. 317 ) are GRANTED IN PART and DENIED IN PART. To the extent that these motions seek to keep the full, unredacted version of the FIU Audit (ECF Nos. 296–2 & 317–2) under seal, the motions are GRANTED. To the extent that these motions seek to keep all of the information in the FIU Audit sealed, the motions are DENIED. As set forth below, Plaintiff will be ordered to file in the public record a version of the FIU Audit that redacts the addresses of any non– parties. To the extent that these motions seek sealing of any documents other than the FIU Audit, these motions are DENIED. IT IS FURTHER ORDERED that Plaintiff's Motion to Unseal, or in the Alternative, Memorandum Pursuant to L.R. 13.05 Regarding Sealing (ECF No. 310 ), is GRANTED IN PART and DENIED IN PART. With respect to the FIU Audit, (ECF Nos. 296–2 & 317–2), the motion is GRANTED IN PART and DENIED IN PART, as set forth above. With respect to all documents other than the FIU Audit, the motion to unseal is GRANTED. IT IS FURTHER ORDERED Plaintiff's Motion to Seal Memorandum in Support of Motion to Compel (ECF No. 330 ) is DENIED as moot in light of the Court's ruling on Plaintiff's Motion to Unseal. IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Sealed Documents (ECF No. 343 ) is DENIED. IT IS FINALLY ORDERED that this Memorandum and Order is STAYED for fourteen (14) days pursuant to Local Rule 13.05(A)(4)(g). If no appeal of this order is filed by the end of the day on Tuesday, February 27, 2024: (SEE ORDER FOR COMPLETE DETAILS). (Response to Court due by 3/6/2024.) Signed by Magistrate Judge Shirley Padmore Mensah on 2/13/2024. (HMA) (Entered: 02/13/2024) |
| 02/14/2024 | 385 | REPLY to Response to Motion re 379 MOTION for Attorney Fees filed by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 02/14/2024) |
| 02/27/2024 | 386 | NOTICE OF APPEAL as to 384 Order on Motion for Leave to File Under Seal,,,,,,,,, Order on Motion to Unseal Document,,,,,,,,,,,,,,,,,,,,,,,,,,,,,, by Defendants Kyle Chandler, St. Louis, City of. Filing fee $ 605, receipt number AMOEDC–10463345. (Entered: 02/27/2024) |
| 02/28/2024 | 387 | NOTIFICATION OF APPEAL AND NOA SUPPLEMENT by clerk to USCA regarding 384 Order on Motion for Leave to File Under Seal, Order on Motion to Unseal Document. Notice of Appeal filed on 2/27/24 by Defendants Kyle Chandler, St. Louis, City of. |

| | | |
|---|---|---|
| | | NOTIFICATION TO COUNSEL AND PRO SE PARTY: FILE REQUEST FOR TRANSCRIPT WITH DISTRICT COURT CLERKS OFFICE.(JWD) (Entered: 02/28/2024) |
| 02/28/2024 | 388 | Initial Notification from USCA for 386 Notice of Appeal, filed by St. Louis, City of, Kyle Chandler. USCA Appeal Number: 24–1417. (HMA) (Entered: 02/28/2024) |
| 02/28/2024 | 389 | Briefing Schedule from USCA for 386 Notice of Appeal, filed by St. Louis, City of, Kyle Chandler. USCA Appeal Number: 24–1417. Transcript due: 4/8/2024. (See attached document for all other deadlines.)(HMA) (Entered: 02/28/2024) |
| 05/16/2024 | 390 | Consent MOTION for Extension of: Motion to Modify Expert Deadline by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 05/16/2024) |
| 05/17/2024 | 391 | Docket Text ORDER: IT IS HEREBY ORDERED that Plaintiff's Consent Motion to Modify Expert Deadline (ECF No. 390 ) is GRANTED. Except for the deadlines addressed in the motion, all deadlines in the Eighth Amended Case Management Order shall remain in effect. Signed by Magistrate Judge Shirley Padmore Mensah on 5/17/2024. (JEB) (Entered: 05/17/2024) |
| 05/23/2024 | 392 | Consent MOTION for Extension of: time to file dispositive motions by consent by Defendant Kyle Chandler. (Laird, Brandon) (Entered: 05/23/2024) |
| 05/24/2024 | 393 | Docket Text ORDER: IT IS HEREBY ORDERED that Defendant's Consent Motion for Extension of Time to File Dispositive Motions (ECF No. 392 ) is GRANTED. Except for the deadlines addressed in the motion, all deadlines previously set shall remain in effect. (Dispositive Motions due by 5/31/2024.) Signed by Magistrate Judge Shirley Padmore Mensah on 5/24/2024. (HMA) (Entered: 05/24/2024) |
| 05/31/2024 | 394 | MOTION for Summary Judgment by Defendant Kyle Chandler. (Laird, Brandon) (Entered: 05/31/2024) |
| 05/31/2024 | 395 | STATEMENT of Material Facts re 394 MOTION for Summary Judgment filed by Defendant Kyle Chandler. (Attachments: # 1 Exhibit Chandler Depo Excerpts, # 2 Exhibit Vaughan Depo Excerpts, # 3 Exhibit FIU Diagram, # 4 Exhibit Video Placeholder, # 5 Exhibit Vaughan Map, # 6 Exhibit Chandler Map, # 7 Exhibit Audio Placeholder, # 8 Exhibit Audio Placeholder, # 9 Exhibit Audio Placeholder, # 10 Exhibit Photo of Warrant)(Laird, Brandon) (Entered: 05/31/2024) |
| 05/31/2024 | 396 | MOTION for Leave to File Under Seal by Defendant Kyle Chandler. (Laird, Brandon) (Entered: 05/31/2024) |
| 05/31/2024 | 397 | SEALED MEMORANDUM in Support of 396 MOTION for Leave to File Under Seal filed by Defendant Kyle Chandler. Redacted Copy due by 6/3/2024. (Attachments: # 1 Exhibit Booker Depo Excerts, # 2 Exhibit Lab Report, # 3 Exhibit Video Placeholder)(Laird, Brandon) (Entered: 05/31/2024) |
| 05/31/2024 | 398 | MEMORANDUM in Support of Motion re 394 MOTION for Summary Judgment filed by Defendant Kyle Chandler. (Laird, Brandon) (Entered: 05/31/2024) |
| 06/03/2024 | 399 | ORDER : IT IS HEREBY ORDERED that Plaintiff's Motion to Seal (ECF No. 365 ) is GRANTED. Exhibits 5 and 6 to Plaintiff's Motion to Compel and for Sanctions (filed under seal at ECF Nos. 366–1 and 366–2) shall be kept under seal. Signed by Magistrate Judge Shirley Padmore Mensah on 06/03/2024. (KCD) (Entered: 06/03/2024) |
| 06/03/2024 | 400 | |

| | | |
|---|---|---|
| | | <span style="color:red">SEALED EXHIBITS re <u>364</u> Memorandum in Support of Motion, by Plaintiff Dennis Ball–Bey</span>. (Attachments: # <u>1</u> Exhibit 2)(KCD) (Entered: 06/03/2024) |
| 06/10/2024 | 401 | Electronic Notice of Noncompliance. Review of this case shows that Defendant Kyle Chandler filed a Sealed Memorandum in Support of Motion for Leave to File a Document Under Seal but has not yet filed the Redacted Document or Sealed Memo Re: Inability to File Redacted Document, in violation of Local Rule 13.05. You have 3 days to comply with the requirements of Local Rule 13.05 or your sealed document may be stricken from the record. Please refer to the <u>Guidance on Filing Sealed Materials for Filers.pdf</u> for further instructions. Redacted Copy due by 6/13/2024. (JEB) (Entered: 06/10/2024) |
| 06/12/2024 | <u>402</u> | <span style="color:red">SEALED MEMORANDUM re: Inability to File Redacted Document in Support of <u>396</u> MOTION for Leave to File Under Seal filed by Defendant Kyle Chandler.</span> (Attachments: # <u>1</u> Exhibit Redacted Exhibit)(Laird, Brandon) (Entered: 06/12/2024) |
| 06/24/2024 | <u>403</u> | REDACTION to <u>402</u> Sealed Memorandum re: Inability to File Redacted Document by Kyle Chandler. (Laird, Brandon) (Entered: 06/24/2024) |
| 06/25/2024 | <u>404</u> | MEMORANDUM AND ORDER (See Full Order). IT IS HEREBY ORDERED that Plaintiff's Motion for Expenses Pursuant to This Court's Order Granting Plaintiff's Motion to Compel and Motion for Sanctions (ECF No. <u>379</u> ) is GRANTED. IT IS FURTHER ORDERED that attorney Lawrence Pratt shall pay $18,490 in attorneys' fees to Plaintiff. Signed by Magistrate Judge Shirley Padmore Mensah on 6/25/2024. (HMA) (Entered: 06/25/2024) |
| 06/25/2024 | 405 | Docket Text ORDER Re: <u>374</u> MOTION to Withdraw Lawrence L. Pratt; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 6/25/2024. (JEB) (Entered: 06/25/2024) |
| 06/26/2024 | <u>406</u> | Consent MOTION for Leave to File Excess Pages by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 06/26/2024) |
| 06/26/2024 | 407 | Docket Text ORDER granting <u>406</u> Consent MOTION for Leave to File Excess Pages by Plaintiff Dennis Ball–Bey. Signed by Magistrate Judge Shirley Padmore Mensah on 6/26/2024. (HMA) (Entered: 06/26/2024) |
| 06/28/2024 | <u>408</u> | MOTION for Leave to File Under Seal by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 06/28/2024) |
| 06/28/2024 | <u>409</u> | <span style="color:red">SEALED MEMORANDUM in Support of <u>408</u> MOTION for Leave to File Under Seal filed by Plaintiff Dennis Ball–Bey.</span> Redacted Copy due by 7/1/2024. (Attachments: # <u>1</u> Attachment Memorandum in Opposition to Motion for Summary Judgment, # <u>2</u> Attachment Response to Statement of Facts, # <u>3</u> Exhibit 1 – FIU Report, # <u>4</u> Exhibit 2 – Chandler Depo, # <u>5</u> Exhibit 3 – Vaughan First Depo, # <u>6</u> Exhibit 4 – FIU Diagram, # <u>7</u> Exhibit 5 – Photos of Ball–Bey, # <u>8</u> Exhibit 6 – Shot Spotter Report, # <u>9</u> Exhibit 7 – Photos of Gun, # <u>10</u> Exhibit 8 – Medical Report, # <u>11</u> Exhibit 9 – Graham Depo, # <u>12</u> Exhibit 10 – NY Times Article, # <u>13</u> Exhibit 11 – ETU Report, # <u>14</u> Exhibit 12 – Secret Witness Supplemental Report, # <u>15</u> Exhibit 13 – Gangway Photos, # <u>16</u> Exhibit 14 – Secret Witness Exhibits, # <u>17</u> Exhibit 15 – CAO Report, # <u>18</u> Exhibit 16 – Secret Witness Depo, # <u>19</u> Exhibit 17 – Chandler IAD Report, # <u>20</u> Exhibit 18 – Vaughan PC Statement, # <u>21</u> Exhibit 19 – Bartlett Depo, # <u>22</u> Exhibit 20 – Vaughan Second Depo, # <u>23</u> Exhibit 21 – Vaughan FIU Diagram, # <u>24</u> Exhibit 22 – PD Article re Chandler, # <u>25</u> Exhibit 23 – Chandler FIU Diagram, # <u>26</u> Exhibit 24 – Noedel Expert Report, # <u>27</u> Exhibit 25 – Engelhardt Depo, # <u>28</u> Exhibit 26 – Engelhardt Depo Green, # <u>29</u> Exhibit 27 – Burle Verdict Form, # <u>30</u> Exhibit 28 – PD Article on Burle, # <u>31</u> Exhibit 29 – SLMPD Use of |

| | | |
|---|---|---|
| | | Force Policy, # <u>32</u> Exhibit 30 – City 30b6 Depo, # <u>33</u> Exhibit 31 – Noedel CV, # <u>34</u> Exhibit 32 – Noedel Supplement, # <u>35</u> Exhibit 33 – Carlock CV, # <u>36</u> Exhibit 34 – Carlock Expert Report, # <u>37</u> Exhibit 35 – Diagram from Chandler Depo, # <u>38</u> Exhibit 36 – Chandler Depo – Gray, # <u>39</u> Exhibit 37 – Doss EMR, # <u>40</u> Exhibit 38 – Vaughan Depo – Gray, # <u>41</u> Exhibit 39 – Robinson Complaint, # <u>42</u> Exhibit 40 – Gray Order on MTC, # <u>43</u> Exhibit 41 – Gray Unendorsement, # <u>44</u> Exhibit 42 – Vaughan EMR, # <u>45</u> Exhibit 43 – Vaughan Indictment, # <u>46</u> Exhibit 44 – Vaughan EMR 2, # <u>47</u> Exhibit 45 – Chandler EMR, # <u>48</u> Exhibit 46 – Gray Second Am Complaint, # <u>49</u> Exhibit 47 – RFT Article on Burle, # <u>50</u> Exhibit 48 – FIU Audit, # <u>51</u> Exhibit 49 – Robinson Settlement, # <u>52</u> Exhibit 50 – Placeholder for Plaintiff Animation Video, # <u>53</u> Exhibit 51 – Placeholder for City Animation Video)(Waldron, John) (Entered: 06/28/2024) |
| 07/02/2024 | <u>410</u> | Consent MOTION for Extension of: Time for Rule 13.05 Memorandum by Plaintiff Dennis Ball−Bey. (Waldron, John) (Entered: 07/02/2024) |
| 07/03/2024 | 411 | Docket Text ORDER: IT IS HEREBY ORDERED that Plaintiff's Consent Motion for Extension of Time for Rule 13.05 Memorandum (ECF No. 410) is GRANTED. The parties are reminded that any redactions or sealing they seek must be consistent with this Court's previous orders and should not include requests to seal documents (or redact portions of documents) that have already been filed in the public record in this case. Signed by Magistrate Judge Shirley Padmore Mensah on 7/3/2024. (HMA) (Entered: 07/03/2024) |
| 07/10/2024 | <u>412</u> | Consent MOTION for Extension of: Time for Rule 13.05 Memorandum by Plaintiff Dennis Ball−Bey. (Waldron, John) (Entered: 07/10/2024) |
| 07/10/2024 | 413 | Docket Text ORDER granting <u>412</u> Consent MOTION for Extension of: Time for Rule 13.05 Memorandum filed by Plaintiff Dennis Ball−Bey. Signed by Magistrate Judge Shirley Padmore Mensah on 7/10/2024. (HMA) (Entered: 07/10/2024) |
| 07/12/2024 | <u>414</u> | First MOTION for Extension of Time to File Response/Reply by Defendant Kyle Chandler. (Sandberg−Vossmeyer, Rebecca) (Entered: 07/12/2024) |
| 07/12/2024 | 415 | Docket Text ORDER re: <u>414</u> First MOTION for Extension of Time to File Response/Reply by Defendant Kyle Chandler; ORDERED GRANTED. (Response due by 7/19/2024.) Signed by Magistrate Judge Shirley Padmore Mensah on 7/12/2024. (HMA) (Entered: 07/12/2024) |
| 07/15/2024 | <u>416</u> | MOTION for Extension of: Deadline for Compliance with LR 13.05 by Plaintiff Dennis Ball−Bey. (Waldron, John) (Entered: 07/15/2024) |
| 07/16/2024 | 417 | Docket Text ORDER Re: <u>416</u> Motion for Extension of Time to File Redaction; ORDERED GRANTED. (Response to Court due by 7/17/2024.) Signed by Magistrate Judge Shirley Padmore Mensah on 7/16/2024. (JEB) (Entered: 07/16/2024) |
| 07/17/2024 | <u>418</u> | REDACTION to <u>409</u> Sealed Memorandum in Support of Motion for Leave to File Under Seal,,,,,,,,,, *Redacted Memo in Opposition to MSJ* by Dennis Ball−Bey filed by Plaintiff Dennis Ball−Bey. (Waldron, John) (Entered: 07/17/2024) |
| 07/17/2024 | <u>419</u> | REDACTION to <u>409</u> Sealed Memorandum in Support of Motion for Leave to File Under Seal,,,,,,,,,, *Pl's Material Facts + Exhibits* by Dennis Ball−Bey filed by Plaintiff Dennis Ball−Bey. (Attachments: # <u>1</u> Exhibit Ex. 1, # <u>2</u> Exhibit Ex. 2, # <u>3</u> Exhibit Ex. 3, # <u>4</u> Exhibit Ex. 4, # <u>5</u> Exhibit Ex. 5, # <u>6</u> Exhibit Ex. 6, # <u>7</u> Exhibit Ex. 7, # <u>8</u> Exhibit Ex. 8, # <u>9</u> Exhibit Ex. 9, # <u>10</u> Exhibit Ex. 10, # <u>11</u> Exhibit Ex. 11, # <u>12</u> Exhibit Ex. 12, # <u>13</u> Exhibit Ex. 13, # <u>14</u> Exhibit Ex. 14, # <u>15</u> Exhibit Ex. 15, # <u>16</u> Exhibit Ex. 16, # <u>17</u> Exhibit Ex. 17, |

| | | |
|---|---|---|
| | | # 18 Exhibit Ex. 18, # 19 Exhibit Ex. 19, # 20 Exhibit Ex. 20, # 21 Exhibit Ex. 21, # 22 Exhibit Ex. 22, # 23 Exhibit Ex. 23, # 24 Exhibit Ex. 24, # 25 Exhibit Ex. 25, # 26 Exhibit Ex. 26, # 27 Exhibit Ex. 27, # 28 Exhibit Ex. 28, # 29 Exhibit Ex. 29, # 30 Exhibit Ex. 30, # 31 Exhibit Ex. 31, # 32 Exhibit Ex. 32, # 33 Exhibit Ex. 33, # 34 Exhibit Ex. 34, # 35 Exhibit Ex. 35, # 36 Exhibit Ex. 36, # 37 Exhibit Ex. 37, # 38 Exhibit Ex. 38, # 39 Exhibit Ex. 39, # 40 Exhibit Ex. 40, # 41 Exhibit Ex. 41, # 42 Exhibit Ex. 42, # 43 Exhibit Ex. 43, # 44 Exhibit Ex. 44, # 45 Exhibit Ex. 45, # 46 Exhibit Ex. 46, # 47 Exhibit Ex. 47, # 48 Exhibit Ex. 48, # 49 Exhibit Ex. 49, # 50 Exhibit Ex. 50, # 51 Exhibit Ex. 51)(Waldron, John) (Entered: 07/17/2024) |
| 07/17/2024 | 420 | SEALED MEMORANDUM re: Inability to File Redacted Document in Support of 408 MOTION for Leave to File Under Seal filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Parties' Agreed Redactions)(Waldron, John) (Entered: 07/17/2024) |
| 07/18/2024 | 421 | Second MOTION for Extension of Time to File Response/Reply by Defendant Kyle Chandler. (Sandberg–Vossmeyer, Rebecca) (Entered: 07/18/2024) |
| 07/18/2024 | 422 | Docket Text ORDER Re: 421 Motion for Extension of Time to File Response/Reply; ORDERED GRANTED. (Reply due by 7/22/2024.) Signed by Magistrate Judge Shirley Padmore Mensah on 7/18/2024. (JEB) (Entered: 07/18/2024) |
| 07/22/2024 | 423 | REPLY to Response to Motion re 394 MOTION for Summary Judgment filed by Defendant Kyle Chandler. (Laird, Brandon) (Entered: 07/22/2024) |
| 07/22/2024 | 424 | RESPONSE to Statement of Material Facts re 395 Statement of Material Facts, filed by Defendant Kyle Chandler. (Laird, Brandon) (Entered: 07/22/2024) |
| 07/24/2024 | 425 | ORDER (See Full Order): IT IS HEREBY ORDERED that Defendant shall hand–deliver to the clerk's office a disc or other electronic media containing the audio and video exhibits described in the placeholders no later than 12:00 p.m. (noon) on Friday, July 26, 2024, Any exhibits not received by the clerk's office by 12:00 p.m. on Friday, July 26, 2024 will not be considered for purposes of Defendant's motion for summary judgment. (Response to Court due by 7/26/2024.) Signed by Magistrate Judge Shirley Padmore Mensah on 7/24/2024. (JEB) (Entered: 07/24/2024) |
| 07/26/2024 | | ***REMARK – Thumb drive of exhibits pertaining to 7/24/24 court order were received and will be maintained in the clerk's office. (ANR) (Entered: 07/31/2024) |
| 07/30/2024 | 426 | SEALED MEMORANDUM re: Inability to File Redacted Document in Support of 408 MOTION for Leave to File Under Seal filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Attachment Proposed Redacted Version of FIU Audit)(Wyrsch, James) (Entered: 07/30/2024) |
| 07/31/2024 | 427 | Docket Text ORDER: IT IS HEREBY ORDERED that the Court shall hold a brief telephone conference with the parties on Friday, August 2, 2024, at 11:00 a.m., to discuss the issues raised in Plaintiff's Sealed Memorandum Regarding Sealed Document 409–50 (ECF No. 426). Counsel will receive an email with instructions for attending. (Telephone Conference set for 8/2/2024 11:00 AM in Telephone Conference in Chambers before Magistrate Judge Shirley Padmore Mensah.) Signed by Magistrate Judge Shirley Padmore Mensah on 7/31/2024. (HMA) (Entered: 07/31/2024) |
| 08/01/2024 | 428 | MOTION to Withdraw as Attorney re attorney/firm Brandon Laird by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. (Laird, Brandon) (Entered: 08/01/2024) |
| 08/02/2024 | 429 | |

| | | |
|---|---|---|
| | | Docket Text ORDER granting 428 MOTION to Withdraw as Attorney re attorney/firm Brandon Laird by Defendants Kyle Chandler, Sam Dotson, St. Louis, City of, Ronald Vaughn. Attorney Brandon D. Laird terminated. Signed by Magistrate Judge Shirley Padmore Mensah on 8/2/2024. (HMA) (Entered: 08/02/2024) |
| 08/02/2024 | 430 | Docket Text ORDER: In Sealed Memorandum Regarding Sealed Document 409–50 (ECF No. 426), Plaintiff requests that the Court permit Plaintiff to publish a redacted version of the FIU Audit (ECF No. 426). IT IS HEREBY ORDERED that Defendant's response to this request must be filed no later than Friday, August 16, 2024. (Response to Court due by 8/16/2024.) Signed by Magistrate Judge Shirley Padmore Mensah on 8/2/2024. (HMA) (Entered: 08/02/2024) |
| 08/02/2024 | 431 | ELECTRONIC MINUTE ENTRY for proceedings held before Magistrate Judge Shirley Padmore Mensah: Telephone Conference held on 8/2/2024. The court and counsel discussed the status of the parties' ongoing attempts to resolve sealing and redaction issues (proceedings started: 11:02 am) (proceedings ended: 11:22 am) (HMA) (Entered: 08/02/2024) |
| 08/13/2024 | 432 | ENTRY of Appearance by Andrew David Wheaton for Defendant Kyle Chandler. (Wheaton, Andrew) (Entered: 08/13/2024) |
| 08/16/2024 | 433 | RESPONSE TO COURT ORDER re 430 Docket Text Order with Schedules, by Defendant St. Louis, City of. (Wheaton, Andrew) (Entered: 08/16/2024) |
| 08/22/2024 | 434 | MEMORANDUM AND ORDER: IT IS HEREBY ORDERED that Defendant's Motion to File Documents Under Seal (ECF No. 396 ) is GRANTED IN PART and DENIED IN PART, as follows... SEE ORDER FOR FULL DETAILS. (Response to Court due by 8/30/2024.) Signed by Magistrate Judge Shirley Padmore Mensah on 08/22/2024. (ANR) (Entered: 08/22/2024) |
| 08/23/2024 | 435 | MEMORANDUM AND ORDER (See Full Order). IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (ECF No. 394 ) is DENIED. Signed by Magistrate Judge Shirley Padmore Mensah on 8/23/2024. (JEB) (Entered: 08/23/2024) |
| 08/27/2024 | 436 | MEMORANDUM AND ORDER (See Full Order). IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Under Seal Summary Judgment Opposition (Doc. 279 ) is GRANTED, except to the extent that the Court deems the motion withdrawn, as set forth below. With respect to Plaintiff's Exhibits 2–4, 6–15, 17–23, 25–30, 35–36, 38–47, and 50–51 (sealed versions filed as attachments to ECF No. 409 ; redacted versions filed as attachments to ECF No. 419), the Court deems Plaintiff's request that these documents be sealed to be withdrawn, and the clerk of court shall unseal these documents. With respect to Plaintiff's Memorandum in Opposition to Defendants Kyle Chandler's Motion for Summary Judgment (sealed version at ECF No. 409–1; redacted version at ECF No. 418 ); Plaintiff's Response to Defendant's Statement of Undisputed Material Facts and Plaintiff's Statement of Additional Undisputed Material Facts (sealed version at ECF No. 409–2; redacted version at ECF No. 419 ); and Plaintiff's Exhibits 1, 16, 24, 31–34, 37, and 49 (sealed versions attached as exhibits to ECF No. 409; redacted versions attached as exhibits to ECF No. 419), Plaintiff's motion to keep the full, unredacted versions under seal is GRANTED. With respect to the FIU Audit (Pl.'s Ex. 48, filed under seal at ECF No. 409–50), the Court is without jurisdiction to address the propriety of sealing or unsealing due to the pending Eighth Circuit appeal. The document will remain sealed pending resolution of the appeal. Signed by Magistrate Judge Shirley Padmore Mensah on 8/27/2024. (JEB) (Entered: 08/27/2024) |
| 08/27/2024 | 437 | |

| | | MOTION to Continue Jury Trial Setting and Pre–Trial Deadlines by Defendant Kyle Chandler. (Wheaton, Andrew) (Entered: 08/27/2024) |
|---|---|---|
| 08/28/2024 | 438 | Docket Text ORDER: IT IS HEREBY ORDERED that the Court shall hold a conference on Defendant's Motion for Continuance of Trial Setting and All Pre–Trial Deadlines (ECF No. 437 ) on Tuesday, September 3, 2024, at 10:30 a.m. The conference will occur by Zoom. Counsel will receive an email with instructions for attending in advance of the conference. (Status Conference set for 9/3/2024 10:30 AM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah.) Signed by Magistrate Judge Shirley Padmore Mensah on 8/28/2024. (JEB) (Entered: 08/28/2024) |
| 08/29/2024 | 439 | Docket Text ORDER: IT IS HEREBY ORDERED that the Zoom conference currently set for Tuesday, September 3, 2024, at 10:30 a.m. is VACATED. IT IS FURTHER ORDERED that the Court shall hold a conference on Defendant's Motion for Continuance of Trial Setting and All Pre–Trial Deadlines (ECF No. 437 ) on Friday, August 30, 2024, at 11:00 a.m. The conference will occur by Zoom. Counsel will receive an email with instructions for attending in advance of the conference. (Status Conference set for 8/30/2024 11:00 AM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah.) Signed by Magistrate Judge Shirley Padmore Mensah on 8/29/2024. (HMA) (Entered: 08/29/2024) |
| 08/29/2024 | 440 | SEALED DOCUMENT re 434 Order on Motion for Leave to File Under Seal, 397 Sealed Memorandum in Support of Motion for Leave to File Under Seal, by Defendant Kyle Chandler. (Sandberg–Vossmeyer, Rebecca) (Entered: 08/29/2024) |
| 08/29/2024 | 441 | REDACTION to 397 Sealed Memorandum in Support of Motion for Leave to File Under Seal, by Kyle Chandler. (Sandberg–Vossmeyer, Rebecca) (Entered: 08/29/2024) |
| 08/29/2024 | 442 | REDACTION to 397 Sealed Memorandum in Support of Motion for Leave to File Under Seal, *Exhibit E* by Kyle Chandler. (Sandberg–Vossmeyer, Rebecca) (Entered: 08/29/2024) |
| 08/30/2024 | 443 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Status Conference held on 8/30/2024. Parties present. The court and counsel discuss trial dates. The parties are to confer and advise the court of a mutually agreeable trial date. (proceedings started: 11:03 am) (proceedings ended: 11:12 am) (Recorded on Zoom by: J. Bailey)(Appearance for Plaintiff: James Wyrsch, Jermaine Wooten, Jack Waldron, Javad Khazaeli)(Appearance for Defendant: Andrew Wheaton) (JEB) (Entered: 08/30/2024) |
| 09/05/2024 | 444 | ORDER of USCA as to 386 Notice of Appeal, filed by St. Louis, City of, Kyle Chandler. The unopposed motion for limited remand and stay of all deadlines is granted. This matter is remanded to the U.S. District Court for the Eastern District of Missouri for the limited purpose of allowing the district court to consider whether to approve the parties agreed–upon limited redactions, whether to order that the FIU Audit be publicly filed with those redactions, and whether to vacate or otherwise modify the order that is the subject of this appeal. This appeal shall be stayed pending further action by the district court on limited remand. USCA Appeal #: 24–1417. (HMA) (Entered: 09/05/2024) |
| 09/10/2024 | 445 | ORDER: IT IS HEREBY ORDERED that the Court shall hold a Zoom status conference on Tuesday, September 17, 2024, at 1:30 p.m., to discuss the limited remand of this matter and the next steps the parties and this Court should take consistent with the Eighth Circuit's order. Counsel will receive instructions for attending the conference by email. IT IS FURTHER ORDERED that, prior to the Zoom status conference, the parties shall meet and confer regarding the specific steps they and this Court should take with respect to the limited remand of this matter. The parties should be prepared to address (i) the status of |

| | | |
|---|---|---|
| | | the agreed–upon redactions to the FIU Audit; (ii) their positions regarding the sealing or unsealing of the remaining documents this Court ordered unsealed in its February 13th Memorandum and Order; and (iii) any specific relief they intend to seek from this Court in conjunction with the limited remand. (Status Conference set for 9/17/2024 01:30 PM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah.) Signed by Magistrate Judge Shirley Padmore Mensah on 9/10/2024. (JEB) (Entered: 09/10/2024) |
| 09/11/2024 | 446 | AMENDED ORDER SETTING TRIAL (See Full Order). IT IS HEREBY ORDERED that Defendant's Motion for Continuance of Trial Setting and All Pre–trial Deadlines (ECF No. 437 ) is GRANTED. IT IS FURTHER ORDERED that the jury trial currently set for September 23, 2024, is CANCELLED. IT IS FURTHER ORDERED that this action is set for a JURY trial on Monday, January 27, 2025, at 9:00 a.m. The trial is expected to last five days. IT IS FINALLY ORDERED that the Court will hold a final pretrial conference on Wednesday, January 22, 2025, at 10:00 a.m. The conference will begin in chambers. Trial counsel must attend and should be prepared to argue any unresolved motions in limine at that time. Failure to comply with any part of this order may result in the imposition of sanctions. (Motion in Limine due by 1/13/2025. Pretrial Compliance due by 1/6/2025. Jury Trial set for 1/27/2025 09:00 AM in Courtroom 13S – St. Louis before Magistrate Judge Shirley Padmore Mensah.) Signed by Magistrate Judge Shirley Padmore Mensah on 9/11/2024. (JEB) (Entered: 09/11/2024) |
| 09/17/2024 | 447 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Status Conference held on 9/17/2024 via zoom. Parties discuss case status. Counsel for defendant will file a Motion to Amend Court Order. Order to issue. (proceedings started: 1:38 pm) (proceedings ended: 2:02 pm) (HMA) (Entered: 09/17/2024) |
| 09/17/2024 | 448 | Docket Text ORDER: for the reasons discussed at the case status hearing held on 9/17/2024, Defendant will file a Motion to Amend the Court's February 13, 2024 Order no later than 9/27/2024. (Response to Court due by 9/27/2024.) Signed by Magistrate Judge Shirley Padmore Mensah on 9/17/2024. (HMA) (Entered: 09/17/2024) |
| 09/26/2024 | 449 | MOTION to Amend/Correct 384 Order on Motion for Leave to File Under Seal, Order on Motion to Unseal Document, by Defendants Kyle Chandler, St. Louis, City of. (Attachments: # 1 Exhibit A (Audit))(Wheaton, Andrew) Modified on 9/27/2024 (HMA). (Entered: 09/26/2024) |
| 10/21/2024 | 450 | ORDER (See Full Order). IT IS HEREBY ORDERED that the City of St. Louis's Consent Motion to Modify February 13, 2024 Order (ECF No. 449 ) is GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 10/21/2024. (JEB) (Entered: 10/21/2024) |
| 10/28/2024 | 451 | USCA JUDGMENT as to 386 Notice of Appeal, filed by St. Louis, City of, Kyle Chandler. Appellant's motion to dismiss the appeal is granted. The appeal is hereby dismissed in accordance with the Federal Rules of Appellate Procedure 42(b). **This is a preliminary judgment and/or opinion of U.S. Court of Appeals; jurisdiction is not recovered until the Mandate is issued by the U.S Court of Appeals.** (HMA) (Entered: 10/28/2024) |
| 10/28/2024 | 452 | MANDATE of USCA as to 386 Notice of Appeal, filed by St. Louis, City of, Kyle Chandler. USCA #:24–1417. In accordance with the judgment and pursuant to the provisions of Federal Rule of Appellate Procedure 41(a), the formal mandate is hereby issued in the above–styled matter. Appeal is Dismissed. (HMA) (Entered: 10/28/2024) |
| 11/07/2024 | | ***REMARK– The unsealed, redacted version of ECF No. 296–2 and ECF No. 317–2 can be found at ECF No. 449–1. (CLH) (Entered: 11/07/2024) |

| | | |
|---|---|---|
| 11/07/2024 | | ***REMARK– Documents unsealed as listed in Order 450 upon the USCA Judgment 451 (CLH) (Entered: 11/07/2024) |
| 11/27/2024 | 453 | MOTION for Leave to Use Juror Questionnaire by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 11/27/2024) |
| 11/27/2024 | 454 | MEMORANDUM in Support of Motion re 453 MOTION for Leave to Use Juror Questionnaire filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4)(Waldron, John) (Entered: 11/27/2024) |
| 12/02/2024 | 455 | Docket Text ORDER: IT IS HEREBY ORDERED that Defendant's response to Plaintiff's Motion to Use Juror Questionnaire (ECF No. 453 ) shall be filed no later than Wednesday, December 4, 2024. IT IS FURTHER ORDERED that the Court shall hold a conference on the motion, by Zoom, on Friday, December 6, 2024, at 9:30 a.m. Counsel will receive an email with instructions for attending in advance of the conference. (Response to Court due by 12/4/2024. Motion Hearing set for 12/6/2024 09:30 AM in Zoom Video Conference before Magistrate Judge Shirley Padmore Mensah.) Signed by Magistrate Judge Shirley Padmore Mensah on 12/2/2024. (JEB) (Entered: 12/02/2024) |
| 12/04/2024 | 456 | RESPONSE in Opposition re 453 MOTION for Leave to Use Juror Questionnaire filed by Defendant Kyle Chandler. (Wheaton, Andrew) (Entered: 12/04/2024) |
| 12/05/2024 | 457 | MEMORANDUM OPINION AND ORDER: IT IS HEREBY ORDERED that Plaintiff's Motion to Use Juror Questionnaire (ECF No. 453 ) is DENIED. IT IS FURTHER ORDERED that the Zoom conference on this motion currently set for Friday, December 6, 2024, at 9:30 a.m., is VACATED. Signed by Magistrate Judge Shirley Padmore Mensah on 12/5/2024. (CLH) (Entered: 12/05/2024) |
| 12/10/2024 | 458 | MOTION to Withdraw as Attorney re attorney/firm Andrew Wheaton by Defendant Kyle Chandler. (Wheaton, Andrew) (Entered: 12/10/2024) |
| 12/11/2024 | 459 | ENTRY of Appearance by Abby J. Duncan for Defendant Kyle Chandler. (Duncan, Abby) (Entered: 12/11/2024) |
| 12/11/2024 | 460 | MOTION to Continue Jury Trial Setting and Pre–Trial Deadlines by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 12/11/2024) |
| 12/11/2024 | 461 | Docket Text ORDER Re: 458 Motion to Withdraw as Attorney Andrew David Wheaton; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 12/11/2024. (JEB) (Entered: 12/11/2024) |
| 12/11/2024 | 462 | Docket Text ORDER: This matter is before the Court on Defendant's Motion to Continue Jury Trial Setting and Pre–Trial Deadlines [ECF No. 460 ]. This case has been pending for over 84 months. After extensive motion practice it was set for trial in January 2023. The trial setting was then continued three times. It was continued once at Plaintiff's request when Plaintiff's expert witness unexpectedly passed away; the other two requests to continue the trial setting were made at the Defendant's request to accommodate changes of counsel or due to a conflict with defense counsel's trial schedule. At this juncture, trial is still more than thirty days away, at least one attorney on the defense team has been working on the case for approximately a year or more, and the Court finds the prejudice to Plaintiff would be unjust and unacceptable. Accordingly, IT IS HEREBY ORDERED that the Motion to Continue Jury Trial Setting and Pre–Trial Deadlines [ECF No. 460 ] is DENIED. So Ordered. Signed by Magistrate Judge Shirley Padmore Mensah on 12/11/2024. (JEB) (Entered: 12/11/2024) |

| | | |
|---|---|---|
| 01/02/2025 | 463 | ENTRY of Appearance by Rachael Hagan for Defendant Kyle Chandler. (Hagan, Rachael) (Entered: 01/02/2025) |
| 01/06/2025 | 464 | TRIAL BRIEF by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 01/06/2025) |
| 01/06/2025 | 465 | WITNESS LIST by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 01/06/2025) |
| 01/06/2025 | 466 | Exhibit List by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 01/06/2025) |
| 01/06/2025 | 467 | TRIAL BRIEF by Plaintiff Dennis Ball−Bey. (Waldron, John) (Entered: 01/06/2025) |
| 01/06/2025 | 468 | WITNESS LIST by Plaintiff Dennis Ball−Bey. (Waldron, John) (Entered: 01/06/2025) |
| 01/06/2025 | 469 | Stipulation of Uncontested Facts by Plaintiff Dennis Ball−Bey. (Waldron, John) (Entered: 01/06/2025) |
| 01/06/2025 | 470 | Exhibit List by Plaintiff Dennis Ball−Bey. (Waldron, John) (Entered: 01/06/2025) |
| 01/06/2025 | 471 | Proposed Jury Instructions by Plaintiff Dennis Ball−Bey. (Waldron, John) (Entered: 01/06/2025) |
| 01/07/2025 | 472 | MOTION for Leave to Issue Subpoena by Plaintiff Dennis Ball−Bey. (Waldron, John) (Entered: 01/07/2025) |
| 01/08/2025 | 473 | MEMORANDUM in Support of Motion re 472 MOTION for Leave to Issue Subpoena filed by Plaintiff Dennis Ball−Bey. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(Waldron, John) (Entered: 01/08/2025) |
| 01/08/2025 | 474 | Docket Text ORDER: IT IS HEREBY ORDERED that Defendant Kyle Chandler shall file a response to Plaintiff's Motion for Leave to Issue Subpoena (ECF No. 472) no later than Monday, January 13, 2025. Signed by Magistrate Judge Shirley Padmore Mensah on 1/8/2025. (HMA) (Entered: 01/08/2025) |
| 01/09/2025 | 475 | Consent MOTION for Leave to File Proposed Jury Instructions Out of Time by Defendant Kyle Chandler. (Attachments: # 1 Attachment Defendant's Proposed Jury Instructions)(Duncan, Abby) (Entered: 01/09/2025) |
| 01/09/2025 | 476 | MOTION for Leave to Submit Special Interrogatories to Jury by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 01/09/2025) |
| 01/09/2025 | 477 | MEMORANDUM in Support of Motion re 476 MOTION for Leave to Submit Special Interrogatories to Jury filed by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 01/09/2025) |
| 01/12/2025 | 478 | Consent MOTION for Extension of: Deadline for Plaintiff to file Objections to Def's Jury Instructions by Plaintiff Dennis Ball−Bey. (Waldron, John) (Entered: 01/12/2025) |
| 01/13/2025 | 479 | Docket Text ORDER re: 478 Consent MOTION for Extension of: Deadline for Plaintiff to file Objections to Def's Jury Instructions by Plaintiff Dennis Ball−Bey. ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 1/13/2025. (CLH) (Entered: 01/13/2025) |
| 01/13/2025 | 480 | Docket Text ORDER: IT IS HEREBY ORDERED that Plaintiff's response to Defendant's Motion to Submit Special Interrogatories to the Jury (ECF No. 476 ) shall be filed no later than Thursday, January 16, 2025. Signed by Magistrate Judge Shirley Padmore Mensah on 1/13/2025. (CLH) (Entered: 01/13/2025) |
| 01/13/2025 | 481 | |

| | | OBJECTION to Pretrial re 471 Proposed Jury Instructions by Defendant Kyle Chandler. Related document: 471 Proposed Jury Instructions filed by Dennis Ball–Bey.(Hagan, Rachael) (Entered: 01/13/2025) |
|---|---|---|
| 01/13/2025 | 482 | RESPONSE in Opposition re 472 MOTION for Leave to Issue Subpoena filed by Defendant Kyle Chandler. (Attachments: # 1 Exhibit A– James Joyner Work History)(Duncan, Abby) (Entered: 01/13/2025) |
| 01/13/2025 | 483 | OBJECTION to Pretrial re 466 Exhibit List by Plaintiff Dennis Ball–Bey. Related document: 466 Exhibit List filed by Kyle Chandler.(Waldron, John) (Entered: 01/13/2025) |
| 01/13/2025 | 484 | MOTION in Limine by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2)(Waldron, John) (Entered: 01/13/2025) |
| 01/13/2025 | 485 | MOTION in Limine by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 01/13/2025) |
| 01/14/2025 | 486 | REPLY to Response to Motion re 472 MOTION for Leave to Issue Subpoena filed by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 01/14/2025) |
| 01/14/2025 | 487 | ORDER. IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Issue Subpoena (ECF No. 472 ) is DENIED. Signed by Magistrate Judge Shirley Padmore Mensah on 1/14/2025. (HMA) (Entered: 01/14/2025) |
| 01/15/2025 | 488 | Docket Text ORDER Re: 475 Consent MOTION for Leave to File Proposed Jury Instructions Out of Time filed by Defendant Kyle Chandler; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 1/15/2025. (HMA) Modified signature date on 1/16/2025 (CLH). (Entered: 01/15/2025) |
| 01/15/2025 | 489 | Proposed Jury Instructions by Defendant Kyle Chandler. (HMA) (Entered: 01/15/2025) |
| 01/15/2025 | 490 | OBJECTION to Pretrial re 489 Proposed Jury Instructions by Plaintiff Dennis Ball–Bey. Related document: 489 Proposed Jury Instructions filed by Kyle Chandler.(Waldron, John) (Entered: 01/15/2025) |
| 01/16/2025 | 491 | OBJECTION to Pretrial re 476 MOTION for Leave to Submit Special Interrogatories to Jury by Plaintiff Dennis Ball–Bey. Related document: 476 MOTION for Leave to Submit Special Interrogatories to Jury filed by Kyle Chandler.(Waldron, John) (Entered: 01/16/2025) |
| 01/20/2025 | 492 | RESPONSE to Motion re 484 MOTION in Limine filed by Defendant Kyle Chandler. (Attachments: # 1 Exhibit A– Torres Closing)(Duncan, Abby) (Entered: 01/20/2025) |
| 01/20/2025 | 493 | MOTION for Leave to File Under Seal by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 01/20/2025) |
| 01/20/2025 | 494 | SEALED MEMORANDUM in Support of 493 MOTION for Leave to File Under Seal filed by Plaintiff Dennis Ball–Bey. Redacted Copy due by 1/23/2025. (Attachments: # 1 Exhibit Exhibit 1, MIL Response)(Waldron, John) (Entered: 01/20/2025) |
| 01/21/2025 | 495 | REPLY to Response to Motion re 484 MOTION in Limine filed by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 01/21/2025) |
| 01/22/2025 | 496 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Final Pretrial Conference held on 1/22/2025. Discussion held and motions ruled per the record. Any supplemental case law or items discussed at the hearing are due by Friday, 1/24/25. The Defendant states they would like to make a Motion to Bifurcate the Trial, which is to be filed as a written motion by Friday, |

| | | |
|---|---|---|
| | | 1/24/25.Jury Trial to begin on Monday 1/27/24 in Courtroom 13 South before Magistrate Judge Shirley P. Mensah. (Court Reporter:Shannon White, Shannon_White@moed.uscourts.gov, 314–244–7966 and Carla Klaustermeier, Carla_Klaustermeier@moed.uscourts.gov, 314–244–7984) (proceedings started: 10:09 am – 2:11 pm) (proceedings ended: 3:15 pm – 3:44 pm) (Deputy Clerk: J. Bailey and C. Hutson)(Appearance for Plaintiff: Jermaine Wooten, Javad M. Khazaeli, John McCann Waldron, James R. Wyrsch)(Appearance for Defendant: Abby J. Duncan, Rachael Hagan, Rebecca Sandberg–Vossmeyer) (CLH) Modified on 1/24/2025 (CLH). (Entered: 01/23/2025) |
| 01/23/2025 | 497 | Order on Plaintiff's Motions in Limine [ECF No. 484 ] and Defendant's Motions in Limine [ECF No. 485 ]. (See Order for full ruling.) IT IS FINALLY ORDERED that, no later than Friday, January 24, 2025, the parties shall submit supplemental briefing on (1) the hearsay issue raised above in the discussion of Defendant's Motion in Limine No. 3, and (2) the question of whether the trial should be bifurcated. Signed by Magistrate Judge Shirley Padmore Mensah on 1/23/2025. (GGB) Modified on 1/23/2025 – corrected minor error in docket text entry (GGB). (Entered: 01/23/2025) |
| 01/24/2025 | 498 | Docket Text ORDER: IT IS HEREBY ORDERED that any briefing on what steps the Court should take during trial, if any, to protect the identity of the witness whose identity was sealed in documents previously filed shall be filed no later than Sunday, January 26, 2025. Any briefing should be supported by relevant legal authority and facts. Signed by Magistrate Judge Shirley Padmore Mensah on 1/24/2025. (JEB) (Entered: 01/24/2025) |
| 01/24/2025 | 499 | ENTRY of Appearance by Alicia Campbell for Plaintiff Dennis Ball–Bey. (Campbell, Alicia) (Entered: 01/24/2025) |
| 01/24/2025 | 500 | RESPONSE TO COURT ORDER re 497 Order on Motion in Limine,,,,, by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 01/24/2025) |
| 01/24/2025 | 501 | MOTION to Bifurcate by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 01/24/2025) |
| 01/24/2025 | 502 | MEMORANDUM in Support of Motion re 501 MOTION to Bifurcate filed by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 01/24/2025) |
| 01/24/2025 | 503 | REPLY to Response to Motion re 485 MOTION in Limine , *Supplemental Motion in Limine re: Engelhardt Testimony, and Response to Court Order [Doc. 497]* filed by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 01/24/2025) |
| 01/25/2025 | 504 | MOTION for Leave to Close Courtroom for Testimony of Secret Witness by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 01/25/2025) |
| 01/25/2025 | 505 | MOTION for Leave to File Under Seal by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 01/25/2025) |
| 01/25/2025 | 506 | SEALED MEMORANDUM in Support of 505 MOTION for Leave to File Under Seal filed by Defendant Kyle Chandler. Redacted Copy due by 1/28/2025. (Attachments: # 1 Attachment Memo of Law in Support of Mtn to Close Courtroom for Testimony of Secret Witness)(Duncan, Abby) (Entered: 01/25/2025) |
| 01/26/2025 | 507 | Docket Text ORDER: IT IS HEREBY ORDERED that Defendant's Motion to Bifurcate Trial (ECF No. 501 ) is GRANTED for the reasons stated in the motion and memorandum in support. In the liability and compensatory damages phase of the trial, the parties shall not present to the jury any evidence that is relevant only to the issue of punitive damages. If the jury finds in Plaintiff's favor on liability in the first phase of the trial and the Court |

| | | determines that Plaintiff has a viable claim for punitive damages, the case will immediately move into the second phase of trial with the same jury panel. IT IS FURTHER ORDERED that the parties must submit any proposed jury instructions regarding bifurcation by the start of trial. Signed by Magistrate Judge Shirley Padmore Mensah on 1/26/2025. (CLH) (Entered: 01/26/2025) |
|---|---|---|
| 01/26/2025 | 508 | Supplemental MOTION in Limine *re drugs, guns, and use of the term "drug house"* by Plaintiff Dennis Ball–Bey. (Khazaeli, Javad) (Entered: 01/26/2025) |
| 01/26/2025 | 509 | MEMORANDUM in Opposition of Sealed Motion re 505 MOTION for Leave to File Under Seal , 504 MOTION for Leave to Close Courtroom for Testimony of Secret Witness filed by Plaintiff Dennis Ball–Bey. (Wyrsch, James) (Entered: 01/26/2025) |
| 01/27/2025 | 510 | REDACTION to 494 Sealed Memorandum in Support of Motion for Leave to File Under Seal by Dennis Ball–Bey. (Waldron, John) (Entered: 01/27/2025) |
| 01/27/2025 | 511 | SEALED MEMORANDUM re: Inability to File Redacted Document in Support of 493 MOTION for Leave to File Under Seal filed by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 01/27/2025) |
| 01/27/2025 | 512 | STIPULATION *Joint Stipulation* by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 01/27/2025) |
| 01/27/2025 | 513 | STIPULATION *Joint Stipulation 2* by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 01/27/2025) |
| 01/27/2025 | 515 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Jury Trial held on 1/27/2025 ; day 1. Jury impaneled and sworn. Discussions held and motions discussed outside the presence of the jury. Proceedings to continue on 1/28/2025 at 9:00 am. (Court Reporter:Shannon White, Shannon_White@moed.uscourts.gov, 314–244–7966) (proceedings started: 8:51 am – 11:53 am) (proceedings ended: 1:04 pm – 6:12 pm) (Deputy Clerk: C. Hutson)(Appearance for Plaintiff: Jermaine Wooten, Javad M. Khazaeli, John McCann Waldron, James R. Wyrsch, Alicia Campbell)(Appearance for Defendant: Abby J. Duncan, Rachael Hagan, Rebecca Sandberg–Vossmeyer) (CLH) Non–party transcript request for this proceeding provided to Court Reporter: S. White on 1/20/2026 (BAS). (Entered: 01/28/2025) |
| 01/28/2025 | 514 | STIPULATION *Joint Stipulation 3* by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 01/28/2025) |
| 01/28/2025 | 516 | MOTION for Relief Plaintiff's Motion in Support for Use of Demonstrative Exhibit by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 01/28/2025) |
| 01/28/2025 | 517 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Jury Trial resumed but not concluded 1/28/2025 ; day 2. Plaintiff evidence commenced but not concluded. Proceedings to continue on 1/29/2025 at 9:00 am. (Court Reporter:Shannon White, Shannon_White@moed.uscourts.gov, 314–244–7966) (proceedings started: 8:51 AM – 12:27 PM) (proceedings ended: 1:38 PM – 5:03 PM) (Deputy Clerk: C. Hutson)(Appearance for Plaintiff: Jermaine Wooten, Javad M. Khazaeli, John McCann Waldron, James R. Wyrsch, Alicia Campbell)(Appearance for Defendant: Abby J. Duncan, Rachael Hagan, Rebecca Sandberg–Vossmeyer) (CLH) (Entered: 01/28/2025) |
| 01/29/2025 | 518 | Docket Text ORDER: This matter is before the Court on Plaintiff's Supplemental Motion in Limine re drugs, guns, and use of the term "Drug house" [ECF No. 508 ]. For the |

| | | |
|---|---|---|
| | | reasons stated on the record at the pretrial conference held on the record before the start of trial, IT IS HEREBY ORDERED that Plaintiff's Supplemental Motion in Limine re drugs, guns, and use of the term "Drug house" [ECF No. 508 ] is GRANTED, in part, and denied in part. For the reasons stated on the record, except to the extent this evidence is presented to show what officers Chandler and Vaughn understood about the house/neighborhood where the search warrant was being executed, such evidence is irrelevant, or its probative value is outweighed by the prejudicial effect and will be excluded at trial. Signed by Magistrate Judge Shirley Padmore Mensah on 1/29/2025. (CLH) (Entered: 01/29/2025) |
| 01/29/2025 | 519 | Docket Text ORDER: This matter is before the Court on Defendant's Motion for Leave to Close Courtroom for Testimony of Secret Witness [ECF No. 504 ], which was opposed by Plaintiff [ECF No. 509]. For the reasons stated on the record at the pretrial conference held before the start of trial, IT IS HEREBY ORDERED that Defendant's Motion for Leave to Close Courtroom [ECF No. 504 ] is DENIED. Signed by Magistrate Judge Shirley Padmore Mensah on 1/29/2025. (CLH) (Entered: 01/29/2025) |
| 01/29/2025 | 520 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Jury Trial resumed but not concluded 1/29/2025 ; day 3. Plaintiff evidence resumed but not concluded. Proceedings to continue on 1/20/2025 at 9:00 am. (Court Reporter:Shannon White, Shannon_White@moed.uscourts.gov, 314–244–7966) (proceedings started: 8:47 AM – 12:20 PM) (proceedings ended: 1:11 PM– 5:15 PM) (Deputy Clerk: C. Hutson)(Appearance for Plaintiff: Jermaine Wooten, Javad M. Khazaeli, John McCann Waldron, James R. Wyrsch, Alicia Campbell)(Appearance for Defendant: Abby J. Duncan, Rachael Hagan, Rebecca Sandberg–Vossmeyer) (CLH) (Entered: 01/30/2025) |
| 01/30/2025 | 521 | Proposed Jury Instructions by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 01/30/2025) |
| 01/30/2025 | 522 | Proposed Jury Instructions/Proposed Adverse Inference by Plaintiff Dennis Ball–Bey. (Waldron, John) Modified on 1/31/2025 (ANR). (Entered: 01/30/2025) |
| 01/30/2025 | 523 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Jury Trial resumed but not concluded 1/30/2025 ; day 4. Plaintiff evidence resumed and concluded. Defense evidence commenced and concluded. Motion for judgment of as a matter of law made at at close of all evidence. Motion is overruled. Informal jury conference held off the record. Formal Jury Instruction Conference held on the record from 6:19 pm– 6:56 pm. Defendant's Motion 476 re Special Interrogatories. Arguments heard. Under submission. Proceedings to continue on 1/31/2025. (Court Reporter:Shannon White, Shannon_White@moed.uscourts.gov, 314–244–7966) (proceedings started: 8:53) (proceedings ended: 7:21) (Deputy Clerk: CLH)(Appearance for Plaintiff: Alicia Campbell, Javad M. Khazaeli, John McCann Waldron, James R. Wyrsch, Jermaine Wooten)(Appearance for Defendant: Abby J. Duncan, Rachael Hagan, Rebecca Sandberg–Vossmeyer) (NEP) (Entered: 01/31/2025) |
| 01/31/2025 | 524 | ORDER: IT IS HEREBY ORDERED that the jury in this cause be kept together in the custody of the United States Marshal and the jury meals shall be furnished at the expense of the United States (to be paid through the USDC financial management system).. Signed by Magistrate Judge Shirley Padmore Mensah on 1/31/2025. (NEP) (Entered: 01/31/2025) |
| 01/31/2025 | 525 | NOTICE by Defendant Kyle Chandler *of Intent to File Motion for New Trial* (Duncan, Abby) (Entered: 01/31/2025) |
| 01/31/2025 | 526 | |

| | | |
|---|---|---|
| | | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: JURY VERDICT completed on 1/31/2025 ; day 5. Closing arguments made. Jury is charged and retires to consider its verdict at 11:45. Verdict returned at 1:30. Jury was polled. Phase II for the trial. Began at 2:00pm. Openings given, evidence received, closing made. Jury is charged and retires to consider its verdict at 4:15. Verdict returned at 4:40. Jury was not polled. (Court Reporter:Shannon White, Shannon_White@moed.uscourts.gov, 314–244–7966) (proceedings started: 8:55) (proceedings ended: 5:00) (Deputy Clerk: NEP)(Appearance for Plaintiff: Alicia Campbell, Javad M. Khazaeli, John McCann Waldron, James R. Wyrsch, Jermaine Wooten)(Appearance for Defendant: Abby J. Duncan, Rachael Hagan, Rebecca Sandberg–Vossmeyer) (NEP) Non–party transcript request for this proceeding provided to Court Reporter: S. White on 1/20/2026 (BAS). (Entered: 02/03/2025) |
| 01/31/2025 | 527 | CLERKS WITNESS LIST as to Jury Trial. (NEP) (Entered: 02/03/2025) |
| 01/31/2025 | 528 | CLERKS Exhibit List as to Jury Trial. (NEP) (Entered: 02/03/2025) |
| 01/31/2025 | 529 | Exhibit Receipt. (NEP) (Entered: 02/03/2025) |
| 01/31/2025 | 530 | Jury Instructions filed. (NEP) (Entered: 02/03/2025) |
| 01/31/2025 | 531 | Jury Notes Filed. (NEP) (Entered: 02/03/2025) |
| 01/31/2025 | 532 | JURY VERDICT For: Plaintiff Against: Defendant In the Amount of: 18.75 million. (NEP) (Entered: 02/03/2025) |
| 02/03/2025 | 533 | Docket Text ORDER: This matter is before the Court on Defendant's Notice of Intent to File Motion for New Trial (ECF No. 525 ). At the end of the jury trial that concluded on January 31, 2025, the Court and counsel discussed possible deadlines for parties to file post–trial motions. Because Rule 6(b)(2) of the Federal Rules of Civil Procedure limits the Court's ability to extend the deadlines for filing such motions, IT IS HEREBY ORDERED that the deadlines for post–trial motions will be governed by the Federal Rules of Civil Procedure. Signed by Magistrate Judge Shirley Padmore Mensah on 02/03/2025. (ANR) (Entered: 02/03/2025) |
| 02/03/2025 | 534 | MOTION for Judgment as a Matter of Law *at the close of Plaintiff's Case* by Defendant Kyle Chandler. (Hagan, Rachael) (Entered: 02/03/2025) |
| 02/03/2025 | 535 | MOTION for Judgment as a Matter of Law *at the close of all evidence* by Defendant Kyle Chandler. (Hagan, Rachael) (Entered: 02/03/2025) |
| 02/03/2025 | 536 | CLERK'S JUDGMENT in favor of Dennis Ball–Bey against Kyle Chandler **Pursuant to Local Rule 13.05, Section B(2), if a party wishes for any documents previously filed under seal to remain sealed, a Motion to Continue Sealing must be filed in this case within 90 days following the final disposition of the litigation.**( 60–Day Reminder for LR 13.05 Unsealing 4/4/2025, 90–day Reminder for LR 13.05 Unsealing 5/5/2025) (NEP) (Entered: 02/04/2025) |
| 02/04/2025 | 537 | TRANSCRIPT ORDER REQUEST for 496 , 515 , 517 , 520 , 523 , 526 (JURY TRIAL) by Kyle Chandler. (Duncan, Abby) (Entered: 02/04/2025) |
| 02/04/2025 | 538 | Docket Text ORDER: This matter is before the Court on Defendant's Motion for Judgment as a Matter of Law at the close of Plaintiff's Case [ECF No. 534 ]. At the close of Plaintiff's case Defendant made an oral motion for Judgment as a Matter of Law and the Court ruled the motion on the record. Because the Court previously ruled on Defendant's oral motion for judgment as a matter of law at the close of Plaintiff's case, IT IS HEREBY |

| | | |
|---|---|---|
| | | ORDERED that Defendant's Motion for Judgment as a Matter of Law at the Close of Plaintiff's Case [ECF No. 534 ], is DENIED as moot. Signed by Magistrate Judge Shirley Padmore Mensah on 02/04/2025. (ANR) (Entered: 02/04/2025) |
| 02/04/2025 | 539 | Docket Text ORDER: This matter is before the Court on Defendant's Motion for Judgment as a Matter of Law at the close of all evidence [ECF No. 535 ]. At the close of all evidence Defendant made an oral motion for Judgment as a Matter of Law and the Court ruled the motion on the record. Because the Court previously ruled on Defendant's oral motion for judgment as a matter of law at the close of all evidence, IT IS HEREBY ORDERED that Defendant's Motion for Judgment as a Matter of Law at the Close of all evidence [ECF No. 535 ], is DENIED as moot. Signed by Magistrate Judge Shirley Padmore Mensah on 02/04/2025. (ANR) (Entered: 02/04/2025) |
| 02/12/2025 | 540 | Docket Text ORDER: IT IS HEREBY ORDERED that Plaintiff's Motion to Seal (ECF No. 493 ) is GRANTED. The complete version of Plaintiff's Objections and Responses to Defendant's Motion in Limine (ECF No. 494–1) shall remain under seal. The redacted version of this document can be found in the public record at ECF No. 510 . Signed by Magistrate Judge Shirley Padmore Mensah on 2/12/2025. (HMA) (Entered: 02/12/2025) |
| 02/18/2025 | 541 | MOTION for Attorney Fees by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 02/18/2025) |
| 02/18/2025 | 542 | MEMORANDUM in Support of Motion re 541 MOTION for Attorney Fees filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2, # 3 Exhibit Ex. 3, # 4 Exhibit Ex. 1)(Waldron, John) (Entered: 02/18/2025) |
| 02/19/2025 | 543 | MOTION for Attorney Fees *Out of Time* by Plaintiff Dennis Ball–Bey. (Dailey, Daniel) (Entered: 02/19/2025) |
| 02/21/2025 | 544 | Docket Text ORDER granting 505 Motion for Leave to File Under Seal. Signed by Magistrate Judge Shirley Padmore Mensah on 2/21/2025. (HMA) (Entered: 02/21/2025) |
| 02/21/2025 | 545 | Docket Text ORDER: This matter is before the Court on the "Out of Time Motion for Attorney's Fees & Costs" filed by Kingdom Litigators International, Ltd. (ECF No. 543 ), which the Court construes as a motion for leave to file a motion for attorney's fees out of time. IT IS HEREBY ORDERED that if Defendant opposes the request to file a motion for attorney's fees out of time, such opposition shall be filed no later than Friday, February 28, 2025. If the Court grants the request to file a motion for attorney's fees out of time, the Court will set separate deadlines for briefing on that motion. (Response to Court due by 2/28/2025.) Signed by Magistrate Judge Shirley Padmore Mensah on 2/21/2025. (CBL) (Entered: 02/21/2025) |
| 02/24/2025 | 546 | TRANSCRIPT of 496 (PRETRIAL CONFERENCE) held on 1/22/2025 before Judge Mensah. Court Reporter/Transcriber Carla Klaustermeier, Carla_Klaustermeier@moed.uscourts.gov, 314–244–7984. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/17/2025. Redacted Transcript Deadline set for 3/27/2025. Release of Transcript Restriction set for 5/27/2025. (HMA) (Entered: 02/24/2025) |
| 02/28/2025 | 547 | RESPONSE in Opposition re 543 MOTION for Attorney Fees *Out of Time* filed by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 02/28/2025) |
| 03/03/2025 | 548 | |

| | | |
|---|---|---|
| | | Consent MOTION for Extension of Time to File Response/Reply as to 541 MOTION for Attorney Fees by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 03/03/2025) |
| 03/03/2025 | 549 | MOTION for New Trial , *Remittitur, and Renewed Motion for Judgment as a Matter of Law* by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 03/03/2025) |
| 03/03/2025 | 550 | MOTION for Leave to File in Excess of Page Limitation by Defendant Kyle Chandler. (Attachments: # 1 Attachment Memo of Law in Support of Mtn for New Trial Etc, # 2 Exhibit A– Plf Dep Excerpts, # 3 Exhibit B– Written Notice to Plf Counsel, # 4 Attachment Pre–Trial, Vol. A Excerpts, # 5 Attachment Trial Transcript, Vol. 2, # 6 Attachment Trial Transcript, Vol. 3, # 7 Attachment Trial Transcript, Vol. 4, # 8 Attachment Trial Transcript, Vol. 5)(Duncan, Abby) (Entered: 03/03/2025) |
| 03/04/2025 | 551 | Docket Text ORDER Re: 550 MOTION for Leave to File in Excess of Page Limitation by Defendant Kyle Chandler; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 3/4/2025. (HMA) (Entered: 03/04/2025) |
| 03/04/2025 | 552 | MEMORANDUM in Support of Motion re 549 MOTION for New Trial , *Remittitur, and Renewed Motion for Judgment as a Matter of Law* filed by Defendant Kyle Chandler. (Attachments: # 1 Exhibit A– Plf Dep Excerpts, # 2 Exhibit Written Notice to Plf Counsel, # 3 Attachment Pre–Trial, Vol. A Excerpts, # 4 Attachment Trial Transcript, Vol. 2, # 5 Attachment Trial Transcript, Vol. 3, # 6 Attachment Trial Transcript, Vol. 4, # 7 Trial Transcript, Vol. 5)(HMA) (Attachment 5 replaced on 3/12/2025) (JEB). (Entered: 03/04/2025) |
| 03/04/2025 | 553 | Docket Text ORDER Re: 548 Consent MOTION for Extension of Time to File Response/Reply as to 541 MOTION for Attorney Fees by Defendant Kyle Chandler; ORDERED GRANTED. Response due by 3/18/2025. Signed by Magistrate Judge Shirley Padmore Mensah on 3/4/2025. (HMA) (Entered: 03/04/2025) |
| 03/05/2025 | 554 | REPLY to Response to Motion re 543 MOTION for Attorney Fees *Out of Time Leave to File* filed by Plaintiff Dennis Ball–Bey. (Dailey, Daniel) (Entered: 03/05/2025) |
| 03/05/2025 | 555 | ORDER. IT IS HEREBY ORDERED that the "Out of Time Motion for Attorney's Fees & Costs" filed by Kingdom Litigators International, Ltd. (ECF No. 543 ) is GRANTED IN PART and DENIED IN PART. To the extent that Movant seeks an extension of a time to file a motion for attorney's fees and costs, the motion is GRANTED. To the extent that Movant seeks to intervene in this case, the motion is DENIED without prejudice. IT IS FURTHER ORDERED that Movant's motion for attorney's fees and costs shall be filed no later than Monday, March 17, 2025. Defendant's memorandum in opposition shall be filed no later than fourteen (14) days after the motion is filed. Movant's reply memorandum shall be filed within seven (7) days after the opposition is filed. Signed by Magistrate Judge Shirley Padmore Mensah on 3/5/2025. (HMA) (Entered: 03/05/2025) |
| 03/11/2025 | 556 | NOTICE Correction re [Doc. 552–5]: by Defendant Kyle Chandler (Duncan, Abby) (Entered: 03/11/2025) |
| 03/14/2025 | 557 | Joint MOTION for Extension of: Deadlines for Mot. for Fees and Mot. for New Trial by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 03/14/2025) |
| 03/14/2025 | 558 | ORDER (See Full Order). IT IS HEREBY ORDERED that the parties' Joint Motion for Extension (ECF No. 557 ) is GRANTED, as set forth below: a. Plaintiff's Response to Defendant's Motion for New Trial shall be filed by Monday, March 31, 2025; b. Defendant's Reply in Support of his Motion for New Trial shall be filed by Thursday, April 10, 2025; c. Defendant's Opposition to Plaintiff's Motion for Attorney's Fees and |

| | | |
|---|---|---|
| | | Costs shall be filed by Tuesday, April 1, 2025; and d. Plaintiff's Reply in Support of his Motion for Attorney's Fees and Costs shall be filed by Friday, April 11, 2025. This order does not affect any deadlines related to Kingdom Litigator's motion for attorney's fees. Signed by Magistrate Judge Shirley Padmore Mensah on 3/14/2025. (JEB) (Entered: 03/14/2025) |
| 03/17/2025 | 559 | MOTION for Leave to file Exhibits Under Seal by Plaintiff Dennis Ball−Bey. (Dailey, Daniel) (Entered: 03/17/2025) |
| 03/17/2025 | 560 | MOTION for Attorney Fees by Plaintiff Dennis Ball−Bey. (Dailey, Daniel) (Entered: 03/17/2025) |
| 03/17/2025 | 561 | MEMORANDUM in Support of Motion re 560 MOTION for Attorney Fees filed by Plaintiff Dennis Ball−Bey. (Attachments: # 1 Exhibit DDailey Declaration, # 2 Exhibit 3 Time_ Summary, # 3 Exhibit 4 Attorney History)(Dailey, Daniel) (Entered: 03/17/2025) |
| 03/18/2025 | 562 | Electronic Notice of Noncompliance re 559 MOTION for Leave to file Exhibits Under Seal. Review of this case shows that Plaintiff Dennis Ball−Bey filed a Motion for Leave to File Under Seal but failed to file a Sealed Memorandum in Support of Motion for Leave to File a Document Under Seal with sealed document attached, in violation of Local Rule 13.05. Please refer to the  Guidance on Filing Sealed Materials for Filers.pdf for further instructions. (ANR) (Entered: 03/18/2025) |
| 03/18/2025 | 563 | MEMORANDUM in Support of Motion (SEALED) re 559 MOTION for Leave to file Exhibits Under Seal *CONSENT* filed by Plaintiff Dennis Ball−Bey. (Attachments: # 1 Exhibit _2_Example Time Sheets)(Dailey, Daniel) (Entered: 03/18/2025) |
| 03/19/2025 | 564 | TRANSCRIPT of 496 (PRETRIAL CONFERENCE) held on JANUARY 22, 2025 before Judge SHIRLEY PADMORE MENSAH. Court Reporter/Transcriber Shannon White, Shannon_White@moed.uscourts.gov, 314−244−7966. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/9/2025. Redacted Transcript Deadline set for 4/21/2025. Release of Transcript Restriction set for 6/17/2025. (CLH) (Entered: 03/19/2025) |
| 03/19/2025 | 565 | TRANSCRIPT of 515 (JURY TRIAL−VOLUME 1) held on JANUARY 27, 2025 before Judge SHIRLEY PADMORE MENSAH. Court Reporter/Transcriber Shannon White, Shannon_White@moed.uscourts.gov, 314−244−7966. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/9/2025. Redacted Transcript Deadline set for 4/21/2025. Release of Transcript Restriction set for 6/17/2025. (CLH) (Entered: 03/19/2025) |
| 03/19/2025 | 566 | TRANSCRIPT of 517 (JURY TRIAL− VOLUME 2) held on JANUARY 28, 2025 before Judge SHIRLEY PADMORE MENSAH. Court Reporter/Transcriber Shannon White, Shannon_White@moed.uscourts.gov, 314−244−7966. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/9/2025. Redacted Transcript Deadline set for 4/21/2025. Release of Transcript Restriction set for 6/17/2025. (CLH) (Entered: 03/19/2025) |
| 03/19/2025 | 567 | |

| | | |
|---|---|---|
| | | TRANSCRIPT of 520 (JURY TRIAL–VOLUME 3) held on JANUARY 29, 2025 before Judge SHIRLEY PADMORE MENSAH. Court Reporter/Transcriber Shannon White, Shannon_White@moed.uscourts.gov, 314–244–7966. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/9/2025. Redacted Transcript Deadline set for 4/21/2025. Release of Transcript Restriction set for 6/17/2025. (CLH) (Entered: 03/19/2025) |
| 03/19/2025 | 568 | TRANSCRIPT of 523 (JURY TRIAL– VOLUME 4) held on JANUARY 30, 2025 before Judge SHIRLEY PADMORE MENSAH. Court Reporter/Transcriber Shannon White, Shannon_White@moed.uscourts.gov, 314–244–7966. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/9/2025. Redacted Transcript Deadline set for 4/21/2025. Release of Transcript Restriction set for 6/17/2025. (CLH) (Entered: 03/19/2025) |
| 03/19/2025 | 569 | TRANSCRIPT of 526 (JURY TRIAL– VOLUME 5) held on JANUARY 31, 2025 before Judge SHIRLEY PADMORE MENSAH. Court Reporter/Transcriber Shannon White, Shannon_White@moed.uscourts.gov, 314–244–7966. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 4/9/2025. Redacted Transcript Deadline set for 4/21/2025. Release of Transcript Restriction set for 6/17/2025. (CLH) (Entered: 03/19/2025) |
| 03/26/2025 | 570 | TRANSCRIPT ORDER REQUEST for 496 (PRETRIAL CONFERENCE) by Dennis Ball–Bey. (Waldron, John) (Entered: 03/26/2025) |
| 03/27/2025 | 571 | NOTICE Update Regarding March 25, 2025 Mediation: by Plaintiff Dennis Ball–Bey (Waldron, John) (Entered: 03/27/2025) |
| 03/27/2025 | 572 | Consent MOTION for Leave to File Excess Pages by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 03/27/2025) |
| 03/28/2025 | 573 | Docket Text ORDER Re: 572 Consent MOTION for Leave to File Excess Pages by Plaintiff Dennis Ball–Bey; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 3/28/2025. (HMA) (Entered: 03/28/2025) |
| 03/31/2025 | 574 | MOTION for Extension of Time to File Response/Reply as to 560 MOTION for Attorney Fees by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 03/31/2025) |
| 03/31/2025 | 575 | MEMORANDUM in Opposition re 549 MOTION for New Trial *, Remittitur, and Renewed Motion for Judgment as a Matter of Law* filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Pretrial Transcript, Part B, # 2 Exhibit Pretrial, Part A, # 3 Exhibit Search Warrant, # 4 Exhibit Ball–Bey transcript, # 5 Exhibit Vaughan Depo Ex, # 6 Exhibit Klipsch Photo, # 7 Exhibit Handy Jury Instructions)(Waldron, John) (Entered: 03/31/2025) |
| 04/01/2025 | 576 | Consent MOTION for Extension of Time to File Response/Reply as to 541 MOTION for Attorney Fees by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 04/01/2025) |
| 04/01/2025 | 577 | Docket Text ORDER Re: 574 Motion for Extension of Time to File Response/Reply; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on |

| | | |
|---|---|---|
| | | 4/1/2025. (JEB) (Entered: 04/01/2025) |
| 04/01/2025 | 578 | Docket Text ORDER Re: 576 Motion for Extension of Time to File Response/Reply; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 4/1/2025. (JEB) (Entered: 04/01/2025) |
| 04/04/2025 | 579 | RESPONSE in Opposition re 541 MOTION for Attorney Fees filed by Defendant Kyle Chandler. (Attachments: # 1 Exhibit A–Plf 5th RFP)(Duncan, Abby) (Entered: 04/04/2025) |
| 04/04/2025 | 580 | RESPONSE in Opposition re 560 MOTION for Attorney Fees filed by Defendant Kyle Chandler. (Attachments: # 1 Exhibit A– Vaughan Depo Start.Stop, # 2 Exhibit B– Booker Depo Start.Stop, # 3 Exhibit C– Dailey Emails)(Duncan, Abby) (Entered: 04/04/2025) |
| 04/09/2025 | 581 | MOTION for Extension of Time to File Response/Reply as to 549 MOTION for New Trial , *Remittitur, and Renewed Motion for Judgment as a Matter of Law* by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 04/09/2025) |
| 04/10/2025 | 582 | Docket Text ORDER re: 581 Motion for Extension of Time to File Response/Reply re 581 MOTION for Extension of Time to File Response/Reply as to 549 MOTION for New Trial , *Remittitur, and Renewed Motion for Judgment as a Matter of Law* . ORDERED GRANTED. Responses due by 4/17/2025 Signed by Magistrate Judge Shirley Padmore Mensah on 4/10/2025. (CLH) (Entered: 04/10/2025) |
| 04/10/2025 | 583 | MOTION for Extension of Time to File Response/Reply as to 579 Response in Opposition to Motion *for Attorneys' Fees and Costs* by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 04/10/2025) |
| 04/11/2025 | 584 | First MOTION for Extension of Time to File Response/Reply as to 561 Memorandum in Support of Motion, 580 Response in Opposition to Motion, by Plaintiff Dennis Ball–Bey. (Dailey, Daniel) (Entered: 04/11/2025) |
| 04/11/2025 | 585 | Docket Text ORDER re: 583 Motion for Extension of Time to File Response/Reply re 583 MOTION for Extension of Time to File Response/Reply as to 579 Response in Opposition to Motion *for Attorneys' Fees and Costs*. ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 4/11/2025. (CLH) (Entered: 04/11/2025) |
| 04/14/2025 | 586 | REPLY to Response to Motion re 541 MOTION for Attorney Fees filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Ex. 1, # 2 Exhibit Ex. 2, # 3 Exhibit Ex. 3)(Waldron, John) (Entered: 04/14/2025) |
| 04/15/2025 | 587 | Docket Text ORDER re: 584 Motion for Extension of Time to File Response/Reply re 584 First MOTION for Extension of Time to File Response/Reply as to 561 Memorandum in Support of Motion, 580 Response in Opposition to Motion; ORDERED GRANTED. Signed by Magistrate Judge Shirley Padmore Mensah on 4/15/2025. (CLH) (Entered: 04/15/2025) |
| 04/17/2025 | 588 | REPLY to Response to Motion re 549 MOTION for New Trial , *Remittitur, and Renewed Motion for Judgment as a Matter of Law* filed by Defendant Kyle Chandler. (Attachments: # 1 Exhibit Dft Ex. X– Firearms Report, # 2 Exhibit Dft Ex HH– Mansur Social Media)(Duncan, Abby) (Entered: 04/17/2025) |
| 04/21/2025 | 589 | REPLY to Response to Motion re 560 MOTION for Attorney Fees filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3)(Dailey, Daniel) (Entered: 04/21/2025) |

| 05/02/2025 | 590 | MOTION for Sanctions by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 05/02/2025) |
|---|---|---|
| 05/02/2025 | 591 | MEMORANDUM in Support of Motion re 590 MOTION for Sanctions filed by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 05/02/2025) |
| 05/16/2025 | 592 | MOTION for Extension of Time to File Response/Reply as to 590 MOTION for Sanctions by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 05/16/2025) |
| 05/16/2025 | 593 | SUPPLEMENTAL re 560 MOTION for Attorney Fees by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Declaration, # 2 Exhibit Invoice, # 3 Exhibit Bill of Costs, # 4 Exhibit Invoice)(Waldron, John) (Entered: 05/16/2025) |
| 05/16/2025 | 594 | RESPONSE in Opposition re 592 MOTION for Extension of Time to File Response/Reply as to 590 MOTION for Sanctions filed by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 05/16/2025) |
| 05/16/2025 | 595 | Docket Text ORDER: This matter is before the Court on Defendant's Motion for Extension of Time to File Response in Opposition to Plaintiff's Motion for Sanctions. (ECF No. 592). Plaintiff opposes the motion. For the reasons stated in Defendant's motion, the Court finds good cause for granting the extension sought. Accordingly, Defendant's Motion for Extension of Time to File Response in Opposition to Plaintiff's Motion for Sanctions (ECF No. 592 ) is GRANTED. Response due by 5/23/2025. Signed by Magistrate Judge Shirley Padmore Mensah on 5/16/2025. (HMA) (Entered: 05/16/2025) |
| 05/23/2025 | 596 | RESPONSE in Opposition re 590 MOTION for Sanctions filed by Defendant Kyle Chandler. (Attachments: # 1 Exhibit A– Green Petition, # 2 Exhibit B– Trial Transcript, Vol. V, # 3 Exhibit C– Green Depo, # 4 Exhibit D– Opposing Counsel Email, # 5 Exhibit E– Aldridge Counsel)(Duncan, Abby) (Entered: 05/23/2025) |
| 05/30/2025 | 597 | RESPONSE in Opposition re 593 Supplemental *Defendant's Response in Opposition to Plaintiff's Supplement Request for Attorneys Fees* by Defendant Kyle Chandler. (Duncan, Abby) Modified on 6/2/2025 (HMA). (Entered: 05/30/2025) |
| 06/02/2025 | 598 | REPLY to Response to Motion re 590 MOTION for Sanctions filed by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 06/02/2025) |
| 06/09/2025 | 599 | SUPPLEMENTAL re 597 Supplemental, 593 Supplemental, 560 MOTION for Attorney Fees *Reply Regarding Supplemental Request of Fees* by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 06/09/2025) |
| 07/07/2025 | 600 | MOTION to Withdraw as Attorney re attorney/firm Rebecca Sandberg–Vossmeyer by Defendant Kyle Chandler. (Sandberg–Vossmeyer, Rebecca) (Entered: 07/07/2025) |
| 08/19/2025 | 601 | ENTRY of Appearance by Robert T. Plunkert for Defendant Kyle Chandler. (Plunkert, Robert) (Entered: 08/19/2025) |
| 08/19/2025 | 602 | MOTION to Stay *of Proceedings to Enforce a Judgment and Waiver of Bond* by Defendant Kyle Chandler. (Plunkert, Robert) (Entered: 08/19/2025) |
| 08/19/2025 | 603 | MEMORANDUM in Support of Motion re 602 MOTION to Stay *of Proceedings to Enforce a Judgment and Waiver of Bond* filed by Defendant Kyle Chandler. (Attachments: # 1 Exhibit A, Subpoena with Exhibits, # 2 Exhibit B, Ball Bey 30b6 Final, # 3 Exhibit C, Chandler Interrogatories Final, # 4 Exhibit D, Affidavit of Michael Benoist)(Plunkert, Robert) (Entered: 08/19/2025) |
| 08/19/2025 | 604 | |

| | | |
|---|---|---|
| | | MOTION for Protective Order by Defendant Kyle Chandler. (Plunkert, Robert) (Entered: 08/19/2025) |
| 08/19/2025 | 605 | MEMORANDUM in Support of Motion re 604 MOTION for Protective Order filed by Defendant Kyle Chandler. (Attachments: # 1 Exhibit A, Subpoena with Exhibits, # 2 Exhibit B, Ball Bey 30b6 Final, # 3 Exhibit C, Chandler Interrogatories Final, # 4 Exhibit D, Affidavit of Michael Benoist)(Plunkert, Robert) (Entered: 08/19/2025) |
| 08/20/2025 | 606 | ORDER: IT IS HEREBY ORDERED that Defendant Kyle Chandler and Non–Party City of St. Louis' Joint Motion for Protective Order (ECF No. 604 ) GRANTED IN PART and DEFERRED IN PART. To the extent that the motion seeks a stay of Chandler's deadline to respond to interrogatories and a stay of the deposition of the City's corporate representative until further order of this Court, the motion is GRANTED. The Court will defer ruling on the rest of the relief requested in the motion for protective order until Plaintiff has had an opportunity to respond. IT IS FURTHER ORDERED that Plaintiff's response to Defendant Kyle Chandler and Non–Party City of St. Louis' Joint Motion for Protective Order (ECF No. 604 ) shall be filed no later than Tuesday, September 9, 2025. Movants' reply, if any shall be filed no later than seven (7) days after the response is filed. IT IS FINALLY ORDERED that Plaintiff's response to Defendant Kyle Chandler's Motion for Stay of Proceedings to Enforce a Judgment and Waiver of Bond (ECF No. 602 ) shall be filed no later than Tuesday, September 9, 2025. Chandler's reply, if any shall be filed no later than seven (7) days after the response is filed. Signed by Magistrate Judge Shirley Padmore Mensah on 8/20/2025. (HMA) (Entered: 08/20/2025) |
| 08/27/2025 | 607 | MEMORANDUM in Opposition re 602 MOTION to Stay *of Proceedings to Enforce a Judgment and Waiver of Bond*, 604 MOTION for Protective Order filed by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 08/27/2025) |
| 09/03/2025 | 608 | REPLY to Response to Motion re 602 MOTION to Stay *of Proceedings to Enforce a Judgment and Waiver of Bond*, 604 MOTION for Protective Order filed by Defendant Kyle Chandler. (Plunkert, Robert) (Entered: 09/03/2025) |
| 09/11/2025 | 609 | MOTION for Leave to File Sur–Reply by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit Proposed Sur–Reply, # 2 Exhibit City filing in Clark)(Waldron, John) (Entered: 09/11/2025) |
| 09/12/2025 | 610 | Docket Text ORDER: IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Sur–Reply (ECF No. 609 ) is GRANTED. IT IS FURTHER ORDERED that Defendant may file a brief responding to the arguments raised in this Sur–Reply no later than Monday, September 22, 2025. Signed by Magistrate Judge Shirley Padmore Mensah on 9/12/2025. (JEB) (Entered: 09/12/2025) |
| 09/15/2025 | 611 | SURREPLY to Motion re 602 MOTION to Stay *of Proceedings to Enforce a Judgment and Waiver of Bond* filed by Plaintiff Dennis Ball–Bey. (Attachments: # 1 Exhibit 1)(JEB) (Entered: 09/15/2025) |
| 09/22/2025 | 612 | SURRESPONSE to Motion re 602 MOTION to Stay *of Proceedings to Enforce a Judgment and Waiver of Bond* filed by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 09/22/2025) |
| 10/08/2025 | 613 | MOTION for Hearing by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 10/08/2025) |
| 10/22/2025 | 614 | RESPONSE in Opposition re 613 MOTION for Hearing filed by Defendants Kyle Chandler, St. Louis, City of. (Duncan, Abby) (Entered: 10/22/2025) |

| | | |
|---|---|---|
| 01/30/2026 | 615 | Docket Text ORDER Re: 600 Motion to Withdraw as Attorney; ORDERED GRANTED. Attorney Rebecca Sandberg–Vossmeyer terminated. Signed by Magistrate Judge Shirley Padmore Mensah on 1/30/2026. (HMA) (Entered: 01/30/2026) |
| 02/06/2026 | 616 | MEMORANDUM OPINION AND ORDER: IT IS HEREBY ORDERED that Defendant Kyle Chandler's Motion for New Trial, Motion for Remittitur, and Renewed Motion for Judgment as a Matter of Law [ECF No. 549 ] is GRANTED IN PART and DENIED IN PART, as follows: Defendant's Motion for New Trial is DENIED. Defendant's Renewed Motion for Judgment as a Matter of Law is DENIED. Defendant's Motion for Remittitur is GRANTED to the extent that the punitive damages award on the excessive force claim will be reduced from $5 million to $1 million, and the aggravating circumstances damages award will be reduced from $7.5 million to $1 million. The Motion for Remittitur is DENIED in all other respects. An amended judgment will be entered separately. Signed by Magistrate Judge Shirley Padmore Mensah on 2/6/2026. (HMA) (Entered: 02/06/2026) |
| 02/06/2026 | 617 | AMENDED JUDGMENT: In accordance with the Memorandum Order and Opinion entered on February 6, 2026, the Court amends the previously entered Judgment as follows:IT IS HEREBY ORDERED, ADJUDGED, and DECREED that in accordance with the Memorandum and Order entered on November 16, 2020 (ECF No. 103), Plaintiff's assault and battery claims against Defendant Kyle Chandler and Defendant Ronald Vaughan were dismissed. IT IS FURTHER ORDERED, ADJUDGED, and DECREED that in accordance with the Memorandum and Order entered on November 16, 2020 (ECF No. 104), Plaintiff's claims against Defendant Samuel Dotson in his official capacity, Plaintiff's claims against Defendant Kyle Chandler in his official capacity, Plaintiff's claims against Defendant Ronald Vaughan in his official capacity, and Plaintiff's claim for injunctive relief were dismissed. IT IS FURTHER ORDERED, ADJUDGED, and DECREED that in accordance with the stipulation entered on August 4, 2023 (ECF No. 325), Plaintiff's claims against Defendant Ronald Vaughan were dismissed. Signed by Magistrate Judge Shirley Padmore Mensah on 2/6/2026. (HMA) (Entered: 02/06/2026) |
| 02/06/2026 | 618 | Docket Text ORDER: IT IS HEREBY ORDERED that Plaintiff's Motion for Hearing [ECF No. 613 ] is GRANTED. The Court will hold a hearing on Defendant's Motion for Stay of Proceedings to Enforce a Judgment and Waiver of Bond (ECF No. 602) on **Monday, February 23, 2026,** at **11:30 a.m.,** in courtroom 13–South. (Motion Hearing set for 2/23/2026 11:30 AM in Courtroom 13S – St. Louis before Magistrate Judge Shirley Padmore Mensah.) Signed by Magistrate Judge Shirley Padmore Mensah on 2/6/2026. (HMA) (Entered: 02/06/2026) |
| 02/12/2026 | 619 | MOTION to Continue Hearing of Feb 23 by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 02/12/2026) |
| 02/12/2026 | 620 | Docket Text ORDER: IT IS HEREBY ORDERED that Plaintiff's Motion to Continue the hearing on Defendant's Motion for Stay of Proceedings to Enforce a Judgment and Waiver of Bond [ECF No. 619 ] is GRANTED. The hearing currently scheduled for Monday, February 23, 2026, is continued to Wednesday, March 4, 2026, at 10:30 a.m. (Motion Hearing set for 3/4/2026 10:30 AM in Courtroom 13S – St. Louis before Magistrate Judge Shirley Padmore Mensah.) Signed by Magistrate Judge Shirley Padmore Mensah on 02/12/2026. (JRZ) (Entered: 02/12/2026) |
| 02/13/2026 | 621 | MOTION for Reconsideration re 616 Order on Motion for New Trial,,, by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 02/13/2026) |
| 02/13/2026 | 622 | |

| | | |
|---|---|---|
| | | MEMORANDUM in Support of Motion re 621 MOTION for Reconsideration re 616 Order on Motion for New Trial,,, filed by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 02/13/2026) |
| 02/23/2026 | 623 | ORDER: IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions Under Rule 11 [ECF No. 590 ] is DENIED. Signed by Magistrate Judge Shirley Padmore Mensah on 2/23/2026. (HMA) (Entered: 02/23/2026) |
| 02/27/2026 | 624 | MEMORANDUM AND ORDER (See Full Order). IT IS HEREBY ORDERED that Plaintiff's Motion for Attorneys' Fees and Costs [ECF No. 541 ], filed by Plaintiff's current counsel, is GRANTED IN PART and DENIED IN PART, as follows: Plaintiff is awarded fees sought in this motion in the amount of $681,777.50 and costs sought in this motion in the amount of $23,651.79. In all other respects, the motion is denied. IT IS FURTHER ORDERED that Plaintiff's Supplement to His Motion for an Award of Attorneys' Fees and Costs [ECF No. 593 ], which the Court construes as a supplemental motion for attorney's fees, is GRANTED IN PART and DENIED IN PART, as follows: Plaintiff is awarded fees sought in this motion in the amount of $48,131.16 and costs sought in this motion in the amount of $195.80. In all other respects, the motion is denied. IT IS FURTHER ORDERED that the Motion for Attorneys' Fees [ECF No. 560 ] filed by Plaintiff's former counsel, Kingdom Litigators, is GRANTED IN PART and DENIED IN PART, as follows: Plaintiff is awarded fees sought in this motion in the amount of $95,950.00. In all other respects, the motion is denied. IT IS FURTHER ORDERED that Plaintiff is entitled to post–judgment interest on the attorneys' fees awards, accruing from the date of this Memorandum and Order. IT IS FINALLY ORDERED that Kingdom Litigators' Motion for Leave to File Under Seal & Subject to "In Camera Inspection" [ECF No. 559 ] is DENIED as moot. Signed by Magistrate Judge Shirley Padmore Mensah on 2/27/2026. (JEB) (Entered: 02/27/2026) |
| 02/27/2026 | 625 | RESPONSE in Opposition re 621 MOTION for Reconsideration re 616 Order on Motion for New Trial,,, filed by Defendant Kyle Chandler. (Duncan, Abby) (Entered: 02/27/2026) |
| 03/04/2026 | 626 | ELECTRONIC MINUTE ENTRY (no pdf attached) for proceedings held before Magistrate Judge Shirley Padmore Mensah: Motion Hearing held on 3/4/2026 re 602 MOTION to Stay Proceedings to Enforce a Judgment and Waiver of Bond filed by Kyle Chandler and 604 MOTION for Protective Order filed by Kyle Chandler. Arguments heard. In regards to Motion to Stay Proceedings, the parties make joint oral motion to leave the record open for 14 days to supplement. The Court GRANTS the motion. Defendants will have until March 18, 2026 to supplement the record. Plaintiffs will have until March 20, 2026 to respond and Defendants will have until March 23, 2026 to reply. The Court DENIES the Motion for Protective Order for the reasons stated on the record. (Response to Court due by 3/18/2026.). (proceedings started: 10:42 am) (proceedings ended: 11:30 am) (FTR Gold Operator Initials: J. Bailey)(Appearance for Plaintiff: John Waldron, James Wyrsch, Javad Khazaeli and Jermaine Wooten)(Appearance for Defendant: Abby Duncan and Robert Plunkert) (JEB) (Entered: 03/04/2026) |
| 03/04/2026 | 627 | JOINT ORAL MOTION to Leave the record open for 14 days to supplement. (JEB) (Entered: 03/04/2026) |
| 03/04/2026 | 628 | Docket Text ORDER 604 Motion for Protective Order; ORDERED DENIED without prejudice for the reasons stated on the record. Signed by Magistrate Judge Shirley Padmore Mensah on 3/4/2026. (JEB) (Entered: 03/04/2026) |
| 03/04/2026 | 629 | Docket Text ORDER 627 Joint Oral Motion to Leave Record Open for 14 days to Supplement; ORDERED GRANTED. (Post Hearing Brief due by 3/18/2026. Responses |

| | | |
|---|---|---|
| | | due by 3/20/2026. Replies due by 3/23/2026.) Signed by Magistrate Judge Shirley Padmore Mensah on 3/4/2026. (JEB) (Entered: 03/04/2026) |
| 03/07/2026 | 630 | NOTICE OF APPEAL by Defendant Kyle Chandler. Filing fee $ 605, receipt number AMOEDC–11757949. (Entered: 03/07/2026) |
| 03/09/2026 | 631 | REPLY to Response to Motion re 621 MOTION for Reconsideration re 616 Order on Motion for New Trial,,, filed by Plaintiff Dennis Ball–Bey. (Waldron, John) (Entered: 03/09/2026) |
| 03/09/2026 | 632 | NOTIFICATION OF APPEAL AND NOA SUPPLEMENT by clerk to USCA regarding 617 Judgment – (Generic – will NOT rule a motion or term case/parties),,,, 616 Order on Motion for New Trial,,,. Notice of Appeal filed on 03/07/26 by Defendant Kyle Chandler. NOTIFICATION TO COUNSEL AND PRO SE PARTY: FILE REQUEST FOR TRANSCRIPT WITH DISTRICT COURT CLERKS OFFICE.(DLB) (Entered: 03/09/2026) |
| 03/09/2026 | 633 | NOTICE OF APPEAL as to 617 Judgment – (Generic – will NOT rule a motion or term case/parties),,,, 616 Order on Motion for New Trial,,, by Plaintiff Dennis Ball–Bey. Filing fee $ 605, receipt number AMOEDC–11760667. (Entered: 03/09/2026) |
| 03/10/2026 | 634 | NOTIFICATION OF APPEAL AND NOA SUPPLEMENT by clerk to USCA regarding 617 Judgment – (Generic – will NOT rule a motion or term case/parties),,,, 616 Order on Motion for New Trial,,,. Notice of Appeal filed on March 9, 2026 by Plaintiff Dennis Ball–Bey. NOTIFICATION TO COUNSEL AND PRO SE PARTY: FILE REQUEST FOR TRANSCRIPT WITH DISTRICT COURT CLERKS OFFICE.(DLB) (Entered: 03/10/2026) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS BALL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-1364-SPM |
| | ) | |
| | ) | |
| KYLE CHANDLER, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Kyle Chandler's Motion for New Trial, Motion for Remittitur, and Renewed Motion for Judgment as a Matter of Law. ECF No. 549. The motions have been fully briefed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). ECF No. 12. For the following reasons, the motion for new trial will be denied, the motion for remittitur will be granted in part and denied in part, and the renewed motion for judgment as a matter of law will be denied.

### I.   BACKGROUND

This case arises out of the August 19, 2015, shooting death of Plaintiff Dennis Ball-Bey's 18-year-old son, Mansur Ball-Bey ("Mansur"). Plaintiff alleged that two former St. Louis Metropolitan Police Department officers (Kyle Chandler and Ronald Vaughan) shot Mansur in the back while he was unarmed and fleeing, killing him. Plaintiff filed various claims under 42 U.S.C. § 1983 and Missouri state law against both officers, the chief of police, and the City of St. Louis. Following motion practice, all but two claims were dismissed: the § 1983 excessive force claim against Chandler and the state law wrongful death claim against Chandler. After a five-day trial,

March 10 2026 72

the jury awarded Plaintiff $3.75 million in compensatory damages on the § 1983 excessive force claim, $2.5 million in compensatory damages on the wrongful death claim, $5 million in punitive damages on the excessive force claim, and $7.5 million in punitive damages on the wrongful death claim, for a total verdict of $18.75 million. Chandler now moves for judgment as a matter of law, for a new trial, and for remittitur of the compensatory and punitive damages awards.

## II.    RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

At the close of Plaintiff's evidence and at the close of all the evidence, Chandler moved for judgment as a matter of law on the excessive force claim based on qualified immunity and on the state law wrongful death claim based on official immunity. Tr. Vol. 4, at 100-07, 182-89. The Court denied the motion, and Chandler now renews it pursuant to Rule 50(b) of the Federal Rules of Civil Procedure.

"The law places a high standard on overturning a jury verdict because of the danger that the jury's rightful province will be invaded when judgment as a matter of law is misused." *Washington v. Denney*, 900 F.3d 549, 559 (8th Cir. 2018) (quoting *Bavlsik v. Gen. Motors, LLC*, 870 F.3d 800, 805 (8th Cir. 2017)). "Judgment as a matter of law is only appropriate when no reasonable jury could have found for the nonmoving party." *Monohon v. BNSF Ry. Co.*, 17 F.4th 773, 780 (8th Cir. 2021) (quoting *Southern Wine & Spirits of Nev. v. Mountain Valley Spring Co.*, 646 F.3d 526, 533 (8th Cir. 2011)). It "is appropriate 'when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the non-moving party.'" *Hortica–Florists' Mut. Ins. Co. v. Pittman Nursery Corp.*, 729 F.3d 846, 854 (8th Cir. 2013) (quoting *Ehrhardt v. Penn Mut. Life Ins. Co.*, 21 F.3d 266, 269 (8th Cir. 1994)). In determining whether judgment as a matter of law is appropriate, the Court must "resolve all factual conflicts in favor of the nonmoving party, give the nonmoving party the benefit of all reasonable inferences,

and assume in the nonmoving party's favor all facts supported by the evidence." *Murphy v. FedEx Nat. LTL, Inc.*, 618 F.3d 893, 902 (8th Cir. 2010). The Court "may not make credibility determinations or weigh the evidence." *Hortica-Florists' Mut. Ins. Co.*, 729 F.3d at 854 (internal quotation marks omitted). In his renewed motion for judgment as a matter of law, Chandler argues he is entitled to qualified immunity on the excessive force claim and official immunity on the wrongful death claim.

### A.  Qualified Immunity

"'Qualified immunity shields government officials from liability in a § 1983 action unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known.'" *De Boise v. Taser Int'l, Inc.*, 760 F.3d 892, 896 (8th Cir. 2014) (quoting *Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009)). It "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions" and protects "all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (internal quotation marks omitted). A government official is "entitled to qualified immunity unless (1) the facts, viewed in the light most favorable to the plaintiff[ ], demonstrate the deprivation of a constitutional or statutory right; and (2) the right was clearly established at the time of the deprivation." *Aldridge v. City of St. Louis*, 75 F.4th 895, 898 (8th Cir. 2023) (quoting *Bell v. Neukirch*, 979 F.3d 594, 602 (8th Cir. 2020)). "A right is clearly established when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Winslow v. Smith*, 696 F.3d 716, 738 (8th Cir. 2012) (internal quotation marks omitted). For a right to be clearly established, there need not be "a case directly on point"; however, "existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741.

Where, as here, a case involves the use of deadly force, the inquiry focuses on whether the use of deadly force was reasonable under the circumstances. "Whether the use of deadly force is reasonable turns on 'the totality of the circumstances, including [1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officer or others, and [3] whether the suspect is actively fleeing or resisting arrest.'" *Wallace v. City of Alexander*, 843 F.3d 763, 768 (8th Cir. 2016) (quoting *Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012), & citing *Tennessee v. Garner*, 471 U.S. 1, 11-12 (1985)). "While the situation at the precise time of the shooting will often matter most, earlier facts and circumstances may bear on how a reasonable officer would have understood and responded to later ones." *Barnes v. Felix*, 605 U.S. 73, 73 (2025). "Both the Supreme Court and [the Eighth Circuit] have repeatedly stated that 'an officer may not use deadly force against a fleeing suspect *unless* the suspect poses an *immediate and significant threat* of serious injury or death to the officer or to bystanders.'" *Wallace*, 843 F.3d at 769 (8th Cir. 2016) (quoting *Thompson v. Murray*, 800 F.3d 979, 983 (8th Cir. 2015), & citing *Garner*, 471 U.S. at 11-12).

Chandler argues that his use of force was objectively reasonable based on the facts and circumstances he faced because he saw Mansur point his gun in Vaughan's direction. However, the jury expressly rejected this version of the facts. It found instead that, based on the evidence, Mansur was likely *not* pointing a gun in Vaughan's direction when Chandler shot him. *See* Special Interrogatory, ECF No. 532, at 3. Indeed, at trial, the jury was confronted with starkly different versions of the circumstances leading up to the shooting. Plaintiff's position was that when Chandler shot Mansur, Mansur had discarded the gun he had been holding and was running through a gangway leading from the backyard to the front of the house. Chandler's position (and testimony) was that when he initially started to chase Mansur, he saw that Mansur had a gun (a

fact not disputed by Plaintiff) but he did not shoot at Mansur until he saw Mansur raise the arm

holding the gun and "cant" in the direction of Vaughan (or where he believed Vaughan to be).

Chandler's testimony was, in effect, that he disarmed Mansur by shooting him:

> Q.    So as Mansur is running in the alley, you're giving commands, and he comes up to 1233 Walton; right?
>
> A.    Yes.
>
> Q.    Did he have his gun in his hand at that point?
>
> A.    Yes.
>
> Q.    And when you come to the backyard of 1233 Walton, you said that you kind of round, you pie out a little bit; correct?
>
> A.    Yes.
>
> Q.    From—I guess this would be the east side of the alley;
>
>        is that right?
>
> A.    Yes.
>
> Q.    When you round that corner, what do you see?
>
> A.    Mansur is ahead of me, and he is going through the yard. However, he's looking back to his right, and his arm's coming up, and it's—the gun is in his arm—or in his hand. And as his arm comes up, he's canted towards where Detective Vaughan I believe to be.
>
> Q.    What did you think when you saw that?
>
> A.    That he was going to engage Detective Vaughan.
>
> Q.    What do you mean by "engage"?
>
> A.    He was going to shoot.
>
> Q.    Okay. Then what happened?
>
> A.    I raised my weapon and fired a shot . . .
>
> Q.    After you shot at Mansur, did you know you had struck him?
>
> A.    I was pretty sure that I did just from the body language because he kind of stumbled and the twitch. So I was sure that I did; however, he kept running, which confused me.
>
> Q.    Say that again.
>
> A.    Which kind of confused me, because he just kept running from that.
>
> Q.    Okay. Where were you looking when you shot at Mansur?
>
> A.    I was looking at him, his back, and the gun. . . .

5

> Q.   What happened after you fired your shot?
>
> A.   Like I said, he kind of twitched, and the gun came back with his—when his arm came, like, flung back, he continued to run, and I just continued to run after him . . .
>
> Q.    . . . again, after you shot Mansur, he dropped the gun?
>
> A.   Yes.
>
> Q.   After he dropped the gun, you no longer felt he was a threat?
>
> A.   Yes.

Tr. Vol. 2, at 148-49 & 160.

Relying on a combination of witness testimony, forensic evidence collected by the police department, and expert testimony, Plaintiff's position at trial was that, based on the physical evidence, Chandler's version of events could not be true. Specifically, Plaintiff posited that the locations of shell casings, Mansur's body, and the gun (which were all carefully documented by police immediately after the shooting), along with medical evidence regarding the likely impact the shot would have had on Mansur's ability to keep running, all supported Plaintiff's version of events leading up to the shooting. Left with starkly different versions of the events leading to the shooting, the jury found the evidence better supported Plaintiff's version of events.[1]

Giving Plaintiff the benefit of all reasonable inferences, as this Court must, the evidence presented at trial supports that determination by the jury.

Applying to these facts the same legal principles discussed in detail in the Court's order denying summary judgment, *Ball-Bey v. Chandler*, No. 4:18-CV-1364-SPM, 2024 WL 5379123, at *3-*14 (E.D. Mo. Aug. 23, 2024), Chandler is not entitled to qualified immunity because the facts presented at trial demonstrate the deprivation of a constitutional right and because that right

---

[1] Chandler did not suggest at trial that there was any chance he might have been mistaken in believing that Mansur was still armed at the time Chandler shot him, nor does any of the evidence presented appear to be consistent with such a version of events.

was clearly established at the time of the deprivation. *See, e.g.*, *Capps v. Olson*, 780 F.3d 879, 885-86 (8th Cir. 2015); *Nance v. Sammis*, 586 F.3d 604, 607-11 (8th Cir. 2009).

### B. Official Immunity

Under Missouri law, the doctrine of official immunity "protects public officials sued in their individual capacities 'from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts.'" *State ex rel. Alsup v. Kanatzar*, 588 S.W.3d 187, 190 (Mo. 2019) (quoting *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008)). "The purpose of this doctrine is to allow public officials to make judgments affecting the public safety and welfare without the fear of personal liability." *Id.* (internal quotation marks omitted).

Official immunity does not apply "when a public official acts in bad faith or with malice." *State ex rel. Love v. Cunningham*, 689 S.W.3d 489, 495 (Mo. 2024). "A finding of bad faith 'embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, [or] breach of a known duty through some ulterior motive.'" *Green v. City of St. Louis*, 134 F.4th 516, 527 (8th Cir. 2025) (quoting *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 447 (Mo. 1986)). "The relevant definition of bad faith or malice in this context ordinarily contains a requirement of actual intent to cause injury." *Cunningham*, 689 S.W.3d at 496 (quoting *Twiehaus*, 706 S.W.2d at 447). "A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another." *Id.* at 496-97 (quoting *Kanatzar*, 588 S.W.3d at 190 n.7). "Malice, or the actual intent to cause injury, is the only mental state to which official immunity does not apply under Missouri law." *Id.* at 498. *See also Carlton v. Means*, 688 S.W.3d 625, 631 (Mo. Ct. App. 2024) ("[R]eckless conduct alone does not amount to malice; there must

also be evidence that the official had the intent to injure or prejudice the plaintiff.").

Chandler contends that there is no evidence that he performed any act with bad faith or malice, noting that the trial record shows that he did not know Mansur, had no history with Mansur, had no ill will towards Mansur, and did not want Mansur to die. The fact that Chandler did not know Mansur or have prior dealings with him does not preclude a finding that Chandler acted with malice. As discussed above, "[a] defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another." *Cunningham*, 689 S.W.3d at 496-9. The evidence at trial supported a finding that Chandler was aware of his duty to refrain from using lethal force on an unarmed suspect who was fleeing. Specifically, Chandler testified that he was trained in the use of force, that the City police department had a policy on the use of force, and that at the time of this incident he understood that deadly force could be used "to protect [him]self, protect other police officers, and to protect the public." Tr. Vol. 2, at 140-41. Chandler testified that he believed that when he shot Mansur "at that point deadly force was authorized" because "Mr. Ball-Bey had the gun in his right hand and began to raise it in Detective Vaughan's direction," *id.* at 141. However, the jury rejected Chandler's assertions that he was responding to the real and present threat posed by Mansur raising his gun and pointing it at Chandler's fellow officer. Instead, in the Special Interrogatory, the jury found that based on the evidence Mansur was likely not pointing his gun at the time Chandler shot him.

Giving Plaintiff the benefit of all reasonable inferences, the evidence presented at trial supported a finding that, contrary to his duty to use deadly force only to protect himself, protect other officers, and the public, Chandler shot Mansur, not because he was a threat, but because he was running and not complying with commands by police to stop. In sum, Chandler's argument

8

that he is entitled to official immunity fails because the evidence at trial supports a finding that Chandler acted with malice when he shot Mansur, contrary to his duty to refrain from using deadly force under the circumstances and with intent to injure Mansur. *See Cunningham*, 689 S.W.3d at 496-97 ("A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another.").

*Estate of Snyder v. Julian*, 789 F.3d 883 (8th Cir. 2015), relied on by the Court in denying Chandler's motion for summary judgment, is instructive. In *Julian*, a parole officer (Julian) was assigned to apprehend a parolee (Snyder) for violating the terms of his parole. *Id.* at 885. Julian informed Snyder that he was a parole officer with a warrant for Snyder's arrest, and Snyder placed his hands on the back of Julian's car. *Id.* Julian approached Snyder, stood to Snyder's left, and placed his left hand on Snyder's left shoulder. *Id.* At that point, Snyder turned to his right and began to run. *Id.* After Snyder took two steps, Julian fired one shot at Snyder, killing him. *Id.* The jury entered a verdict against Julian on the wrongful death claim. *Id.* On appeal, Julian argued that the district court should have granted judgment as a matter of law in his favor based on official immunity. *Id.* at 886-87. Specifically, he argued that the shooting was not done in bad faith or with malice because he made a "split second decision to discharge his service weapon as an immediate reaction" based on his belief that Snyder would attack him. *Id.* at 887. Julian testified at trial that he was unsure of Snyder's state of mind, that he acted only when Snyder suddenly jumped up from Julian's car and turned right toward him, that he thought Snyder would attack him, that he fired his gun as Snyder was turning, and that Snyder began running after the gunshot. *Id.* The Eighth Circuit rejected Julian's argument. *Id.* It found that there was evidence that Julian acted with reckless indifference to Snyder's rights, including "evidence that Snyder, unarmed, was running

away from Julian and posed no threat when Julian fired the gun." *Id.* It noted that there was a witness who testified that Snyder had turned right and taken two steps when Julian fired, and that there was evidence that Julian had given two or three different versions of Snyder's movements prior to the gunshot and could never describe how Snyder was attacking him. *Id.* The court stated:

> We conclude that a reasonable juror could have found that Julian shot Snyder when Snyder was running away from Julian, not after Snyder turned toward Julian in a threatening manner. The evidence thus supported a reasonable inference that Julian intentionally fired his gun at Snyder "needlessly," while "manifesting a reckless indifference to the rights of others." *Twiehaus,* 706 S.W.2d at 447 (internal quotation omitted). Julian is not entitled to official immunity, because the evidence supported a finding of malice.

*Id.*

Here, as in *Julian*, the evidence supported a finding that Chandler shot Mansur while Mansur was running away from him, without any action from Mansur that threatened Chandler or anyone else. As in *Julian*, this evidence supports a finding that Chandler intentionally shot his gun at Mansur, and that he did so needlessly and while manifesting a reckless disregard for the rights of others. Thus, as in *Julian*, the Court finds the evidence sufficient to show malice.

Chandler does not attempt to distinguish *Julian,* despite the fact that the Court and Plaintiff have repeatedly relied on it, nor does Chandler argue that *Julian* does not reflect Missouri law. Most of the cases cited by Chandler in his motion and reply provide little guidance because they involved very different factual scenarios.[2] The cases cited in Defendant's brief that involved

---

[2] *See Cunningham*, 689 S.W.3d at 498 (finding supervisory employees who failed to take certain safety measures to protect highway workers were entitled to official immunity on claims based on a highway worker's death after being struck by a third-party motorist; noting that "[t]here is nothing in the pleadings from which a jury reasonably could infer the employees collectively or any employee individually intended to cause the injury or death of [the decedent and her unborn son] through a vehicle operated by [a] third-party [motorist] entering the work space and striking [the decedent]"); *Laughlin v. Perry*, 604 S.W.3d 621, 627-34 (Mo. 2020) (public defenders acting pursuant to their constitutional and statutorily mandated duties by representing the plaintiff were entitled to official immunity where the plaintiff did not allege or prove they acted with malice

10

police shootings are distinguishable. In one case, the officers reasonably (even if mistakenly) believed the person they shot was armed and posed a risk of serious harm to the officers or others. *See Green*, 134 F.4th at 520. In the other, it was undisputed that the suspect went into the driver's side of a car before turning toward officers, then raised his hands in the direction of the officers, giving the officers at least some basis for shooting at the suspect other than intent to cause injury. *See N.S. by & through Lee v. Kansas City Bd. of Police Commissioners*, 35 F.4th 1111 (8th Cir. 2022).

In sum, here, the jury clearly believed a version of events in which Mansur had done nothing other than throw his gun away and run from officers at the time Chandler intentionally shot him in the back. This case thus closely resembles *Julian*, in which the officer shot an unarmed, fleeing arrestee. The facts presented are sufficient to demonstrate that Chandler "wantonly" (i.e., "needlessly, manifesting a reckless indifference to the rights of others," *Twiehaus* 706 S.W.2 at 447") did "that which a man of reasonable intelligence would know to be contrary to his duty and which he intend[ed] to be prejudicial or injurious to another," *Cunningham*, 689 S.W.3d at 496-97 (quotation marks omitted). Thus, there is sufficient evidence to show malice, and Chandler is not entitled to judgment as a matter of law.

### III.    MOTION FOR NEW TRIAL

"The district court may grant a new trial when the first trial resulted in a miscarriage of justice, through a verdict against the weight of the evidence, an excessive damage award, or legal

---

toward him); *Carlton*, 688 S.W.3d at 631-32 (holding that in the context of responding to an emergency, an officer's act of driving over the speed limit and past a stop sign, even if reckless, did not show an intent to injure anyone, so there was no malice and the officer was entitled to official immunity); *Twiehaus*, 706 S.W.2d at 444-49 (superintendent of mental health facility was entitled to official immunity based on claim that patient was killed when he jumped or fell from the window of his room; finding no facts alleged to show bad faith or improper motive).

11

errors at trial." *K7 Design Grp., Inc. v. Walmart, Inc.*, 143 F.4th 931, 939 (8th Cir. 2025) (quoting

*Trickey Kaman Indus. Techs. Corp.*, 705 F.3d 788, 807 (8th Cir. 2013)). *See also* Fed. R. Civ. P.

59(a)(1)(A) (permitting the court, on motion, to grant a new trial on all or some issues). "The

authority to grant a new trial . . . is confided almost entirely to the exercise of discretion on the

part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980). However,

"motions for new trials are generally disfavored." *Williams v. Baum*, 48 F.4th 571, 573 (8th Cir.

2022) (quotation marks omitted).

Chandler argues that he is entitled to a new trial because of several erroneous evidentiary

rulings, because the verdict was against the weight of the evidence, and because the Court

permitted improper closing argument related to punitive damages.

### A. Evidentiary rulings

The Court first considers Chandler's argument that a new trial is warranted because of

several erroneous evidentiary rulings. "A new trial will be awarded only if an evidentiary ruling

constituted a clear and prejudicial abuse of discretion affecting a substantial right of the objecting

party." *Walmart Inc. v. Cuker Interactive, LLC*, 949 F.3d 1101, 1113 (8th Cir. 2020) (quotation

marks omitted). "An allegedly erroneous evidentiary ruling does not warrant a new trial unless the

evidence was so prejudicial that a new trial would likely produce a different result." *Burris v. Gulf

Underwriters Ins. Co.*, 787 F.3d 875, 880 (8th Cir. 2015) (quoting *Diesel Mach., Inc. v. B.R. Lee

Indus., Inc.*, 418 F.3d 820, 833 (8th Cir. 2005) (internal quotation omitted). The Court will address

each allegedly erroneous evidentiary ruling below.

### 1. *Evidence of post-shooting investigation*

Chandler first argues that the Court erred in admitting evidence of the post-shooting

investigation because it confused the issues, wasted time, was extremely prejudicial to Chandler,

12

and had little probative value as to the question of excessive force. Specifically, Chandler challenges the Court's admission of the testimony of Roger Engelhardt, supervisor of the unit that investigated police shootings. Engelhardt testified as follows. After interviewing Chandler and Vaughan, Engelhardt informed the medical examiner, Dr. Graham, that Dr. Graham's initial statement made to the press (that Mansur's spine was severed and Mansur would have gone to the ground immediately upon being shot) was inconsistent with the officers' statements (that Mansur ran after being shot). Tr. Vol. 3, at 272-77, Dr. Graham ordered and conducted a second autopsy, showed Engelhardt the severed spinal cord to confirm his initial statement to the press, and said, "Well, what now?" *Id.* at 283-89. Engelhardt told Dr. Graham, "You need to get fire insurance," by which he meant that there would be civil unrest. *Id.* at 287, 292. Engelhardt told Dr. Graham the chief of police would have questions for him and went to the phone to dial the chief. *Id.* at 292. Before Engelhardt talked to the chief, Dr. Graham approached Engelhardt with an alternative theory: that the spinal cord had been nicked by the bullet and only later broke as Mansur ran. *Id.* at 292-96. Engelhardt came up with his own alternative theory: that the bullet broke the bones in Mansur's spinal column, he continued to run, he collapsed, and in the "polyester dog pile of handcuffing him, those broken bones severed his spine." *Id.* at 297-98. In the next few days, Engelhardt's team interviewed the other officers on the scene. *Id.* at 298. During those interviews, at least one officer indicated to Engelhardt that Mansur had been thrashing and kicking as officers handcuffed him, even though Chandler and Vaughan had indicated in their initial interviews that Mansur had been compliant. *Id.* at 302-05.

Chandler argues that this evidence had little or no probative value because it concerned the City and its investigation (and possible cover-up) of police shootings, not Chandler's use of excessive force. Chandler repeatedly argued this point at trial, contending that the post-shooting

13

evidence was "*Monell* evidence" that should not be admitted because the *Monell* claim against the City had been previously dismissed.[3] The Court remains convinced, as it was at trial, that this argument is without merit. The evidence at issue was not offered to show a pattern or practice by the City that caused the alleged violation of civil rights here (the subject of the dismissed *Monell* claim), nor was it offered for the purpose of showing wrongdoing by the City or any other nonparty. Instead, the evidence was offered to challenge the credibility of the defense witnesses regarding what they saw in this case. Chandler's only asserted reason for shooting Mansur was that Chandler saw Mansur pointing his gun at Vaughan. A key question at trial was whether Mansur could possibly have been pointing the gun at Vaughan when Chandler shot him, given that Mansur's body was found with a severed spine 164 feet away from the gun. Chandler's version of events—that Mansur was holding the gun when he was shot but then threw it and ran in the opposite direction before falling—was supported by the testimony of officers that they saw Mansur run after he was shot; by the testimony of Dr. Graham that it was possible that the bullet only bruised Mansur's spinal cord (such that Mansur might have been able to run after being shot) and that the spinal cord was severed only later when some force was put on it; and by the testimony of Officer Klipsch that (after the shooting) Mansur was resisting arrest and moving his legs to try to get up and that Klipsch put a great deal of force on him and "drove into [Mansur's] back to keep him pinned down" in the process of handcuffing him, Tr. Vol., 4, at 114-15, 141.

---

[3] The Court does not agree with Plaintiff that Defendant waived this argument by stating at one point that "if [Engelhardt's] going to be testifying today, I think his testimony should be limited to his investigation of this incident." Tr. Vol. 3, at 8. Although this statement, in isolation, could be interpreted as a waiver of this argument, a review of the transcript as a whole indicates that defense counsel repeatedly objected to the admission of Engelhardt's testimony, even as it related to the incident here. *Id.* at 6-14.

The evidence of Engelhardt's post-shooting interactions with Dr. Graham undermined the credibility of Dr. Graham's testimony by suggesting that Dr. Graham's opinion at trial might not have been reached based on his unbiased medical judgment, but under pressure to avoid creating a discrepancy between the medical evidence and the officers' stories that might have led to civil unrest. The evidence that Engelhardt conducted the interviews of several of the other officer-witnesses, including Klipsch, only *after* Engelhardt had learned about the possible discrepancy with the medical evidence and come up with his own "polyester dogpile" theory, and the evidence that Klipsch's statements included new statements consistent with the "polyester dogpile" theory that were not included in Chandler's and Vaughan's earlier interviews, also undermined the officers' testimony by suggesting that the officers might have changed their stories to support the "polyester dogpile" theory. In sum, the post shooting evidence from Englehardt was relevant because it had a tendency to make the testimony of defense witnesses such as Graham, Klipsch, and other officers less credible, and thus to make it less likely that Mansur was holding a gun when Chandler shot him. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

The Court acknowledges that, under Rule 403, it "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Chandler has not shown that this standard was satisfied here. The evidence at issue was highly probative of the credibility of key defense witnesses on a key issue in the case, and the possible prejudice to Chandler and risk of jury confusion were minimal and did not outweigh the probative value of this evidence. Significantly,

15

the questioning of Engelhardt was limited to matters specifically related to the credibility of the witnesses' testimony about what they saw in this case. It did not involve a general exploration of the shortcomings in the City's investigation of this shooting, nor did it involve testimony about the City's investigations of other shootings or the City's investigation process in general. Additionally, Engelhardt did not use the language other courts have found potentially prejudicial, such as "conspiracy" or "cover up." Moreover, Plaintiff's counsel made no suggestion, in closing argument or anywhere in the trial transcript, that Chandler should be held liable for the misconduct of the City or any nonparty. Instead, Plaintiff's arguments were fully consistent with the jury's viewing this evidence for the purpose of evaluating the credibility of the witnesses regarding what occurred when Chandler shot Mansur on the day in question. This was an appropriate use of post-shooting evidence. *See Betts v. City of Chicago*, 784 F. Supp. 2d 1020, 1028 (N.D. Ill. 2011) (declining to exclude evidence that defendant officers attempted to cover up the wrongful nature of an arrest; noting that "proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony") (quoting *United States v. Abel*, 469 U.S. 45, 52 (1984)); *Sanchez v. Jiles*, No. CV1009384MMMOPX, 2012 WL 13005996, at *15-*16 (C.D. Cal. June 14, 2012) (precluding "generalized references to the existence of a conspiracy or cover-up" but permitting evidence and argument related to the plaintiffs' theory that the defendant or someone else moved the decedent's hand after the shooting; noting that "Plaintiffs' 'theory' provides some basis for reconciling the [conflicting] evidence and is thus proper argument"); *Gomez v. City of Chicago*, No. 13 C 05303, 2015 WL 13651138, at *10 (N.D. Ill. June 29, 2015) ("Like evidence of alleged misconduct of non-defendant officers, criticism of the police investigation may not be introduced to suggest that Burton should be held liable for the Chicago

Police Department's improper investigation. . . . But that does not mean that Gomez is barred from eliciting facts about any flaws in the investigation that would tend to show bias or to explain the presence or absence of certain evidence."); *Townsend v. Benya*, 287 F. Supp. 2d 868, 877 (N.D. Ill. 2003) (prohibiting the plaintiffs "from using the unduly prejudicial terms 'cover-up' and 'conspiracy'" but allowing the plaintiffs "to introduce evidence of false statements and reports made by Defendants or other police officers because such statements and reports would be admissible for impeachment").

Defendant's argument that the post-shooting evidence was inadmissible under Rule 404(b) is also without merit. Rule 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Rule 404(b) is not relevant here. Chandler does not explain, and the Court does not see, how the post-shooting evidence was offered to prove any person's character in order to show that on a particular occasion the person acted in accordance with the character. The post-shooting evidence was not evidence of Chandler's other crimes, wrongs, or acts, so it could not have been offered to prove that Chandler acted in accordance with any character suggested by such acts. To the extent that the post-shooting evidence showed something about the character of Engelhardt, Dr. Graham, or any nonparty officer, there was no argument or suggestion that any of those people acted in accordance with that character on any particular occasion.

To the extent that Chandler is arguing that admission of this evidence violated Rule 608(b), *see* ECF No. 552, at 9, that argument is also without merit. Rule 608(b) provides, "Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support he witness's character for truthfulness." The

evidence at issue was not offered to attack any witness's "character for truthfulness," but rather to show the witnesses' bias or motivation to lie in this particular instance. These are distinct purposes. *See United States v. Allen*, 540 F.3d 821, 824 (8th Cir. 2008) (rejecting the argument that admission of a witness's conviction violated Rule 609(a)'s limitation on the types of convictions that can be admitted for the purpose of attacking a witness's character for truthfulness; stating that the conviction "was not used to cast doubt on [the witness's] character for truthfulness," but instead "set the basis for a specific motive to lie about [the defendant's] possession of the gun"); *United States v. Ngombwa*, No. 14-CR-123-LRR, 2016 WL 111434, at *4 (N.D. Iowa Jan. 10, 2016) (rejecting the defendant's argument that the admission of evidence was precluded by Rule 608(b); stating, "the government does not propose to pursue its line of questioning as a means of establishing Defendant's *character* for untruthfulness, but instead to establish that Defendant has a motive to lie, or bias").

The cases relied on by Chandler do not change the Court's conclusion because they did not involve post-incident evidence that was relevant to the credibility of the witnesses to the incident. *See Davis v. White*, 858 F.3d 1155, 1160 (8th Cir. 2017) (affirming the exclusion of evidence that a nonparty officer who failed to preserve video of footage of a jail altercation might have been biased because, in the court's view, "excessive force, not the retention of potential evidence, was the central trial issue"); *Sherrod v. Berry*, 856 F.2d 802, 806 (7th Cir. 1988) (holding that in a case where an officer testified that he shot a robbery suspect because the suspect was not following commands and made a quick movement with his hand into his coat as if he was going to reach for a weapon, but where the officer never testified that he actually saw a weapon, post-shooting evidence showing the suspect was unarmed was inadmissible because it was information "beyond that which [the defendant] had and reasonably believed at the time he fired his revolver"); *Fuery*

18

*v. City of Chicago*, No. 07 C 5428, 2015 WL 13682033, at *5 (N.D. Ill. Nov. 30, 2015) (holding that the plaintiffs could not "insinuate that any non-Defendant officers committed misconduct, since there are no claims against any such officers in this case"); *Sonnier v. Field*, No. 2:05-CV-14, 2007 WL 576655, at *4 (W.D. Pa. Feb. 21, 2007) (excluding expert testimony about "errors or omissions by the State Police in their post-incident investigation" because they "could not be attributed to the Defendants"); *White v. Gerardot*, No. 1:05-CV-382, 2008 WL 4238959, at *7 (N.D. Ind. Sept. 10, 2008) (excluding expert testimony critical of a post-shooting investigation because it was not relevant to the circumstances and information available to the officer at the time of the shooting).

The Court is also unpersuaded by Chandler's argument in his reply brief that the admission of this evidence was improper because it played into Plaintiff's improper "theme" that the City was a bad actor. Chandler relies on *Krekelberg v. City of Minneapolis*, 991 F.3d 949, 959 (8th Cir. 2021). In *Krekelberg*, the plaintiff went to trial on claims that her driver's license data had been accessed 74 times, in violation of the Driver's Protection Privacy Act, by 58 Minneapolis police officers. *Id.* at 952. The defendants were two officers and the City, with the plaintiff alleging the City was vicariously liable for the actions of its officers. *Id.* At trial, the plaintiff presented evidence that her data had been accessed more than 850 times by persons and entities whose conduct was no longer at issue in the lawsuit, evidence that the City failed to investigate her claims, evidence that she experienced harassment and discrimination as a consequence of filing the lawsuit, and evidence that the City failed to hold the offending officers accountable. *Id.* at 953. The Eighth Circuit held that the evidence should have been excluded under Rule 403. *Id.* at 956-58. As to the 850 accesses by non-parties, it reasoned that the evidence was minimally probative and that it "was extraordinarily prejudicial and risked confusing the jury because it took the focus

19

off the 74 accesses from December 2009 to 2012 at issue in the suit and onto the 850 time-barred accesses from 2003 to December 2009, which could not be considered as damages" *Id.* at 956-57. It also found that "[a]dmitting into evidence such a large number of accesses by persons whose conduct was not at issue in the suit, many of whom worked for the City, is inflammatory." *Id.* at 957 (quotation marks omitted). The court also found that a limiting instruction did not overcome the unfair prejudice because the plaintiff "made the evidence a theme of her case by introducing it multiple times in different ways and by repeatedly referencing the one thousand improper accesses during opening and closing argument." *Id.* at 957. As to the retaliation, harassment, and failure-to-investigate evidence, the court found it had no probative value and was prejudicial because it "translated into a major and irrelevant trial theme: the City is a bad actor"—a theme to which "[a]pproximately a third of [the plaintiff's] opening and closing statements were devoted." *Id.* at 958.

The evidence at issue here was much more limited than was the evidence in *Krekelberg* and was much more probative of the issues before the jury. Here, unlike the plaintiff in *Krekelberg*, Plaintiff did not introduce evidence of numerous wrongs committed against Mansur by City personnel that were similar to the illegal conduct at issue, nor did Plaintiff introduce evidence that the City or City personnel failed to investigate the incident. Instead, Plaintiff introduced evidence related to the actions of specific witnesses in this case that bore on those witnesses' credibility as it related to the key question the jury had to decide in this case—whether Ball-Bey could have been holding a gun and pointing it at Vaughan before Chandler shot him. Additionally, the Court disagrees that the theme of Plaintiff's case was that the City was a bad actor. Plaintiff's counsel's opening statement did not mention any misconduct by the City and did not mention any post-shooting misconduct by any City employee; indeed, Plaintiff's counsel discussed the City only

20

when referencing and relying on diagrams and photographs created by City investigators. In closing argument, Plaintiff's counsel discussed the post-shooting evidence *only* in the context of how it affected the credibility of the witnesses in this case. Plaintiff's counsel did not suggest or imply that any of this evidence showed independent wrongdoing by the City or other non-parties for which the jury should compensate Plaintiff.

In sum, the Court finds no error in its decision to admit the limited post-shooting evidence at issue here. In the alternative, assuming, *arguendo*, that the admission of some or all of the post-shooting evidence was improper, the Court finds that its admission does not warrant a new trial because it was not "so prejudicial that a new trial would likely produce a different result." *See Diesel Mach., Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 833 (8th Cir. 2005). It appears to the Court that the jury found highly credible the testimony of Plaintiff's medical expert, Plaintiff's crime scene reconstruction expert, and the physical evidence. Although the jury may well have found that the post-shooting evidence bolstered the testimony of Plaintiff's witnesses, considering the other evidence of record, the Court cannot say the jury would likely have reached a different result if the post-shooting evidence had not been introduced.

### 2. Evidence that union attorneys were present with officers during post-shooting investigation interviews

Chandler next argues that the Court violated Rule 403 by admitting testimony that Chandler and other officer witnesses had attorneys present with them during their post-shooting interviews, and that those attorneys were the same. Chandler argues that this risked confusing the jury because it implied that the officers required the presence of attorneys to shield them from criminal liability. Chandler argues that this was particularly prejudicial because the Court excluded evidence that no officer was criminally charged for the shooting. Chandler argues that this evidence supported Plaintiff's irrelevant trial theme that the City was a bad actor and that the department was engaged

21

in a coverup of the shooting at issue. Chandler argues that because there was no *Monell* claim for the jury to decide, the Court abused its discretion in not focusing the scope of the trial on the use of force at issue.

The Court finds no error in the admission of this evidence. As with Chandler's first argument, Chandler appears to misunderstand the purpose for which this evidence was introduced. The purpose of this evidence was not to show that because the officers had counsel, they were guilty of something, nor was it to show that they or the City engaged in a coverup for which Chandler should be held liable. Instead, its purpose was to show how it was possible that the officer witnesses could have coordinated their stories about what they saw at the time of the shooting, thereby making their testimony about what they saw less credible. The Court acknowledges that the probative value of this specific evidence was not particularly high. However, the Court also finds that both the potential prejudice to Chandler and the risk of jury confusion were minimal. Plaintiff's questioning about the presence of the attorneys was very limited, as was Plaintiff's discussion of this issue during closing arguments. The Court also finds no suggestion by Plaintiff's counsel, anywhere in the trial transcript, that Chandler should be held liable for the conduct of any other officer.

In the alternative, to the extent that it was error to admit some or all of this evidence, the Court finds that Defendant has failed to show the requisite prejudice. For the reasons stated above with respect to the post-shooting evidence in general, and because the evidence related to the attorneys' presence was limited and not emphasized in closing argument, the Court finds it extremely unlikely that a new trial without this evidence would produce a different result.

3.    *Evidence related to Mansur's character and family relationships*

22

Chandler next argues that the Court erred by admitting evidence that presented "a rosy picture" of Mansur (including photographs of him as a child and at his high school graduation and testimony that he was religious, educated, hard-working, and a family member) while excluding evidence that would have refuted that picture (including photographs of him with a gun, photographs of him smoking marijuana, a social media post including photographs of him and the label "Trakcistan Mafia,"[4] and evidence that the gun he was holding was linked to a stolen automobile). Chandler argues that the jury "only saw one side of Mansur—the side his family sees in him" and that the Court "did not permit the jury to see any evidence of who Chandler encountered on August 19, 2015—a young man affiliated with a gang fleeing from a drug house with a gun pointed at an officer." ECF No. 552, at 14.

As a preliminary matter, the Court rejects any suggestion by Chandler that this evidence should have been admitted for purposes of determining whether Chandler used excessive force because it would have shown "evidence of who Chandler encountered on August 19, 2015." *See id.* As discussed at the pretrial conference, there was no evidence that Chandler had any knowledge, prior to the shooting, of any of this evidence or of any of the information reflected in it. Defendant also has made no convincing argument that any of this evidence was probative of the question of whether Mansur pointed a gun at anyone, particularly in light of the fact that there was no dispute that Mansur was in possession of a gun when he ran out of the house shortly before the shooting. Introducing this evidence for the purpose of showing Chandler's or Mansur's state of mind or actions at the time of the shooting would have been irrelevant, confusing, and highly

---

[4] There was testimony provided at trial that "Trakcstan Mafia" was the name of a violent street gang. Tr. Vol. 2, at 144. Defense counsel also told the court of counsel's belief that Mansur was part of a rap group called the "Trakcstan Mafia," though no evidence of that was presented at trial. Tr. Vol. 4, at 10.

prejudicial. If this evidence was relevant at all, it was relevant to the question of the Plaintiff's damages.

For his argument, Chandler relies on *Cobige v. City of Chicago*, 651 F.3d 780 (7th Cir. 2011). In *Cobige*, the plaintiff's mother died shortly after being arrested, and the plaintiff filed constitutional and state law claims based on the failure to provide her with medical care. *Id.* at 782. To show his damages for loss of companionship and damages for the decedent's loss of enjoyment of life, the plaintiff testified that his mother had been "a friend as well as a parent, a bulwark of support and a role model throughout his life." *Id.* at 784. To counter that evidence, the defendant sought to introduce evidence that the decedent was a drug addict who had been in trouble with the law for much of her adult life and had spent multi-year stretches in prison. *Id.* The district court excluded the evidence. *Id.* The jury awarded $5 million in compensatory damages. *Id.* at 782. On appeal, the Seventh Circuit reversed, stating:

> [T]he jury did not learn that in 1998 [the decedent] was sentenced to four years' imprisonment for two drug offenses and had scarcely been released when she was arrested again and convicted in 2001 for another drug crime, for which the sentence was three years. When she died in 2006, she was in the lockup following arrest on yet another drug charge. The excluded evidence would have undermined the favorable picture that [the plaintiff] painted of his mother's character and would have allowed defense counsel to ask just what kind of "role model" she could have been. Moreover, evidence that she was in prison for extended periods, and in thrall to heroin when not imprisoned, would have undermined testimony that she provided wise advice and support to her son: prisoners can't spend nearly as much time with their relatives as free persons do. Although a parent's advice (and object example) not to repeat the parent's mistakes may be valuable, this is not the kind of value that leads to an award of damages in a wrongful-death action. . . .
>
> [The decedent's] character and life prospects were put in question by her son's testimony. Just as [the plaintiff] was entitled to paint a favorable view of his mother's ability to give sage advice and emotional support—he testified that "she taught me mostly everything I know. Everything she knew she tried to instill in me."—[the defendant] was entitled to introduce evidence suggesting that [the decedent] was not likely to assist others or to have enjoyed life to the extent that her son narrated.

*Id.* at 784-85.

As this Court's comments at trial made clear, it was a close question whether to admit at least some of the evidence Chandler wanted to introduce.[5] *See* Tr. Vol. 4, at 70-75, 84-90. However, after careful consideration of each piece of proposed evidence in light of the other testimony presented and the relevant case law, the Court ultimately determined that each of these pieces of evidence was more prejudicial than probative and should be excluded under Rule 403. After review of the parties' briefs and the case law cited in the instant motion, the Court remains convinced that its rulings at trial were not erroneous and do not warrant a new trial.

The Court finds *Cobige* distinguishable for several reasons. First, Plaintiff in this case did not offer the broad, "role model" type claims about Mansur's character that were offered by the plaintiff in *Cobige*. Instead, the vast majority of Mansur's parents' testimony related specifically to the relationship Mansur had with his family members and did not indicate that he was a role model or perfectly wholesome individual. Indeed, Plaintiff's counsel refrained from eliciting certain testimony, including testimony that Mansur was in the top third of his high school class,

---

[5] One piece of evidence did not present a close question: the evidence linking Mansur's gun to a stolen automobile a month prior. At the pretrial conference, counsel for Chandler indicated that she had a firearms expert who would testify that a shell casing fired from Mansur's gun matched shell casings that were found in a stolen automobile a month prior to the shooting. Defense counsel indicated that the implication was that Mansur was involved in a stolen auto incident a month before the shooting. However, as discussed at the conference, there was no evidence to suggest that Mansur was involved in the stolen automobile incident, that Mansur had the gun at the time of the stolen automobile incident, or that Mansur had the gun at any time prior to the date he was shot. The Court indicated that Defendant's theory seemed "really speculative" and took the issue under submission, ruling on the motion in limine that "[a]lthough prior crimes or bad acts might be relevant to Plaintiff's damages or for impeachment purposes . . . [Chandler] will not be permitted to introduce evidence that connects Mansur Ball-Bey to past crimes or other bad acts only through speculation." ECF No. 497, at 3. Chandler never offered any additional evidence to support the implication that Mansur was involved in the stolen automobile incident.

explicitly because Plaintiff's counsel wanted to avoid making claims that would have opened the door to rebuttal testimony under *Cobige*. See Tr. Vol. 4, at 8-9.

Second, unlike the evidence at issue in *Cobige*, which was highly probative of the plaintiff's damages, the evidence Chandler sought to offer in this case had minimal probative value as to the question of Plaintiff's damages. The Seventh Circuit emphasized that the excluded evidence in *Cobige* showed that the decedent "was in prison for extended periods, and in thrall to heroin when not imprisoned," which "would have undermined testimony that she provided wise advice and support to her son" because "prisoners can't spend nearly as much time with their relatives as free persons do." 651 F.3d at 784. It found that the defendant "was entitled to introduce evidence suggesting that [the decedent] was not likely to assist others or to have enjoyed life to the extent that her son narrated"—matters that went directly to the question of the decedent's loss of companionship damages and the damages from the decedent's loss of enjoyment of life. *Id.* at 784-85. Here, in contrast, none of the evidence Defendant wanted to offer (that Mansur sometimes had a gun, sometimes smoked marijuana, and made a social media post with himself containing the words "Trakcistan Mafia") suggested that Mansur would have been unable to interact with his family to the extent described by his parents, to provide companionship to his family to the extent described by his parents, or to enjoy life himself.

Third, unlike the situation in *Cobige*, the jury in this case *did* hear quite a bit of evidence that undermined Plaintiff's "rosy" picture of the decedent. The undisputed evidence presented at trial showed that Mansur was present at a house where a search warrant for guns and drugs was being executed, that Mansur ran out of that house holding a gun with an extended magazine, and that Mansur fled from police officers who were chasing him. It included a photograph of the gun Mansur was holding. It also showed that Mansur was close with the cousin who lived at the house

26

that was the target of the search warrant, that the cousin has since been killed, and that another young man who was with Mansur and running out of the house has also since been killed. The presence of this evidence permitted Defendant to make the following argument during closing:

> By all accounts, Mansur was a young man who was headed down a bad path. He was in a house that was being searched for guns and drugs. He came out of that house with a gun. He was running away from police officers. Every person he was around that day, whether it was his cousin in the house or whether it was the young man that he went out with, he ran out of the house with, both of them are dead.

Tr. Vol. 5, at 64. In light of all of this evidence, the additional probative value of the excluded evidence would have been minimal.

Fourth, the Court finds that the evidence at issue here posed a risk of jury confusion and unfair prejudice that was not present in *Cobige*. For example, as the Court noted at the pretrial conference, because there was no evidence that Chandler ever saw a photograph of Mansur with the name "Trakcistan Mafia" on it, the admission of such a photograph could lead to jury confusion and prejudice because the jury might think that Chandler had some reason to believe that Mansur had a gang affiliation when Chandler shot Mansur—despite the fact that there was no evidence whatsoever that, at the time of the shooting, Chandler had any knowledge that Mansur had any affiliation with any gang or other group.

In sum, although it was a close call, the Court remains convinced that it was not erroneous for the Court to exclude the evidence offered by Chandler even while admitting the evidence offered by Plaintiff. In the alternative, the Court finds that these evidentiary rulings do not warrant a new trial because they were not so prejudicial that a new trial would likely produce a different result. As discussed above, there was already substantial evidence in the record to support Chandler's argument that Mansur was "headed down a bad path." The evidence at issue here would have added little to that argument.

27

#### 4. *Evidence of drug use by Chandler and Vaughan but not Mansur*

Chandler next argues that the Court erred by admitting damaging evidence against Chandler and Vaughan but excluding damaging evidence against Mansur. Specifically, he argues that the Court erred by admitting evidence of Chandler's misuse of prescription drugs years after this event and evidence that Vaughan was terminated from the police department years after this event, yet excluding evidence that Mansur smoked a joint and evidence of cocaine found at the scene after the shooting.

The Court finds no error in its evidentiary rulings with respect to these matters. The factual and legal issues presented with respect to these various pieces of evidence were entirely distinct. The questioning about Chandler's use of prescription medication was permitted only to the extent that it related to departmental findings that Chandler had made false reports regarding those matters to police personnel. Similarly, the questioning about Vaughan's termination was permitted only to explore Vaughan's termination pursuant to a finding that Vaughan had violated the City of St. Louis Code of Conduct's honesty requirement. These prior findings of dishonesty were highly probative of Chandler's and Vaughan's character for truthfulness, and questioning them about these incidents was permissible under Rule 608(b)(1). Additionally, in light of the importance of the credibility of Chandler's and Vaughan's testimony to the central issues in this case, any possible prejudice was easily outweighed by the probative value of this evidence. In contrast, Chandler does not explain how evidence that Mansur smoked a joint or how evidence that cocaine was found at the house would have been relevant to the credibility of any witness or to any other issue in the case. The Court finds no error in these evidentiary rulings. In the alternative, the Court finds no prejudice resulting from these rulings.

#### 5. *Plaintiff's past criminal history*

28

Chandler next argues that the Court erred in excluding evidence of Plaintiff's prior convictions: a conviction for robbery about 40 years before his 2021 deposition and a 1989 conviction in which he pled guilty to raping a 14-year-old (for which his prison term ended in 1993). Chandler notes that Plaintiff testified about his own background and his relationship with Mansur. He argues that "Plaintiff's prior convictions would have been used to challenge Plaintiff's background, and the inconsistencies revealed therein would have called into question the entirety of Plaintiff's testimony." ECF No. 552, at 19. Chandler also argues that "prior convictions are highly probative of credibility because of the common-sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." *Id.* at 18 (quoting *United States v. Hall*, No. 15-CR-55-LRR, 2016 WL 3198289, at *4 (N.D. Iowa June 8, 2016)). He argues that because Plaintiff held himself out as a harmless, hard-working individual, his prior convictions were highly probative of his credibility.

The Court finds no error in the exclusion of this evidence. Under Rule 609(b), where "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later," impeachment by evidence of a criminal conviction is permissible "only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b). "Rule 609(b) effectively establishes a rebuttable presumption against the admissibility of prior convictions more than ten years old." *United States v. Stoltz*, 683 F.3d 934, 939-40 (8th Cir. 2012) (quotation marks omitted). "Such stale convictions should be admitted very rarely and only in exceptional circumstances." *Id.* (quotation marks omitted). *See also Reach Companies, LLC v. Newsert, LLC*, 94 F.4th 712, 720 (8th Cir. 2024) ("[C]onvictions will be admitted under Rule 609(b) 'very rarely and only in exceptional circumstances.'") (quoting *United States v. Jasso*, 701 F.3d 314, 317 (8th Cir. 2012)). Factors that

29

tend to support admissibility include a high number of convictions, the fact that the convictions involved fraud or deceit, and evidence that the witness's dishonest conduct continued after the convictions. *See id.* A factor that tends to weigh against admissibility is the potentially prejudicial nature of the conviction. *See, e.g., United States v. Parker*, 634 F. Supp. 3d 583, 592 (W.D. Ark. 2022) (finding evidence of a conviction for child pornography was inadmissible under Rule 609(b); reasoning in part that evidence of a crime against children "could invoke strong feelings among jurors").

Chandler has not shown that there are any "exceptional circumstances" that would have justified the admission of the convictions at issue here. Plaintiff had two convictions, both of which were well over 30 years old. Nothing suggests that either conviction involved fraud or deceit, nor is there any indication that any dishonest conduct continued after the convictions. The Court finds these convictions would have had little or no probative value as to Plaintiff's character for truthfulness or any other issue relevant to the case. Moreover, the admission of the rape conviction would have been highly prejudicial. The Court finds no error. In the alternative, the Court finds that this ruling does not warrant a new trial because it was not so prejudicial that a new trial would likely produce a different result.

### 6. Evidence related to Plaintiff's and Mansur's religion

Defendant next argues that the Court violated Federal Rule of Evidence 610 when it permitted testimony about Plaintiff's and Mansur's religious beliefs. Rule 610 provides, "Evidence of a witness's religious beliefs or opinions is not admissible to attack or support the witness's credibility."

To the extent that Chandler argues that the Court violated Rule 610 by allowing evidence of Mansur's religion, that argument is without merit because Mansur was not a "witness" in this

case whose credibility could have been supported by evidence of religious beliefs. To the extent that Chandler argues that the Court violated Rule 610 by allowing evidence of Plaintiff's religion, that argument is without merit because Plaintiff's counsel did not elicit testimony about Plaintiff's "religious beliefs or opinions" to support Plaintiff's credibility. Plaintiff testified that he joined the Moorish Science Temple of America when he was 22, that he was still involved in the temple, that his children went to the temple, that the family attended the temple three times a week, and that the family attended a festival at the temple annually, and that Mansur was an usher at the temple. Plaintiff's counsel did not elicit any testimony about Plaintiff's religious beliefs or opinions or the beliefs or opinions of the Moorish Science Temple of America, nor did Plaintiff's counsel suggest in questioning or in closing that Plaintiff's religious beliefs made him more credible as a witness. Instead, Plaintiff's testimony about his and the family's involvement with the temple was appropriately introduced to demonstrate the ways in which the family spent much of their time together, which was relevant to loss of consortium damages. The Court finds no error.

In the alternative, the Court finds that any error in the admission of this evidence did not prejudice Chandler. The Court finds it highly unlikely that evidence that Plaintiff was affiliated with and attended the Moorish Science Temple of America, a religious group likely unfamiliar to many of the jurors and whose religious beliefs were not described to the jurors, significantly bolstered Plaintiff's credibility. There is no reasonable likelihood that this evidence was so prejudicial that a new trial would likely produce a different result.

### B.  Weight of the Evidence

Defendant next argues that the verdict was against the weight of the evidence for several reasons. "A district court should grant a motion for new trial based on the sufficiency of the evidence when 'the verdict is against the weight of the evidence and allowing it to stand would

31

result in a miscarriage of justice.'" *Reach Companies,* 94 F.4th at 718 (quoting *Lonesome Dove Petrol., Inc. v. Holt*, 889 F.3d 510, 516 (8th Cir. 2018)). "A new trial should be granted only if the evidence weighs heavily against the verdict." *White Commc'ns, LLC v. Synergies3 Tec Servs., LLC*, 4 F.4th 606, 613-14 (8th Cir. 2021) (quotation marks omitted). "In determining whether a verdict is against the weight of the evidence, the trial court can rely on its own reading of the evidence—it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *Wilson v. Lamp*, 995 F.3d 628, 631 (8th Cir. 2021) (quoting *White v. Pence*, 961 F.2d 776, 780 (8th Cir. 1992)). However, the trial court is not "free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *White*, 961 F.2d at 780-81 (quotation marks omitted). "[G]reat deference is to be accorded the trial judge's decision in such rulings." *Wilson*, 995 F.3d at 631 (quoting *White*, 961 F.2d at 780).

### 1. Verdict against the weight of the evidence because every eyewitness account contradicted Plaintiff's theory

Chandler first argues that the verdict was against the weight of the evidence because every eyewitness account contradicted Plaintiff's theory. He also argues that "[t]here was no evidence adduced at trial that Mansur did not point a gun at Officer Vaughan." ECF No. 552, at 23.

The Court acknowledges that the eyewitness testimony presented, even if not perfectly consistent, strongly supported Chandler's version of events rather than Plaintiff's. However, the Court does not agree with Chandler that there was no evidence adduced at trial that Mansur did not point a gun at Vaughan. Plaintiff did present such evidence, including the uncontroverted physical evidence that the gun was found 164 feet away from Mansur's body and the expert testimony from Dr. Carlock that Mansur could neither have run after having been shot nor have thrown the gun to its resting place after having been shot. The physical evidence, combined with

32

Dr. Carlock's testimony, strongly suggested that Mansur could not possibly have been holding or pointing a gun when Chandler shot him. Plaintiff also presented other evidence, including ShotSpotter audio and the expert testimony of crime scene reconstructionist Matthew Noedel, that tended to undermine the credibility of the officers' version of events. It is apparent that the jury gave more weight to the physical evidence and expert evidence than it did to the eyewitness testimony of the officers. Chandler offers no authority to suggest that a jury's decision to weigh a combination of physical and expert evidence more heavily than eyewitness testimony indicates a verdict against the weight of the evidence, nor is the Court aware of any such authority. The Eighth Circuit has noted that "a lack of eyewitness testimony is not a lack of evidence." *See Partridge v. City of Benton, Arkansas*, 70 F.4th 489, 491 (8th Cir. 2023) (rejecting the defendants' argument that they were entitled to summary judgment because there was no eyewitness testimony that the decedent did not point his gun at the officers; noting that the expert's testimony, "if believed, supports a reasonable inference that [the decedent] did not point his gun at the officers"). *See also* Model Civ. Jury Instr. 8th Cir. § 1.04 (2023) ("[T]he law makes no distinction between the weight to be given to direct and circumstantial evidence.").[6]

The jury certainly could reasonably have weighed the evidence differently and reached a different conclusion. However, based on the Court's own evaluation of the evidence presented at trial, including the uncontroverted evidence of the relative locations of the gun and Mansur's body and the persuasive testimony of Dr. Carlock,[7] the Court does not find the verdict was against the

---

[6] Defendant's reliance on *King v. Davis*, 1991 WL 441734 (S.D. Iowa Nov. 19, 1991), *aff'd*, 980 F.2d 1236 (8th Cir. 1992), is unpersuasive. *King* did not involve physical and medical evidence inconsistent with the eyewitness testimony presented and does not stand for the broad proposition that testimony that a verdict unsupported by the eyewitness testimony presented is against the weight of the evidence.

[7] Defendant suggests that Dr. Carlock's testimony was of little value because Dr. Carlock admitted

33

weight of the evidence. Allowing it to stand would not result in a miscarriage of justice. Thus, Chandler is not entitled to a new trial based on this argument.

### 2. *Verdict against the weight of the evidence because of a lack of evidence to refute that Mansur pointed a gun at Vaughan*

Defendant next argues that there was no evidence to refute that Mansur pointed a gun at Vaughan. The Court finds this argument unpersuasive for the reasons articulated above with respect to Defendant's previous argument concerning eyewitness testimony.

Defendant's reliance on *Jordan v. Howard*, 987 F.3d 537, 541 (6th Cir. 2021), is unavailing. In *Jordan*, the officers testified that the decedent initially complied with commands to raise his hands, but then reached for a gun in his lap and moved it in the direction of officers, at which point they began shooting at him and hit him six times in different parts of his body. The only evidence supporting the plaintiff's argument that the decedent was not holding a gun at the time officers shot at him was an expert report stating that the decedent's right hand was raised in front of him, near shoulder level, when he was shot in the base of the right thumb, and that the lack of damage to the gun provided clear evidence that the decedent was not holding the gun when he was shot in the hand. *Id.* at 541-42. The Sixth Circuit noted that the expert could not opine on the sequence of the shots, found that his report did not contradict that the decedent stopped following officer commands and picked up the gun in his lap, and noted that the report "tells us *only* that by the time one of [the officer's] eight shots struck McShann's right hand, there is 'clear evidence'

---

he did not know whether the bullet immediately transected the spine and because Dr. Graham testified that the bullet did not perforate the spinal cord. The Court disagrees. Dr. Carlock's testimony that Plaintiff could not have run after having been shot was not dependent on a finding that the bullet immediately transected or perforated the spinal cord. Dr. Carlock testified that he was 99.5% certain that the bullet severed the spinal cord at the moment of impact, but that even if it did not, the bullet would have caused spinal shock that would have led to immediate paralysis below the level of the injury. Tr. Vol. 3, at 192, 200-04.

that McShann was not holding the pistol." *Id.* at 545. The court found that this "such speculation is not enough to controvert consistent officer testimony to the contrary and create a genuine dispute of material fact for trial." *Id.* Here, in contrast to *Jordan*, Plaintiff's version of events does not rest on a single expert opinion that might not even be relevant to the point in time at which officers began shooting. Instead, it relies on a combination of physical evidence, crime scene reconstruction expert testimony from Mr. Noedel, and medical expert testimony from Dr. Carlock, all of which, taken together and credited by the jury, showed that Plaintiff could not have been holding or pointing a gun when the officers began shooting. Indeed, the instant case is similar to another Sixth Circuit case that was distinguished by the court in *Jordan*: *King v. Taylor*, 694 F.3d 650 (6th Cir. 2012). In *King*, the officers testified that the decedent had pointed a gun at them just before he was shot. *Id.* at 662-63. Despite the consistent officer testimony, the court found a genuine issue of material fact regarding whether the decedent was pointing a gun at the officers based on bullet trajectory evidence that was more consistent with the plaintiffs' theory of events and medical expert evidence indicating that the decedent's arm would not have come to rest where it did if he had been shot with his arm extended toward the officers. *Id.* It stated, "a jury could find, based upon the forensic evidence, expert testimony, and common sense, that [the decedent] did not threaten the officers by pointing a gun at them just before he was shot." *Id.* at 662. Here, as in *King*, it was not unreasonable for the jury to find, based on the forensic evidence, medical expert testimony, and common sense, but contrary to officer testimony, that Mansur was not pointing a gun when Chandler decided to shoot him. Chandler is not entitled to a new trial based on this argument.

### 3. *Punitive damages verdict against the weight of the evidence*

Chandler next argues that he is entitled to a new trial because the punitive damages verdict

was against the weight of the evidence.[8] He offers two arguments: (1) that Plaintiff failed to adduce evidence that Chandler's shooting of Mansur was done with an evil motive or intent or involved reckless or callous indifference to Mansur's federally protected rights;[9] and (2) that the Court erroneously admitted prior acts that were not of the sort that harmed Mansur.

"Unlike compensatory damages, which are mandatory and are awarded as a matter of right once liability is established, punitive damages are awarded or rejected in a particular case at the discretion of the fact finder once sufficiently serious misconduct by the defendant is shown." *Naucke v. City of Park Hills*, 284 F.3d 923, 929 (8th Cir. 2002) (citing *Smith v. Wade*, 461 U.S. 30, 52 (1983)). "The focus is on the intent of the defendant and whether the offensive conduct calls for deterrence and punishment over and above that provided by compensatory awards." *Id.* (citing *Smith*, 461 U.S. at 54). "Punitive damages are appropriate in a § 1983 case 'when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Id.* (quoting *Walters v. Grossheim*, 990 F.2d 381, 385 (8th Cir. 1993)). "It is a question of fact whether a defendant's conduct was

---

[8] In his motion for remittitur, Chandler separately argues that the punitive damages award is grossly excessive under the Due Process clause of the Fourteenth Amendment and should be reduced. The Court will address that argument in Section III, *infra*. In this section of the opinion, the Court addresses only whether the Chandler is entitled to a new trial because the threshold showing for punitive damages was not made and/or because the Court improperly admitted evidence of prior acts.

The Court also notes that Chandler has not moved for judgment as a matter of law on the question of punitive damages, nor did he do so at trial. He moves only for a new trial and for remittitur.

[9] When Chandler refers to "punitive damages" in this section of his briefing, it is unclear whether he is referring only to the punitive damages awarded on the § 1983 excessive force claim or to those damages *and* the aggravating circumstances damages awarded on the state law claim, which are punitive in nature. Chandler makes no arguments based on the standard for an award of aggravating circumstances damages under Missouri law, and he relies entirely on federal cases.

motivated by an evil motive or involves reckless indifference to the federally protected rights of

others." *Schaub v. VonWald*, 638 F.3d 905, 923 (8th Cir. 2011).

Here, the issue of punitive damages was submitted to the jury using the Eighth Circuit's

model instruction for punitive damages in a civil rights case, Model Civ. Jury Instr. 8th Cir. 4.72

(2003), as modified by agreement of the parties,[10] and Missouri's model instructions for damages

for aggravating circumstances, Missouri Approved Jury Instructions Instruction (Civil) 3.01, 6.02

& 10.01.[11] *See also* Instruction Nos. 15-19, ECF No. 530, at pp. 19-24. The jury awarded punitive

damages for excessive force after being instructed that it could do so if it was proven that

Chandler's conduct "was motivated by evil motive or intent, or reckless or callous indifference to

the constitutionally protected rights of Mansur Ball-Bey." *Id.* at p. 20. It awarded aggravating

circumstances damages for wrongful death after being instructed that it could do so if there was

clear and convincing evidence that Chandler's conduct "was outrageous because of the

Defendant's evil motive or reckless indifference to the rights of Mansur Ball-Bey." *Id.* at pp. 23-

24.

The jury's findings on these issues were not so against the weight of the evidence that

allowing them to stand would result in a miscarriage of justice. Although the jury could certainly

have found these standards not satisfied, the Court is not "free to reweigh the evidence and set

---

[10] By agreement of the parties, the language of the model instruction on punitive damages for excessive force was modified to replace the words "malicious or recklessly indifferent" to "motivated by evil motive or intent or reckless or callous indifference to the constitutionally protected rights of Mansur Ball-Bey. Tr. Vol. 4, 193-97.

[11] "[A]ggravating circumstances damages in wrongful death cases are the equivalent of punitive damages," whose purpose is "to inflict punishment and to serve as an example and a deterrent to similar conduct." *Smith v. Brown & Williamson Tobacco Corp.*, 275 S.W.3d 748, 810 (Mo. Ct. App. 2008).

aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable." *White*, 961 F.2d at 780-81 (quotation marks omitted). The jury clearly believed Plaintiff's version of events: that Chandler shot an unarmed man in the back, killing him, while the man was fleeing from him and who posed no serious risk of harm to Chandler or others. It clearly disbelieved Chandler's and Vaughan's testimony that Mansur turned and pointed a gun at Vaughan, then threw the gun some distance behind him and continued running forward. Under these circumstances, the jury could reasonably have inferred that Chandler acted with callous indifference to Mansur's federally protected rights. There was also evidence presented during the punitive damages phase of the trial that Chandler had a history of using force against citizens, sometimes under questionable circumstances, including a 2012 incident in which he shot at someone whom he claimed had pointed a gun at him and then thrown the gun away but in which no gun was ever found, a 2009 incident in which Chandler shot someone in the back and killed him, and a 2013 incident in which he was accused of punching a suspect in the side of the face while he was handcuffed. The Court notes that Chandler, in his motion, does not direct the Court to any cases finding punitive damages inappropriate in a case similar to this one, or even any cases involving use of excessive force.

The Court is also unpersuaded that a new trial is warranted because the Court erred in admitting the evidence of prior uses of force by Chandler at the punitive damages phase. Chandler cites no authority in support of this argument. The jury instructions, which were based on the Eighth Circuit's model instructions, permitted the jury to consider "whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed the decedent." Instruction No. 16, ECF No. 530, at p. 20. At trial, Plaintiff listed several past incidents involving Chandler that he wanted to address through cross-examination of Chandler at the punitive damages

38

phase. Tr. Vol. 5, at 87-89. The Court excluded evidence of several of the incidents, finding them insufficiently similar to the conduct in the instant case to be relevant. *Id.* at 89-96. The Court permitted cross-examination about the 2012 shooting over Chandler's objection, finding Chandler's description of what occurred in that case to be very similar to the instant case. *Id.* at 91. Chandler did not object to the introduction of evidence about either the 2009 shooting or the 2013 punching accusation. *Id.* at 87-96. The three incidents about which Plaintiff was permitted to question Chandler—one involving shooting a gun, one involving shooting a man in the back, and one involving an allegation of excessive force against a handcuffed suspect—were sufficiently similar to the instant case to be relevant to the jury's consideration of punitive damages. *See Wilson v. City of Hazelwood*, 628 F. Supp. 2d 1063, 1066, 1070 (E.D. Mo. 2008) (rejecting the defendant's argument that a new trial was warranted because the trial court erred in admitting evidence of prior "unrelated citizen complaints" and that the defendant had been referred to counseling; reasoning that the jury had been instructed that it should consider matters including "whether others were harmed by the same conduct of the defendant that harmed the plaintiff" and "whether there was any repetition of the wrongful conduct and past conduct of the sort that harmed plaintiff" and finding that the evidence of prior complaints "was relevant to the jury's consideration of the amount of punitive damages").

In sum, the jury's finding that punitive damages were warranted was not against the weight of the evidence, and allowing it to stand would not result in a miscarriage of justice. Chandler is not entitled to a new trial based on this argument.

### C. Impermissible Closing Argument

Finally, Defendant argues that a new trial is warranted because the Court erroneously permitted argument that the jury should enter punitive damages against the City of St. Louis, which

was no longer a party to this action and against which punitive damages could not have been awarded even if it had been a party.[12] Chandler argues that Plaintiff's counsel made several statements during oral argument that, in effect, asked the jury to award punitive damages against the City: (1) counsel's statement, "I'm about to ask for a large amount of money for punishment," followed by a discussion of the City Budget Director's testimony about the City's budget to settle police matters and the City's general budget; (2) counsel's statement that if the punitive damages award "doesn't hurt the budget, it's going to keep happening . . . It has to hurt the budget. Because when it hurts the budget, you change policies"; (3) counsel's request for $50 million and statement that "the City's budget is a billion dollars a year. We're only asking for 5 percent of one budget for one year"; and (4) counsel's statement that "the context here is not Kyle Chandler." Tr. Vol. 5, at 139-41. To support his argument that these statements were improper, Chandler relies principally on *Betts v. City of Chicago.*, in which the court granted the defendant's motion in limine to bar argument that the plaintiff intended to "send a message" to the City of Chicago. 784 F. Supp. 2d 1020, 1033 (N.D. Ill. 2011). The court in *Betts* noted that such argument "implies that the city has a policy or practice of condoning such misconduct, which is precisely the question at issue in Betts' *Monell* claim that is not being addressed in this trial." *Id.* Defendant also relies on *Burke v. Regaldo*, in which the court noted that the plaintiff's counsel's comment that "[a] jury award of five or ten million dollars will not have an impact on the Tulsa County Sheriff's Department" "may have crossed the line" by "urg[ing] deterrence against" a municipal entity that was immune from

---

[12] It is well established that punitive damages are not available against a municipality in a § 1983 action. *See City of Newport v. Fact Concerts,* Inc., 453 U.S. 247, 271 (1981) ("[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983."). *See also* Mo. Rev. Stat. § 537.610.3 ("No award for damages on any claim against a public entity within the scope of sections 537.600 to 537.650, shall include punitive or exemplary damages.").

punitive damages. 935 F.3d 960, 1029 (10th Cir. 2019). In his reply, Chandler also cites cases cautioning against informing jurors that a defendant would be indemnified. *See, e.g., Griffin v. Hilke*, 804 F.2d 1052, 1057 (8th Cir. 1986).

Plaintiff, on the other hand, argues that Chandler—unlike the plaintiffs in the cases cited by Chandler—opened the door to arguments about the City's budget. As Plaintiff points out, *Chandler* called the City's budget director as a surprise witness, then elicited testimony from him about the City's budget for the purpose of showing how an award of punitive damages would affect the City's budget.

"[W]hen a new trial motion is based on improper closing arguments, a new trial should be granted only if the statements are plainly unwarranted and clearly injurious and cause prejudice to the opposing party and unfairly influence a jury's verdict." *Keller Farms, Inc. v. McGarity Flying Serv., LLC*, 944 F.3d 975, 984-85 (8th Cir. 2019) (quoting *Harrison v. Purdy Bros. Trucking Co.*, 312 F.3d 346, 351 (8th Cir. 2002)). Here, although the Court does not condone every remark made by Plaintiff's counsel, the Court finds that Chandler has not satisfied this standard. First, the Court agrees with Plaintiff that it is significant that *Chandler*, not Plaintiff, chose to introduce evidence that the City would be paying the punitive damages award and thus invited the jury to consider the effect of the punitive damages award on the City's budget. Once Chandler introduced the evidence from the City budget director, it was not "plainly unwarranted" for Plaintiff to make his own arguments about the effect of punitive damages on the City's budget. It appears that Chandler's counsel made a tactical decision to emphasize the impact of punitive damages on the City's budget in hopes of a smaller award, and the Court is not inclined to award Chandler a new trial to relieve him of the consequences of that tactical decision. *See Lee v. Edwards*, 101 F.3d 805, 813 (2d Cir. 1996) (noting that defense counsel's stipulation that punitive damages award against an officer

41

would be paid by the City "presumably reflects a calculation by the defense that the jurors would be tight-fisted with the taxpayers' money" and stating, "[w]e are disinclined to relieve the defense from the consequences of that choice, or to facilitate a new trial in which the defense can repair a tactical error").[13]

Second, even assuming, *arguendo*, that some of Plaintiff's counsel's statements were improper, the Court does not find that they were not clearly injurious or prejudicial. The presence of some improper remarks during closing argument about a City's budget does not necessarily mean that a new trial is warranted. *See Burke,* 935 F.3d at 1029, 1034 (assuming, without deciding, that counsel's comment that "[a] jury award of five or ten million dollars will not have an impact on the Tulsa County Sheriff's Department" and other counsel comments were improper, but ultimately denying the motion for new trial because the defendants had not shown that the comments had improperly influenced the verdict). Here, after consideration of the trial as a whole, the Court does not believe that the comments at issue were prejudicial to Defendant or influenced the verdict. The Court also notes that Chandler's counsel had the opportunity to respond in her own closing arguments, which were after the objected-to comments. *See Keller Farms, Inc.*, 944 F.3d at 985 (noting that whether counsel had an opportunity to respond to improper closing argument may be considered in determining whether an argument was sufficiently prejudicial to warrant a new trial).

---

[13] In his reply, Chandler argues that although he called the City budget director as a witness, he was "forced . . . into a corner" because of Plaintiff's counsel's statement to the Court that if Chandler did not call the budget director as a witness, Plaintiff would do so. ECF No. 588, at 34. This argument is without merit. Had *Plaintiff*, rather than Chandler, proposed offering the testimony of the City budget director, Chandler could have objected and given the Court the opportunity to exclude the testimony, which the Court may well have done.

### IV.    MOTION FOR REMITTITUR

The Court next considers Chandler's Motion for Remittitur, in which Chandler requests remittitur of both the compensatory and punitive damages awards. "If a trial court determines that a jury award is excessive, it may order a new trial or condition a denial of a motion for a new trial on the plaintiff's acceptance of a remittitur." *Miller v. Huron Reg'l Med. Ctr.,* 936 F.3d 841, 846 (8th Cir. 2019) (citing Fed. R. Civ. P. 59). "Remittitur is not appropriate merely because the district court would have awarded a different amount than the jury." *Id.* "Rather, [t]he court orders a remittitur when it believes the jury's award is *unreasonable* on the facts." *Id.* (quotation marks omitted). "A remittitur is reserved for cases where the verdict is so grossly excessive as to shock the judicial conscience." *Id.* (internal quotation marks omitted).

### A.  Compensatory Damages

Chandler first argues that the $6.25 million in compensatory damages—$3.75 million on the § 1983 excessive force claim and $2.5 million on the wrongful death claim—greatly exceeded that which was adequate. Chandler argues that the total compensatory damages award should be reduced to no more than $1 million.

The Eighth Circuit "has consistently held that awards for pain and suffering are highly subjective and should be committed to the sound discretion of the jury, especially when the jury is being asked to determine injuries not easily calculated in economic terms." *Lee ex rel. Lee v. Borders*, 764 F.3d 966, 974 (8th Cir. 2014) (quoting *Eich v. Bd. of Regents for Cent. Mo. State Univ.*, 350 F.3d 752, 763 (8th Cir. 2003)). "In Missouri, '[t]here is no precise formula for determining whether a verdict is excessive,' but the 'ultimate test is what fairly and reasonably compensates plaintiff for the injuries sustained. *Est. of Snyder v. Julian*, 789 F.3d 883, 888 (8th Cir. 2015) (quoting *Graeff v. Baptist Temple of Springfield*, 576 S.W.2d 291, 309 (Mo. 1978)).

For his argument that the compensatory damages award here was unreasonable, Chandler relies solely on *Jones as Tr. for Handy v. City of St. Paul*, 715 F. Supp. 3d 1166, 1171 (D. Minn. 2024). In *Handy*, the jury awarded $10 million in compensatory damages for the death of the plaintiff's son. *Id.* at 1169. The court found the $10 million award shocked the conscience and remitted the award to $2.5 million. *Id.* at 1171-72. The court began by noting that it "suspect[ed]" that the jury's $10 million damages award "was largely guided by the arguments of plaintiff's counsel," who had argued for an award of $12 million *Id.* at 1171. It found that "[o]ther than the urging of plaintiff's counsel, this award bears little relation to the relevant facts." *Id.* It noted that Plaintiff had admitted that the decedent did not financially provide for his parents or siblings; that no evidence was submitted of his past earnings, future earning capacity, living expenses, legal obligations to support others, or probability of paying off existing debts; that there was no testimony about his income (aside from the fact that he worked full time) or that the was sharing his income with his family; that Handy's talents, including dry wall, house painting, and singing, had not been associated with a monetary value and were impossible to quantify; and that his funeral and burial expenses totaled less than $16,000. *Id.* The court found that the question before it was "whether plaintiff should be awarded nearly $10,000,000 for loss of comfort." *Id.* at 1172. It found that although there was evidence that the decedent was a loving and engaged member of the family who took special care of his mother and siblings, the amount awarded was "patently excessive" and "it appear[ed] that the jury was impermissibly swayed by plaintiff's understandable mental anguish and grief." *Id.* The court also found the amount was "highly speculative, which is an improper basis for a damages award." *Id.* The court concluded that "the maximum amount of compensatory damages the jury could have awarded in this case is $2,500,000." *Id.*

44

Chandler's reliance on *Handy* is misplaced for at least two reasons. First, the instant case involved types of damages that were not at issue in *Handy*. The jury in *Handy* only considered damages to compensate the plaintiff for *injuries to the decedent's family* as a result of the decedent's wrongful death. *See id.* at 1169; Pl's Ex. 7, *Handy* Jury Instructions, Instruction No. 2, ECF No. 575-7, at p. 3 (instructing the jury to "determine an amount of money that will fairly and adequately compensate [the decedent's] next of kin for the losses they suffered as the result of his death"). Here, in contrast, the jury considered damages to compensate Plaintiff both for *injuries to Mansur's family* (as permitted under Missouri's wrongful death statute) and for *injuries to Mansur himself* (as permitted under § 1983). *See* Instruction No. 14, ECF No. 530, at p.17 (instructing the jury to consider, for the Missouri wrongful death claim, "the pecuniary losses suffered by the survivors by reason of the death of Mansur Ball-Bey, funeral expenses, and the reasonable value to the survivors of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and/or support of Mansur Ball-Bey"); Instruction No. 11, ECF No. 530, at p. 13 (instructing the jury to award damages "to compensate "for any damages you find that that Mansur Ball-Bey sustained," including "the physical pain and mental suffering Mansur Ball-Bey experienced," "the nature and extent of the injury to Mansur Ball-Bey," "the lost wages that Mansur Ball-Bey would have earned over the course of his working life," and "Mansur Ball-Bey's loss of consortium with his family members.")[14] Thus, *Handy* is inapplicable with respect to the

---

[14] Defendant consented to the submission of both of these damages instructions to the jury. *See* Tr. Vol. 4, at 193 (indicating no objection to Plaintiff's Proposed Instruction No. P22, which became Instruction No. 11); *id.* at 199-203  (indicating no objection to Plaintiff's Proposed Instruction No. P26, which became Instruction No. 14, except to change "Dennis Ball-Bey" to "survivors"). *See also* Pl.'s Proposed Jury Instructions (version filed Jan. 30, 2025), ECF No. 521. The instructions were supported by citations to an Eighth Circuit model jury instruction, a Missouri model jury instruction, Eighth Circuit case law, and a Missouri statute. *See id.* The instructions were also similar to those given in other cases in this district involving both Missouri wrongful death claims and § 1983 claims. *See Torres et al. v. City of St. Louis et al.*, 4:19-CV-1525-HEA,

excessive force damages considered and awarded by the jury. As Plaintiff argues, there was evidence from which the jury could have found that Mansur's injury was the loss of his life, that Mansur was conscious for at least some time after being shot and before dying (such that he would have experienced pain and suffering), and that he was gainfully employed at the time of his death. The appropriate compensation for these additional types of damages were not addressed by the Court in *Handy*.

Second, *Handy* does not support Defendant's argument that the jury was guided more by arguments of Plaintiff's counsel than by the evidence. On the wrongful death claim, although Plaintiff's counsel requested an award of $7.5 million, the jury in this case awarded $2.5 million— exactly the same amount that was ultimately approved by the court in *Handy* for the injuries suffered by the decedent's family. In awarding Plaintiff only one third of the amount requested for compensatory damages on his wrongful death claim, the jury appears to have been guided by its own independent assessment of the evidence and not solely by the arguments of Plaintiff's counsel. With respect to the excessive force claim, the jury again appears to have been guided more by the evidence and the Court's instructions than by arguments of Plaintiff's counsel. The jury awarded only half of the amount requested by Plaintiff's counsel on the excessive force claim ($3.75 million). Indeed, the fact that the jury came to different conclusions about the amount to award on the excessive force and wrongful death claims further supports a finding that the jury carefully and independently considered the different types of damages appropriate for each claim. In sum, in contrast to *Handy*, the Court here has no suspicion that the jury was guided largely by the arguments of Plaintiff's counsel rather than by its own independent assessment of the evidence.

---

ECF No. 352, Instruction Nos. 17 & 27 (E.D. Mo. Nov. 8, 2024); *Moore et al. v. Ferguson Police Dept et al.* 4:14-CV-1443-SNLJ, ECF No. 160, Instruction Nos. 11 & 14 (E.D. Mo. Nov. 4, 2016).

Although the nature of most of the damages at issue in this case makes them necessarily difficult to quantify, the Court finds neither the award of $2.5 million on the wrongful death claim nor the award of $3.75 million on the excessive force claim shocks the conscience of the Court. Based on the evidence, and considering the Eighth Circuit's guidance that awards such as these are committed to the sound discretion of the jury, the Court finds that neither the $3.75 million award for excessive force nor the $6.25 million total award is grossly excessive. The Court will not grant the request for remittitur of compensatory damages.

### B. Punitive Damages/Aggravating Circumstances Damages

Chandler next argues that the $12.5 million total punitive damages award ($5 million on the excessive force claim and $7.5 million in aggravated damages on the wrongful death claim) is grossly excessive under the guidelines set forth by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 574-75 (1996), and *State Farm Mutual Auto Insurance Co. v. Campbell*, 538 U.S. 408, 416 (2003).[15] He argues that the punitive damages award should be reduced to no more than $2 million total.

"Punitive damages are imposed to further legitimate interests in 'punishing unlawful conduct and deterring its repetition.'" *Masters v. City of Independence*, 998 F.3d 827, 840 (8th Cir. 2021) (quoting *Gore*, 517 U.S. at 568). "An award of punitive damages that is 'grossly excessive' in relation to those interests, however, 'enter[s] the zone of arbitrariness that violates the Due Process Clause of the Fourteenth Amendment.'" *Id.* (quoting *Gore*, 517 U.S. at 568). *See also Campbell*, 538 U.S. at 416-17 ("The Due Process Clause of the Fourteenth Amendment

---

[15] Although Chandler argues that both the punitive damages on the federal claim and the aggravating circumstances damages on the Missouri wrongful death claim were excessive under the Due Process clause, he does not argue that either award was excessive under Missouri law.

47

prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor. The reason is that elementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty that a State may impose.") (internal citations and quotation marks omitted). "Punitive damages are grossly excessive if they 'shock the conscience' of the court or 'demonstrate passion or prejudice on the part of the trier of fact.'" *Adeli v. Silverstar Auto., Inc.*, 960 F.3d 452, 460 (8th Cir. 2020) (quoting *May v. Nationstar Mortg., LLC*, 852 F.3d 806, 815 (8th Cir. 2017)). Because aggravating circumstances damages are punitive in nature, the constitutional due process protections apply to aggravating circumstances damages as well as punitive damages. *See, e.g.*, *Bennett v. Owens-Corning Fiberglas Corp.*, 896 S.W.2d 464, 466 (Mo. 1995).

A court reviewing a punitive damages award must "consider three guideposts: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *Campbell*, 538 U.S. at 418 (citing *Gore*, 517 U.S. at 574-75). Chandler, relying on the first and third guideposts, argues the jury award here was too high. Plaintiff, relying on the first and second guideposts, argues that it was appropriate.[16]

The Court first considers the reprehensibility of Chandler's conduct, which is "the most important indicium of the reasonableness of a punitive damages award." *Id.* at 419 (quoting *Gore*,

---

[16] Plaintiff also argues that Defendant, having not suggested any number for punitive damages to the jury, should not be permitted to now second-guess the jury's award. Additionally, Plaintiff argues that the punitive damages amount awarded was appropriate because it related to the amount of money St. Louis City, the indemnifying party, had available to pay. Plaintiff offers no authority to support either of these arguments, and the Court finds them unpersuasive.

517 U.S. at 575). Courts determine the reprehensibility of a defendant's conduct "by considering whether: the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident." *Id.* Chandler suggests that his conduct was not reprehensible at all because the evidence showed that Mansur raised his gun toward Vaughan immediately before Chandler shot him. That argument is without merit. As discussed at length above, there was evidence sufficient to support the jury's finding that Mansur did *not* raise a gun toward Vaughan before Chandler shot him. The evidence that Chandler shot a fleeing, unarmed man in the back, absent any significant threat from him, suggests that Chandler acted with reckless disregard of the health or safety of others. Moreover, the harm at issue here was physical—resulting in death—rather than economic. Additionally, as discussed above, there was also evidence that Chandler had a history of using force against citizens, sometimes under questionable circumstances. On the other hand, the Court notes that there is no evidence that the harm *to Mansur* involved repeated actions (Chandler shot Mansur once), nor is there evidence that the harm to Mansur was the result of trickery or deceit. Additionally, there is no evidence that Chandler used force on Mansur after he had already been subdued or was unconscious, *cf., e.g.*, *Fletcher v. Tomlinson*, 895 F.3d 1010, 1013-14 (8th Cir. 2018), *Masters*, 998 F.3d at 841, or that Chandler taunted or threatened Mansur, *Est. of Davis by Ostenfeld v. Delo*, 115 F.3d 1388, 1396 (8th Cir. 1997). The reprehensibility of the conduct here thus weighs somewhat in favor of a substantial punitive damages award, but not as strongly as it might in some cases. *See Adeli*, 960 F.3d at 461 (finding that although defendant's conduct was reprehensible, "the reprehensibility should not be overstated").

The Court next considers the second guidepost: the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award, often expressed as a ratio between punitive and compensatory damages. Although there is no "simple mathematical formula" for assessing whether this guidepost supports a punitive damages award, "[s]ingle-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution." *Id.* at 461 (internal quotation marks omitted). "A higher ratio may comport with due process where a particularly egregious act has resulted in only a small amount of economic damages," whereas "a lesser ratio may be appropriate when compensatory damages are substantial." *Masters*, 998 F.3d at 841 (internal quotation marks omitted). *See also Boerner v. Brown & Williamson Tobacco Co.*, 394 F.3d 594, 603 (8th Cir. 2005) (stating, "When compensatory damages are substantial, then a lesser ratio, perhaps only equal to compensatory damages, can reach the outermost limit of the due process guarantee" and reducing a punitive damages award from $15 million to $5 million to produce a ratio of approximately 1:1 to satisfy due process requirements) (quoting *Campbell*, 538 U.S. at 425).

Plaintiff argues that the 2:1 ratio of punitive damages to compensatory damages here is in line with, or below, ratios approved in other cases. *See Masters*, 998 F.3d at 842 (approving punitive damages of $425,700 that were nine times higher than the award of compensatory damages). Defendant offers no argument with respect to this guidepost. The Court agrees with Plaintiff that the 2:1 ratio here, standing alone, does not suggest an excessive award. However, the Court notes that this case does involve a substantial compensatory damage award, a circumstance that may suggest a lower than typical ratio is required.

Finally, the Court considers the third guidepost: the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.

50

This analysis requires the Court to "compare damages awarded in similar civil cases." *Ondrisek v. Hoffman*, 698 F.3d 1020, 1030 (8th Cir. 2012). Chandler argues that he has been unable to find any punitive damages award in an excessive force/wrongful death case in the Eighth Circuit as high as the $12.5 million awarded here. He states that even under circumstances in which plaintiffs have suffered the loss of a child, punitive damages have not exceeded $1 million to $2 million in this circuit. *See Jones as Tr. for Handy v. City of St. Paul*, 715 F. Supp. 3d 1166, 1171 (D. Minn. 2024) (leaving undisturbed a punitive damages award of $1.5 million in an excessive force/wrongful death case); *Tanner v. City of Sullivan*, No. 4:11-CV-1361 NAB, 2013 WL 3287068, at *2 (E.D. Mo. June 28, 2013) (denying motion for remittitur of aggravating circumstances damages awards of $1,000,000, $250,000, $150,000, and $150,000 against four officers in a state law wrongful death case based on a jail suicide).

Plaintiff offers no arguments with respect to this guidepost and directs the Court to no comparable cases involving punitive damages awards. Through its own research, the Court has identified some cases outside of the Eighth Circuit involving punitive damages awards of slightly more than $2 million in excessive force/wrongful death cases. *See Hardin v. City of Birmingham*, No. 2:21-CV-1002-AMM, 2024 WL 3914835, at *11 (N.D. Ala. Aug. 2, 2024) (punitive damages award of $2.75 million in a wrongful death action was not unconstitutionally excessive), *appeal dismissed sub nom. Hardin v. Birmingham, City of*, No. 24-12708-DD, 2025 WL 518229 (11th Cir. Jan. 30, 2025); *Thomas v. Cannon*, 289 F. Supp. 3d 1182, 1212 (W.D. Wash. 2018) (punitive damages awards of $3 million, $2 million, and $1.5 million against three officers in a wrongful death case did not violate due process). However, the only case the Court has identified involving awards as high as the one in this case involved substantially more reprehensible conduct than was present here. *See Est. of Moreland v. Dieter*, 395 F.3d 747, 756 (7th Cir. 2005) (finding punitive

damages awards of $15 million and $12.5 million against two officers were not unconstitutionally excessive where the officers threw a handcuffed jail detainee's head against concrete, taunted him, threw cold water on him, strapped him to a restraint chair and sprayed him with pepper spray in the face, refused to take him to the hospital because their shift was ending, and left him strapped to chair with his medical needs unattended, after which he was found dead from his injuries). The third guidepost strongly suggests that the award here was excessive.

After consideration of all three guideposts, the Court finds that the award of $12.75 million in punitive damages against Chandler is grossly excessive and inconsistent with the requirements of due process. As to the first guidepost, although Chandler's conduct was sufficiently reprehensible to warrant *some* punitive damages, the reprehensibility should not be overstated. Chandler shot Mansur one time, Chandler did not threaten or taunt Mansur, and Chandler did not continue to use force on Mansur after Mansur had already been subdued. As to the second guidepost, especially in light of the substantial compensatory damages award in this case, the Court finds that a significantly lower ratio of punitive to compensatory damages is warranted than in the typical case. As to the third guidepost, Plaintiff directs the Court to no similar cases permitting a punitive damages award nearly as high as this one, nor has the Court identified any. To the contrary, the punitive damages awards against individual officers for similar cases in this circuit have been below $2 million. Chandler's conduct was not so reprehensible that it warrants a punitive damages award that is more than eight times the amount previously awarded in excessive force/wrongful death cases in this circuit. The Court finds that the maximum amount of punitive damages the jury could have awarded, consistent with due process, was $2 million.

Where, as here, the Court finds that a punitive damages award must be reduced based on constitutional considerations, the Court need not offer the plaintiff the option of accepting the

reduced award or opting for a new trial. *See Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1050 (8th Cir. 2002) (noting that although "the traditional remedy of remittitur does require the plaintiff's consent in order to comport with the Seventh Amendment right to a jury trial, the court's mandatory review of a punitive damages award does not implicate the Seventh Amendment" and "[t]he plaintiff's consent to a constitutional reduction of a punitive damages award is 'irrelevant' because the court must decide this issue as a matter of law"; affirming the district court's reduction of punitive damages award without giving the plaintiff the option of a new trial). *See also Adeli v. Silverstar Auto., Inc.*, No. 5:17-CV-05224, 2019 WL 481179, at *5 (W.D. Ark. Feb. 7, 2019) ("The Court need not offer [plaintiff] the opportunity to reject the lesser amount [of punitive damages] in favor of a new trial because his consent is irrelevant. The Court's mandatory duty to reduce an unconstitutional verdict renders a remittitur improper.") (internal citation omitted), *aff'd*, 960 F.3d 452 (8th Cir. 2020). Accordingly, the Court will reduce the amount of punitive damages without offering Plaintiff the option of a new trial.

V.   CONCLUSION

For all of the above reasons,

**IT IS HEREBY ORDERED** that Defendant Kyle Chandler's Motion for New Trial, Motion for Remittitur, and Renewed Motion for Judgment as a Matter of Law [ECF No. 549] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

Defendant's Motion for New Trial is **DENIED**.

Defendant's Renewed Motion for Judgment as a Matter of Law is **DENIED**.

Defendant's Motion for Remittitur is **GRANTED** to the extent that the punitive damages award on the excessive force claim will be reduced from $5 million to $1 million, and the

53

aggravating circumstances damages award will be reduced from $7.5 million to $1 million. The

Motion for Remittitur is **DENIED** in all other respects.

    An amended judgment will be entered separately.

                                                    _____

                                                SHIRLEY PADMORE MENSAH
                                                UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of February, 2026.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS BALL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CV-1364-SPM |
| | ) | |
| KYLE CHANDLER, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED JUDGMENT**

In accordance with the Memorandum Order and Opinion entered on February 6, 2026, the Court amends the previously entered Judgment as follows:

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED** that in accordance with the Memorandum and Order entered on November 16, 2020 (ECF No. 103), Plaintiff's assault and battery claims against Defendant Kyle Chandler and Defendant Ronald Vaughan were dismissed.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that in accordance with the Memorandum and Order entered on November 16, 2020 (ECF No. 104), Plaintiff's claims against Defendant Samuel Dotson in his official capacity, Plaintiff's claims against Defendant Kyle Chandler in his official capacity, Plaintiff's claims against Defendant Ronald Vaughan in his official capacity, and Plaintiff's claim for injunctive relief were dismissed.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that in accordance with the stipulation entered on August 4, 2023 (ECF No. 325), Plaintiff's claims against Defendant Ronald Vaughan were dismissed.

1

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that in accordance with the Memorandum and Order entered on September 7, 2023 (ECF No. 347), summary judgment was entered in favor of Defendant City of St. Louis and against Plaintiff Dennis Ball-Bey on Counts III and V.

**IT IS FURTHER ORDERED, AJDUDGED, and DECREED** that pursuant to the jury verdict, judgment is entered in favor of Plaintiff and against Defendant Kyle Chandler on Count I (excessive use of force) and Count II (wrongful death).

**IT IS FINALLY ORDERED, ADJUDGED, and DECREED** that in accordance with the jury verdict, as modified by the Memorandum Opinion and Order entered on February 6, 2026, Plaintiff Dennis Ball-Bey is awarded damages as follows:

| | |
|---|---|
| Compensatory Damages (Count I – excessive use of force): | $3,750,000.00 |
| Punitive Damages (Count I – excessive use of force): | $1,000,000.00 |
| Compensatory Damages (Count I – wrongful death): | $2,500,000.00 |
| Punitive Damages (Count II – wrongful death): | $1,000,000.00 |

_____

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated: February 6, 2026.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS BALL-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 4:18-CV-01364-SPM |
| v. | ) | |
| | ) | |
| KYLE CHANDLER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF APPEAL

Plaintiff Dennis Ball-Bey hereby gives notice that he appeals this Court's Order (ECF No. 616) of February 6, 2026, as well as the Amended Judgment (ECF No. 617) of February 6, 2026, to the United States Court of Appeals for the Eighth Circuit.


Dated:  March 9, 2026                      **KHAZAELI WYRSCH, LLC**

                                           */s/ John M. Waldron*
                                           James R. Wyrsch, 53197MO
                                           Javad M. Khazaeli, 53735MO
                                           John M. Waldron, 70401MO
                                           911 Washington Avenue, Suite 211
                                           St. Louis, Missouri  63101
                                           (314) 288-0777
                                           (314) 400-7701 (Fax)
                                           james.wyrsch@kwlawstl.com
                                           javad.khazaeli@kwlawstl.com
                                           jack.waldron@kwlawstl.com


                                           THE LEGAL SOLUTIONS GROUP
                                           Jermaine Wooten, 59338MO
                                           10250 Halls Ferry
                                           St. Louis, Missouri  63136
                                           (314) 736-5770
                                           (314) 736-5772 (Fax)

1

wootenjlaw1@aol.com

Attorneys for Plaintiff

2

US Court of Appeals - Eighth Circuit
NOA Supplement

**Caption:**                                                                                    **USCA#:**

Ball-Bey v. Chandler

**Case Number:**

4:18-CV-01364-SPM

**Plaintiff:**                                                     **Defendant:**

DENNIS BALL-BEY                                      KYLE CHANDLER

**Attorney:**                                                     **Attorney:**

See Docket Sheet                                       See Docket Sheet

**Court Reporter(s):**                                   Please return files and documents to:

Shannon White                                            Clerk for Eastern District of Missouri

                                                                  Person to contact about the appeal:

                                                                  Jason Dockery at 244-7900

| Length of trial | Fee: | IFP: | Pending IFP Motion |
|---|---|---|---|
| 5 Days | Paid | None | No |

| Counsel: | Pending Motions: | Local Interest: | Simultaneous Release: |
|---|---|---|---|
| Yes | Yes | No | No |

**Criminal Cases/Prisoner Pro Se  Cases Only:**

Is defendant incarcerated?:   No      Where:

**Please list all other defendants in this case if there were multiple defendants:**